604 So.2d 1110 (1992)
In re AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE.
No. 79613.
Supreme Court of Florida.
July 16, 1992.
Rehearing Denied September 30, 1992.
Benjamin H. Hill, III, President, Tampa, Alan T. Dimond, President-elect, Miami, and John F. Harkness, Jr., Executive Director, Tallahassee, on behalf of The Florida Bar, and Clifford L. Somers, Chair, Civ. Procedure Rules Committee, Tampa, for petitioner.
Richard Yale Feder, Circuit Judge, Eleventh Judicial Circuit, Miami, Honorable John L. Phillips, Circuit Judge, Fifteenth Judicial Circuit, West Palm Beach, Henry P. Trawick, Jr. of Trawick, Hammersley & Valentine, P.A., Sarasota, and Anthony C. Musto, Chair, Florida Rules of Judicial Admin. Committee, Coral Gables, responding.
PER CURIAM.
The Civil Procedure Rules Committee of The Florida Bar has submitted its quadrennial report of proposed changes in the Florida Rules of Civil Procedure. After full consideration of the recommendations of the Civil Rules Committee, the action of the Board of Governors, and the comments of interested persons, we amend the rules as set forth in the Appendix.[1] While we have adopted in large part the committee's recommendations, we have modified the proposed rules where we have deemed necessary. At this time we do not accept proposed rule 1.070(j) and proposed form 1.902(c) (service by mail); the proposed amendments to rules 1.490 (masters), 1.491 (child support enforcement), and 1.630 (extraordinary remedies); or the committee's proposal to move rules 1.700-1.830, Rules Common to Mediation and Arbitration, to the Rules of Judicial Administration. We delete rule 1.442 pursuant to this Court's opinion in Timmons v. Combs, No. 78,272, ___ So.2d ___ (Fla. July 9, 1992).
A brief explanation of additional substantive changes to the rules follows:
Subdivisions (b) and (f) of rule 1.080 are amended to allow service of pleadings and papers by facsimile (fax).
Subdivision (a) of rule 1.200 is amended to allow a party to set a case management conference in the same manner as a party may set a hearing on a motion. Subdivision (c) of the same rule is amended to remove the mandatory language and make the notice requirement for a case management conference the same as that for a hearing on a motion, i.e., reasonable notice.
Subdivision (b)(4)(D) of rule 1.310, Depositions Upon Oral Examination, is amended to clarify an ambiguity in whether the cost of the videotape copy is to be borne by the party requesting the videotaping or by the party requesting the copy. The party requesting the copy must bear the cost of that copy.
Rule 1.400, Publication of Deposition, is repealed to conform with the practice under rule 1.310(f)(3) of not filing depositions as a routine matter.
Subdivision (f) of rule 1.420, Dismissal of Actions, is amended to provide for automatic dissolution of lis pendens on claims that are settled even though the entire action may not have been dismissed.
Subdivision (g)(2) of rule 1.431, Trial Jury, is amended to minimize the inequity in numbers of peremptory challenges allowed in selecting alternate jurors in actions with multiple parties.
Subdivision (c) of rule 1.510, Summary Judgment, is amended to require timely service of opposing affidavits, whether by mail or by delivery, before the day of the hearing on a motion for summary judgment.
In rule 1.530(e), Motions for New Trial and Rehearing; Amendments to Judgments, the reference to assignments of error is eliminated to conform to amendments *1111 in the Florida Rules of Appellate Procedure.
In rule 1.540(b), Relief from Judgment, Decrees, or Orders, subdivision (b) is amended to remove the 1-year limitation for a motion based on fraud in financial affidavits used in marital cases.
In rule 1.611, the title is changed from Dissolution of Marriage (Divorce) to Marital and Post-Marital Proceedings. Subdivision (a) is reworded to explain when and how a financial affidavit must be filed.
Rule 1.612, Termination of Pregnancies of Unmarried Minors, is deleted because the related parental consent statute was declared unconstitutional in In re T.W., 551 So.2d 1186 (Fla. 1989).
In subdivision (b) of form 1.902, Summons, the title is amended to eliminate confusion by the sheriffs in effecting service.
Form 1.907(b), Garnishment, is added to effectuate section 77.0305, Florida Statutes (1991). It provides for a continuing writ of garnishment against salary or wages.
Form 1.931, Jurisdictional Statement  Law; Actions for Damages, is repealed because of the inability to ensure the form's correctness at any given time because of statutory changes in the courts' jurisdictional limits.
Subdivision (b) of form 1.988, Judgment After Default, is amended to clarify that post-judgment interest only applies to the total of the principal, court costs, and attorneys' fees, if applicable.
Standard Interrogatories, Form 7 (Marriage Dissolution  Interrogatories to Party), is extensively modified at the request of the Family Law Section of The Florida Bar.
The appended amended and new provisions of the Florida Rules of Civil Procedure, including new and amended forms, will become effective at midnight on January 1, 1993. Deletions are indicated by the use of struck-through type; new language is indicated by underscoring. Committee comments are included for explanation and guidance only and are not adopted as an official part of the rules.
It is so ordered.
BARKETT, C.J. and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.

APPENDIX

FLORIDA RULES OF CIVIL PROCEDURE

 TABLE OF CONTENTS
1.010. SCOPE AND TITLE OF RULES
[AMENDED]
 [Editorial changes only]
1.030. NONVERIFICATION OF PLEADINGS
[NO CHANGE]
1.040. ONE FORM OF ACTION
[AMENDED]
 [Editorial changes only]
1.050. WHEN ACTION COMMENCED
[NO CHANGE]
1.060. TRANSFERS OF ACTIONS
[AMENDED]
 [Editorial changes only]
1.070. PROCESS [AMENDED]
1.080. SERVICE OF PLEADINGS AND
PAPERS [AMENDED]
1.090. TIME [AMENDED]
 [Editorial changes only]
1.100. PLEADINGS AND MOTIONS
[AMENDED]
1.110. GENERAL RULES OF PLEADING
[AMENDED]
 [Editorial changes only]
1.120. PLEADING SPECIAL MATTERS
[AMENDED]
 [Editorial changes only]
1.130. ATTACHING COPY OF CAUSE
OF ACTION AND EXHIBITS [AMENDED]
 [Editorial changes only]
1.140. DEFENSES [AMENDED]
 [Editorial changes only]
1.150. SHAM PLEADINGS [AMENDED]
 [Editorial changes only]

*1112
1.160. MOTIONS [NO CHANGE]
1.170. COUNTERCLAIMS AND CROSS CLAIMSCROSSCLAIMS [AMENDED]
 [Editorial changes only]
1.180. THIRD-PARTY PRACTICE [AMENDED]
 [Editorial changes only]
1.190. AMENDED AND SUPPLEMENTAL PLEADINGS [AMENDED]
 [Editorial changes only]
1.200. PRETRIAL PROCEDURE [AMENDED]
1.210. PARTIES [AMENDED]
 [Editorial changes only]
1.220. CLASS ACTIONS [AMENDED]
 [Editorial changes only]
1.221. CONDOMINIUM ASSOCIATIONS [AMENDED]
 [Editorial changes only]
1.222. MOBILE HOMEOWNERS' ASSOCIATIONS [AMENDED]
 [Editorial changes only]
1.230. INTERVENTIONS [AMENDED]
 [Editorial changes only]
1.240. INTERPLEADER [AMENDED]
 [Editorial changes only]
1.250. MISJOINDER AND NON-JOINDERNONJOINDER OF PARTIES [AMENDED]
 [Editorial changes only]
1.260. SURVIVOR; SUBSTITUTION OF PARTIES [AMENDED]
 [Editorial changes only]
1.270. CONSOLIDATION; SEPARATE TRIALS [AMENDED]
 [Editorial changes only]
1.280. GENERAL PROVISIONS GOVERNING DISCOVERY [AMENDED]
 [Editorial changes only]
1.290. DEPOSITIONS BEFORE ACTION OR PENDING APPEAL [AMENDED]
 [Editorial changes only]
1.300. PERSONS BEFORE WHOM DEPOSITIONS MAY BE TAKEN [AMENDED]
 [Editorial changes only]
1.310. DEPOSITIONS UPON ORAL EXAMINATION [AMENDED]
1.320. DEPOSITIONS UPON WRITTEN QUESTIONS [AMENDED]
 [Editorial changes only]
1.330. USE OF DEPOSITIONS IN COURT PROCEEDINGS [AMENDED]
 [Editorial changes only]
1.340. INTERROGATORIES TO PARTIES [AMENDED]
 [Editorial changes only]
1.350. PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON LAND FOR
INSPECTION AND OTHER PURPOSES [AMENDED]
 [Editorial changes only]
1.351. PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION
[AMENDED]
 [Editorial changes only]
1.360. EXAMINATION OF PERSONS [AMENDED]
 [Editorial changes only]
1.370. REQUESTS FOR ADMISSION [AMENDED]
 [Editorial changes only]
1.380. FAILURE TO MAKE DISCOVERY; SANCTIONS [AMENDED]
 [Editorial changes only]
1.390. DEPOSITIONS OF EXPERT WITNESSES [AMENDED]
 [Editorial changes only]
1.400. PUBLICATION OF DEPOSITION [DELETED]
1.410. SUBPOENA [AMENDED]
 [Editorial changes only]
1.420. DISMISSAL OF ACTIONS [AMENDED]
1.430. DEMAND FOR JURY TRIAL; WAIVER [AMENDED]
 [Editorial changes only]
1.431. TRIAL JURY [AMENDED]
1.432. DISQUALIFICATION OF JUDGE [NO CHANGE]
1.440. SETTING ACTION FOR TRIAL [AMENDED]
 [Editorial changes only]

*1113
1.442. OFFER OF JUDGMENT [AMENDED]
1.450. EVIDENCE [AMENDED]
 [Editorial changes only]
 1.460. CONTINUANCES [AMENDED]
 [Editorial changes only]
1.470. EXCEPTIONS UNNECESSARY [AMENDED]
 [Editorial changes only]
1.480. MOTION FOR A DIRECTED VERDICT [AMENDED]
 [Editorial changes only]
1.481. VERDICTS [NO CHANGE]
1.490. MASTERS [AMENDED]
 [Editorial changes only]
1.491. CHILD SUPPORT ENFORCEMENT [AMENDED]
 [Editorial changes only]
1.500. DEFAULTS AND FINAL JUDGMENTS THEREON [AMENDED]
 [Editorial changes only]
1.510. SUMMARY JUDGMENT [AMENDED]
1.520. VIEW [AMENDED]
 [Editorial changes only]
1.530. MOTIONS FOR NEW TRIAL AND REHEARING; AMENDMENTS OF
JUDGMENTS [AMENDED]
1.540. RELIEF FROM JUDGMENT, DECREES, OR ORDERS [AMENDED]
1.550. EXECUTIONS AND FINAL PROCESS [AMENDED]
 [Editorial changes only]
1.560. DISCOVERY IN AID OF EXECUTION [AMENDED]
 [Editorial changes only]
1.570. ENFORCEMENT OF FINAL JUDGMENTS [AMENDED]
 [Editorial changes only]
1.580. WRIT OF POSSESSION [AMENDED]
 [Editorial changes only]
1.590. PROCESS IN BEHALF OF AND AGAINST PERSONS NOT PARTIES
[AMENDED]
 [Editorial changes only]
1.600. DEPOSITS IN COURT [NO CHANGE]
1.610. INJUNCTIONS [AMENDED]
 [Editorial changes only]
1.611. DISSOLUTION OF MARRIAGE (DIVORCE)MARITAL AND POST-MARITAL
PROCEEDINGS [AMENDED]
1.612. TERMINATION OF PREGNANCIES OF UNMARRIED MINORS [DELETED]
1.620. RECEIVERS [AMENDED]
 [Editorial changes only]
1.625. PROCEEDINGS AGAINST SURETY ON JUDICIAL BONDS [NO CHANGE]
1.630. EXTRAORDINARY REMEDIES
 [Editorial changes only]
1.650. MEDICAL MALPRACTICE PRESUIT SCREENING RULES [AMENDED]
1.700. RULES COMMON TO MEDIATION ORAND ARBITRATION [AMENDED]
 [Editorial changes only]
1.710. MEDIATION RULES [AMENDED]
 [Editorial changes only]
1.720. MEDIATION PROCEDURES [AMENDED]
 [Editorial changes only]
1.730. COMPLETION OF MEDIATION [AMENDED]
 [Editorial changes only]
1.740. FAMILY MEDIATION [NO CHANGE]
1.750. SMALL CLAIMS MATTERS [NO CHANGE]
1.800. CASE ELIGIBILITY FOR COURT-ORDERED NON-BINDING ARBITRATION
[AMENDED]
 [Editorial changes only]
1.810. SELECTION, QUALIFICATION, TRAINING, AND COMPENSATION OF
ARBITRATORS [AMENDED]
 [Editorial changes only]
1.820. HEARING PROCEDURES FOR NON-BINDING ARBITRATION [AMENDED]
 [Editorial changes only]

*1114
1.830. VOLUNTARY BINDING ARBITRATION [AMENDED]
 [Editorial changes only]
1.900. FORMS [AMENDED]
 [Editorial changes only]
1.901. CAPTION [AMENDED]
 [Editorial changes only]
1.902. SUMMONS [AMENDED]
1.903. CROSS-CLAIMCROSSCLAIM SUMMONS [AMENDED]
 [Editorial changes only]
1.904. THIRD-PARTY SUMMONS [NO CHANGE]
1.905. ATTACHMENT [AMENDED]
 [Editorial changes only]
1.906. ATTACHMENT  FORECLOSURE [AMENDED]
 [Editorial changes only]
1.907. GARNISHMENT [AMENDED]
1.908. REPLEVIN [AMENDED]
 [Editorial changes only]
1.909. DISTRESS [AMENDED]
 [Editorial changes only]
1.910. SUBPOENA FOR TRIAL [AMENDED]
 [Editorial changes only]
1.911. SUBPOENA DUCES TECUM FOR TRIAL [AMENDED]
 [Editorial changes only]
1.912. SUBPOENA FOR DEPOSITION [AMENDED]
 [Editorial changes only]
1.913. SUBPOENA DUCES TECUM FOR DEPOSITION [AMENDED]
 [Editorial changes only]
1.914. EXECUTION [NO CHANGE]
1.915. WRIT OF POSSESSION [AMENDED]
 [Editorial changes only]
1.916. REPLEVIN ORDER TO SHOW CAUSE [AMENDED]
 [Editorial changes only]
1.917. NE EXEAT [AMENDED]
 [Editorial changes only]
1.918. LIS PENDENS [AMENDED]
 [Editorial changes only]
1.919. NOTICE OF ACTION; CONSTRUCTIVE SERVICE;  NO PROPERTY
[AMENDED]
 [Editorial changes only]
1.920. NOTICE OF ACTION; CONSTRUCTIVE SERVICE  PROPERTY [AMENDED]
 [Editorial changes only]
1.921. NOTICE OF PRODUCTION FROM NON-PARTY [AMENDED]
 [Editorial changes only]
1.922. SUBPOENA DUCES TECUM WITHOUT DEPOSITION [AMENDED]
 [Editorial changes only]
1.923. EVICTION SUMMONS/RESIDENTIAL [NO CHANGE]
1.931. JURISDICTIONAL STATEMENT  LAW; ACTIONS FOR DAMAGES
[DELETED]
1.932. OPEN ACCOUNT [NO CHANGE]
1.933. ACCOUNT STATED [NO CHANGE]
1.934. PROMISSORY NOTE [AMENDED]
 [Editorial changes only]
1.935. GOODS SOLD [NO CHANGE]
1.936. MONEY LENT [NO CHANGE]
1.937. REPLEVIN [AMENDED]
 [Editorial changes only]
1.938. FORCIBLE ENTRY AND DETENTION [AMENDED]
 [Editorial changes only]
1.939. CONVERSION [AMENDED]
 [Editorial changes only]
1.940. EJECTMENT [AMENDED]
 [Editorial changes only]
1.941. SPECIFIC PERFORMANCE [AMENDED]
 [Editorial changes only]
1.942. CHECK [AMENDED]
 [Editorial changes only]
1.943(a). PETITION FOR DISSOLUTION OF MARRIAGE [AMENDED]
 [Editorial changes only]

*1115
1.943(b). PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE
1.943(c). CERTIFICATE OF CORROBORATING WITNESS
1.943(d). FINANCIAL AFFIDAVIT FOR SIMPLIFIED DISSOLUTION OF
MARRIAGE
1.943(e). PROPERTY SETTLEMENT AGREEMENT FOR SIMPLIFIED
DISSOLUTION OF MARRIAGE
 [(b) THROUGH (e) AMENDED AND CONSOLIDATED WITH 1.943(a)]
 [Editorial changes only]
1.944. MORTGAGE FORECLOSURE [AMENDED]
 [Editorial changes only]
1.945. MOTOR VEHICLE NEGLIGENCE [AMENDED]
 [Editorial changes only]
1.946. MOTOR VEHICLE NEGLIGENCE WHEN PLAINTIFF IS UNABLE TO
DETERMINE WHO IS RESPONSIBLE [AMENDED]
 [Editorial changes only]
1.947. TENANT EVICTION [NO CHANGE]
1.948. THIRD-PARTY COMPLAINT. GENERAL FORM [AMENDED]
 [Editorial changes only]
1.949. IMPLIED WARRANTY [AMENDED]
 [Editorial changes only]
1.951. FALL-DOWN NEGLIGENCE COMPLAINT [AMENDED]
 [Editorial changes only]
1.960. BOND. GENERAL FORM [AMENDED]
1.961. VARIOUS BOND CONDITIONS [AMENDED]
 [Editorial changes only]
1.965. DEFENSE. STATUTE OF LIMITATIONS [AMENDED]
 [Editorial changes only]
1.966. DEFENSE. PAYMENT [NO CHANGE]
1.967. DEFENSE. ACCORD AND SATISFACTION [NO CHANGE]
1.968. DEFENSE. FAILURE OF CONSIDERATION [AMENDED]
 [Editorial changes only]
1.969. DEFENSE. STATUTE OF FRAUDS [AMENDED]
 [Editorial changes only]
1.970. DEFENSE. RELEASE [NO CHANGE]
1.971. DEFENSE. MOTOR VEHICLE CONTRIBUTORY NEGLIGENCE [AMENDED]
 [Editorial changes only]
1.972. DEFENSE. ASSUMPTION OF RISK [AMENDED]
 [Editorial changes only]
1.975. FINANCIAL STATEMENT FOR DISSOLUTION OF MARRIAGE (DIVORCE)
[AMENDED]
 [Editorial changes only]
1.976. STANDARD INTERROGATORIES [AMENDED]
 [Editorial changes only]
1.980. DEFAULT [NO CHANGE]
1.982. CONTEMPT NOTICE [AMENDED]
 [Editorial changes only]
1.983. PROSPECTIVE JUROR QUESTIONNAIRE [AMENDED]
 [Editorial changes only]
1.984. JUROR VOIR DIRE QUESTIONNAIRE [AMENDED]
 [Editorial changes only]
1.985. STANDARD JURY INSTRUCTIONS [AMENDED]
 [Editorial changes only]
1.986. VERDICTS [AMENDED]
 [Editorial changes only]
1.988. JUDGMENT AFTER DEFAULT [AMENDED]
 [Editorial changes only]
1.989. JUDGMENT DISMISSING FOR LACK OF PROSECUTION [AMENDED]
 [Editorial changes only]
1.990. FINAL JUDGMENT FOR PLAINTIFF. JURY ACTION FOR DAMAGES
[AMENDED]
 [Editorial changes only]

*1116
1.991. FINAL JUDGMENT FOR DEFENDANT. JURY ACTION FOR DAMAGES
[AMENDED]
 [Editorial changes only]
1.993. FINAL JUDGMENT FOR PLAINTIFF. GENERAL FORM. NON-JURY [NO
CHANGE]
1.994. FINAL JUDGMENT FOR DEFENDANT. GENERAL FORM. NON-JURY
[AMENDED]
 [Editorial changes only]
1.995(a). FINAL JUDGMENT DISSOLVING MARRIAGE [AMENDED]
 [Editorial changes only]
1.995(b). FINAL JUDGMENT DISSOLVING MARRIAGE UNDER
SIMPLIFIED DISSOLUTION PROCEDURE [AMENDED AND CONSOLIDATED WITH
1.995(a)]
 [Editorial changes only]
1.996. FINAL JUDGMENT OF FORECLOSURE [AMENDED]
1.997. CIVIL COVER SHEET [NO CHANGE]
1.998. FINAL DISPOSITION FORM [NO CHANGE]
APPENDIX  INTERROGATORIES [AMENDED]

RULE 1.010. SCOPE AND TITLE OF RULES
These rules apply to all actions of a civil nature and all special statutory proceedings in the circuit courts and county courts except those to which the probate and guardianship Florida Probate rRules or the summary claims procedure Small Claims rRules apply. The form, content, procecure, and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceeding unless these rules specifically provide to the contrary. These rules shall be construed to secure the just, speedy, and inexpensive determination of every action. These rules shall be known as the Florida Rules of Civil Procedure and abbreviated as Fla.R.Civ.P.
RULE 1.040. ONE FORM OF ACTION
There shall be one form of action to be known as "civil action"."
RULE 1.060. TRANSFERS OF ACTIONS
(a) Transfers of Courts. If it should appear at any time that an action is pending in the wrong court of any county, it may be transferred to the proper court within said county by the same method as provided in Rrule 1.170(j).
(b) Wrong Venue. When any action is filed laying venue in the wrong county, the court may transfer the action in the manner provided in Rrule 1.170(j) to the proper court in any county where it might have been brought in accordance with the venue statutes. When the venue might have been laid in two2 or more counties, the person bringing the action may select the county to which the action is transferred, but if no such selection is made, the matter shall be determined by the court.
(c) Method. The service charge of the clerk of the court to which an action is transferred under this rule shall be paid by the party who commenced the action within 30 days from the date the order of transfer is entered, subject to taxation as provided by law when the action is determined. If the service charge is not paid within the 30 days, the action shall be dismissed without prejudice by the court that entered the order of transfer.

Court Commentary
1984 Amendment. Because of confusion in some circuits, subdivision (c) is added:
(a) to specify who is to pay the clerk's service charge on transfer;
(b) to provide for the circumstance in which the service charge is not paid; and
(c) to require the dismissal to be by the court which entered the order of transfer.
RULE 1.070. PROCESS
(a) Summons  ; Issuance. Upon the commencement of the action, summons or other process authorized by law shall be issued forthwith by the clerk or judge under his the clerk's or the judge's signature *1117 and the seal of the court and delivered for service without praecipe.
(b) Service  ; By Whom Made. Service of process may be made by an officer authorized by law to serve process, but the court may appoint any competent person not interested in the action to serve the process. When so appointed, the person serving process shall make proof of service by affidavit promptly and in any event within the time during which the person served must respond to the process. Failure to make proof of service shall not affect the validity of the service. When any process is returned not executed or returned improperly executed for any defendant, the party causing its issuance shall be entitled to such additional process against the unserved party as is required to effect service.
(c) Sameervice; Numerous Defendants. If there is more than one 1 defendant, the clerk or judge shall issue as many writs of process against the several defendants as may be directed by the plaintiff or his the plaintiff's attorney.
(d) Same  Proceed Against Those Served. When action is brought against two or more defendants and process is served on one or more, but not on all, and the person making service returns that any defendant not served does not reside in the county, the plaintiff may proceed against the defendants served, noting the fact of non-service as to the defendants not served or the plaintiff at his option may order additional process to be delivered to the sheriffs of the counties in which such defendants reside to be served on them. Nothing in this rule shall be construed to prevent the plaintiff from bringing action thereafter against any defendant not served for the same claim but the plaintiff shall have satisfaction of only one judgment rendered for the same claim.
(e)(d) Service by Publication. Service of process by publication may be made as provided by statute.
(f)(e) Copies of Initial Pleading for Persons Served. At the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made. The date and hour of service shall be endorsed on the original process and all copies of it by the person making the service. The party seeking to effect personal service shall furnish the person making service with the necessary copies. When the service is made by publication, copies of the initial pleadings shall be furnished to the clerk and mailed by him the clerk with the notice of action to all parties whose addresses are stated in the initial pleading or sworn statement.
(g)(f) Service of Orders. If personal service of a court order is to be made, the original order shall be filed with the clerk, who shall certify or verify a copy of it without charge. The person making service shall use the certified copy instead of the original order in the same manner as original process in making service.
(h)(g) Fees  ; Service of Pleadings. The statutory compensation for making service shall not be increased by the simultaneous delivery or mailing of the copy of the initial pleading in conformity with this rule.
(i)(h) Pleading Basis. When service of process is to be made under statutes authorizing service on nonresidents of Florida, it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service.
(j)(i) Summons  ; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).

Committee Notes
1971 Amendment. Subdivisions (f), (g), and (h) of the existing rule are combined because they deal with the same subject matter. The "notice of suit" is changed to *1118 "notice of action" to comply with the statutory change in 1967. Subdivision (g) is new and provides for substitution of a certified or verified copy of a court order that must be served. The original is to be filed with the clerk and not removed. Subdivision (i) is relettered to (h).
1972 Amendment. Subdivision (a) is amended to require the officer issuing the process to sign it and place the court seal on it. This was required by former § section 47.04, F.S. Florida Statutes, and is essential to the validity of process. When the statute was repealed these procedural requirements were omitted and inadvertently not included in the rule. Subdivision (b) is changed to eliminate the predicate for court appointment of a person to make service of process. This makes the rule more flexible and permits the court to appoint someone to make service at any appropriate time.
1980 Amendment. Subdivision (i) is added in 1980 to eliminate pleading evidentiary facts for "long arm" service of process. It is based on the long standing principle in service by publication that pleading the basis for service is sufficient if it is done in the language of the statute. See McDaniel v. McElvy, 91 Fla. 770, 108 So. 820 (1926). Confusion has been generated in the decisions under the "long arm" statute. See Wm. E. Strasser Construction Corp. v. Linn, 97 So.2d 458 (Fla. 1957); Hartman Agency, Inc. v. Indiana Farmers Mutual Insurance Co., 353 So.2d 665 (Fla. 2d DCA 1978),; and Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978). The amendment is not intended to change the distinction between pleading and proof as enunciated in Elmex Corp. v. Atlantic Federal Savings & Loan Association of Fort Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976). It is intended to eliminate the necessity of pleading evidentiary facts as well as those of pecuniary benefit that were used in the Elmex case. The amendment is limited to pleading. If the statutory allegations are attacked by motion, the pleader must then prove the evidentiary facts to support the statutory requirements. If denied in a pleading, the allegations must be proved at trial. Otherwise, the allegations will be admitted under Rrule 1.110(e).
1988 Amendment. Subdivision (j) has been added to require plaintiffs to cause service of original summons within 120 days of filing the complaint absent good cause for further delay.
1992 Amendment. Subdivision (d) is repealed because the reason for the rule ceased when process was permitted to run beyond county boundaries. The amendment to subdivision (j) (redesignated as (i)) is intended to clarify that a dismissal under this subdivision is not to be considered as an adjudication on the merits under rule 1.420(a)(1) of these rules.
RULE 1.080. SERVICE OF PLEADINGS AND PAPERS
(a) Service; When Required. Unless the court otherwise orders, every pleading subsequent to the initial pleading and every other paper filed in the action, except applications for witness subpoena, shall be served on each party. No service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them shall be served in the manner provided for service of summons.
(b) Sameervice; How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy to him or by mailing it to him the attorney or the party at his the last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean be complete upon: (1) handing it to the attorney or to the party or, (2) leaving it at his the attorney's or party's office with his a clerk or other person in charge thereof or, (3) if there is no one in charge, leaving it in a conspicuous place therein or, (4) if the office is closed or the person to be served has no office, leaving it at his the person's usual place of abode with some person of *1119 his or her family above 15 years of age and informing such person of the contents., or (5) transmitting it by facsimile to the attorney's or party's office with a cover sheet containing the sender's name, firm, address, telephone number, and facsimile number, and the number of pages transmitted. When service is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete. Service by delivery after 5:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday. Service by mail shall be complete upon mailing.
(c) Sameervice; Numerous Defendants. In actions when the parties are unusually numerous, the court may regulate the service contemplated by these rules on motion or on its initiative in such manner as may be found to be just and reasonable.
(d) Filing. All original papers shall be filed with the court either before service or immediately thereafter. If the original of any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.
(e) Filing Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit papers to be filed with him the judge, in which event he the judge shall note the filing date before him or her on the papers and transmit them to the clerk. The date of filing is that shown on the face of the paper by the judge's notation or the clerk's time stamp, whichever is earlier.
(f) Certificate of Service. When any attorney shall certify in substance:
"I certify that a copy hereof has been furnished to (here insert name or names) by (delivery) (mail) (fax) this _______ day of _______________________, 19__
 _____________
 Attorney"
the certificate shall be taken as prima facie proof of such service in compliance with these rules.
(g) Service by Clerk. If a party who is not represented by an attorney files a paper that does not show service of a copy on other parties, the clerk shall serve a copy of it on other parties as provided in subdivision (b).
(h) Service of Orders.
(1) A copy of all orders or judgments shall be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment. No service need be made on parties against whom a default has been entered except orders setting an action for trial as prescribed in Rrule 1.440(c) and final judgments that shall be prepared and served as provided in subdivision (h)(2). The court may require that orders or judgments be prepared by a party, may require the party to furnish the court with stamped, addressed envelopes for service of the order or judgment, and may require that proposed orders and judgments be furnished to all parties before entry by the court of the order or judgment.
(2) When a final judgment is entered against a party in default, the court shall mail a conformed copy of it to the party. The party in whose favor the judgment is entered shall furnish the court with a copy of the judgment, unless it is prepared by the court, and the address of the party to be served. If the address is unknown, the copy need not be furnished.
(3) This subdivision is directory and a failure to comply with it does not affect the order or judgment or its finality or any proceedings arising in the action.

Committee Notes
1971 Amendment. Subdivision (g) is added to cover the situation when a party responds by a letter to the clerk and the letter may constitute the party's answer. The clerk is then required to furnish copies to parties who have appeared in the action and who are not shown to have received copies. It is not intended to apply to those litigious persons appearing in proper person who are familiar with the requirements of the rules. Subdivision (h) is added and the first part regulates the service of copies of orders. When a party is charged *1120 with preparation of an order, it requires service of the proposed form on other parties and delivery of sufficient copies to the court to be conformed and furnished to all parties after entry. The second part is intended to notify defendant whose address is known of the determination of the action by the court. Failure to comply with either part of subdivision (h) does not affect the order or judgment in any manner.
1972 Amendment. Subdivision (h) is amended because confusion has resulted in its application. Use of the term "party" has been misconstrued. It must be read in conjunction with subdivision (b) of the rule. When service can be made on an attorney, it should be made on the attorney. The term "party" is used throughout the rules because subdivision (b) makes the necessary substitution of the party's attorney throughout the rules. No certificate of service is required. The notation with the names of the persons served with a proposed form is not to be signed. The Ccommittee intended for the court to know who had been served only. Otherwise, the Ccommittee would have used the form of certificate of service in subdivision (f). Submission of copies and mailing of them by the court has proved cumbersome in practice and so it is deleted. The purpose of the rule was to asensure that all parties had an opportunity to see the proposed form before entry by the court.
1976 Amendment. The amendment made to this rule on July 26, 1972, was intended according to the Ccommittee Nnotes "[t]o assure that all parties had an opportunity to see the proposed form before entry by the Court." This change followed on the heels of the 1971 amendment, which the Ccommittee felt had been confusing.
Two changes have been made to subdivision (h)(1), which have resulted in a wholesale redrafting of the rule. First, the provision requiring the submission of proposed orders to all counsel prior to entry by the court has been deleted, any inaccuracies in an order submitted to the court being remediable either by the court's own vigilance or later application by an interested party. Secondly, the rule now requires that conformed copies of any order entered by the court must be mailed to all parties of record in all instances (and to defaulted parties in two 2 specified instances), for purposes of advising them of the date of the court's action as well as the substance of such action. Nothing in this new rule is meant to limit the power of the court to delegate the ministerial function of preparing orders.
1992 Amendment. Subdivisions (b) and (f) are amended to allow service pursuant to this rule to be made by facsimile. "Facsimile" or "fax" is a copy of a paper transmitted by electronic means to a printer receiving the transmission at a designated telephone number. When service is made by facsimile or fax, a second copy must be served by any other method permitted by this rule to ensure that a legible copy is received.

Court Commentary
1984 Amendment. The Ccommittee is recommending an amendment to Rrule 1.530(b) to cure the confusion created by Casto v. Casto, 404 So.2d 1046 (Fla. 1981). That recommendation requires an amendment to Rrule 1.080(e) specifying that the date of filing is that shown on the face of the paper.
RULE 1.090. TIME
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than seven 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for *1121 cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for new trial, motion for rehearing, or motion to alter or amend a judgment, or making a motion for relief from a judgment under Rrule 1.540(b); or for taking an appeal or filing a petition for certiorari; or for making a motion for a directed verdict.
(c) Unaffected by Expiration of Term. The period of time provided for the doing of any act or the taking of any proceeding shall not be affected or limited by the continued existence or expiration of a term of court. The continued existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any action which is or has been pending before it.
(d) For Motions. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.
(e) Additional Time Aafter Service by Mail. When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him that party and the notice or paper is served upon him that party by mail, five 5 days shall be added to the prescribed period.
RULE 1.100. PLEADINGS AND MOTIONS
(a) Pleadings. There shall be a complaint or, when so designated by a statute or rule, a petition, and an answer to it; an answer to a counterclaim denominated as such; an answer to a cross-claim crossclaim if the answer contains a cross-claim crossclaim; a third-party complaint if a person who was not an original party is summoned as a third-party defendant; and a third-party answer if a third-party complaint is served. If an answer or third-party answer contains an affirmative defense and the opposing party seeks to avoid it, he the opposing party shall file a reply containing the avoidance. No other pleadings shall be allowed.
(b) Motions. An application to the court for an order shall be by motion which shall be made in writing unless made during a hearing or trial, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. All notices of hearing shall specify each motion or other matter to be heard.
(c) Caption.
(1) Every pleading, motion, order, judgment, or other paper shall have a caption containing the name of the court, the file number, the name of the first party on each side with an appropriate indication of other parties, and a designation identifying the party filing it and its nature or the nature of the order, as the case may be. All papers filed in the action shall be styled in such a manner as to indicate clearly the subject matter of the paper and the party requesting or obtaining relief.[1a]
(2) A civil cover sheet (Fform 1.997) shall be completed and filed with the clerk at the time an initial complaint or petition is filed by the party initiating the action. If the cover sheet is not filed, the clerk shall accept the complaint or petition for filing; but all proceedings in the action shall be abated until a properly executed cover sheet is completed and filed. The clerk shall complete the civil cover sheet for a party appearing pro se.
(3) A final disposition form (Fform 1.998) shall be filed with the clerk by the prevailing party at the time of the filing of the order or judgment which disposes of the action. The clerk shall complete the final disposition form for a party appearing pro *1122 se, or when the action is dismissed for lack of prosecution pursuant to Rrule 1.420(e).
(d) Motion in Lieu of Scire Facias. Any relief available by scire facias may be granted on motion after notice without the issuance of a writ of scire facias.

Committee Notes
1971 Amendment. The change requires a more complete designation of the document that is filed so that it may be more rapidly identified. It also specifies the applicability of the subdivision to all of the various documents that can be filed. For example, a motion to dismiss should now be entitled "defendant's motion to dismiss the complaint" rather than merely "motion" or "motion to dismiss."
1972 Amendment. [Subdivision (a) is amended to make] a reply mandatory when a party seeks to avoid an affirmative defense in an answer or third-party answer. It is intended to eliminate thereby the problems exemplified by Tuggle v. Maddox, 1952, 60 So.2d 158 (Fla. 1952), and Dickerson v. Orange State Oil Company., App. 1960, 123 So.2d 562 (Fla. 2d DCA 1960).
1992 Amendment. Subdivision (b) is amended to require all notices of hearing to specify the motions or other matters to be heard.
RULE 1.110. GENERAL RULES OF PLEADING
(a) Forms of Pleadings. Forms of action and technical forms for seeking relief and of pleas, pleadings, or motions are abolished.
(b) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim crossclaim, or third-party claim must state a cause of action and shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief, to which he the pleader deems himself or herself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray for general relief.
(c) The Answer. In his the answer a pleader shall state in short and plain terms his the pleader's defenses to each claim asserted and shall admit or deny the averments on which the adverse party relies. If the defendant is without knowledge, he the defendant shall so state and such statement shall operate as a denial. Denial shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part of an averment, he the pleader shall specify so much of it as is true and shall deny the remainder. Unless the pleader intends in good faith to controvert all of the averments of the preceding pleading, he the pleader may make his denials as specific denials of designated averments or he may generally deny all of the averments except such designated averments as he the pleader expressly admits, but when he the pleader does so intend to controvert all of its averments, including averments of the grounds upon which the court's jurisdiction depends, he the pleader may do so by general denial.
(d) Affirmative Defenses. In pleading to a preceding pleading a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms if justice so requires, shall treat the pleading as if there had been a proper designation. Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under Rrule 1.140(b); provided this shall not limit amendments under Rrule 1.190 even if such ground is sustained.
*1123 (e) Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.
(f) Separate Statements. All averments of claim or defense shall be made in consecutively numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances, and a paragraph may be referred to by number in all subsequent pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense when a separation facilitates the clear presentation of the matter set forth.
(g) Joinder of Causes of Action; Consistency. A pleader may set up in the same action as many claims or causes of action or defenses in the same right as hethe pleader has, and claims for relief may be stated in the alternative if separate items make up the cause of action, or if two 2 or more causes of action are joined. A party may also set forth two 2 or more statements of a claim or defense alternatively, either in one 1 count or defense or in separate counts or defenses. When two 2 or more statements are made in the alternative and one 1 of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of one 1 or more of the alternative statements. A party may also state as many separate claims or defenses as he that party has, regardless of consistency and whether based on legal or equitable grounds or both. All pleadings shall be construed so as to do substantial justice.
(h) Subsequent Pleadings. When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment shall be designated a supplemental complaint or petition. The action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process. This subdivision shall not apply to proceedings that may be initiated by motion under these rules.

Committee Notes
1971 Amendment. Subdivision (h) is added to cover a situation usually arising in divorce judgment modifications, supplemental declaratory relief actions, or trust supervision. When any subsequent proceeding results in a pleading in the strict technical sense under RCP rule 1.100(a), response by opposing parties will follow the same course as though the new pleading were the initial pleading in the action. The time for answering and authority for defenses under RCP rule 1.140 will apply. The last sentence exempts post judgment motions under RCP rules 1.480(c), 1.530, and 1.540, and similar proceedings from its purview.
RULE 1.120. PLEADING SPECIAL MATTERS
(a) Capacity. It is not necessary to aver the capacity of a party to sue or to be sued, or the authority of a party to sue or be sued in a representative capacity, or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party, or the capacity of any party to sue or be sued in a representative capacity, he that party shall do so by specific negative averment which shall include such supporting particulars as are peculiarly within the pleader's knowledge.
(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit. Malice, intent, knowledge, mental attitude, and other condition of mind of a person may be averred generally.
(c) Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have *1124 been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.
(d) Official Document or Act. In pleading an official document or official act it is sufficient to aver that the document was issued or the act done in compliance with law.
(e) Judgment or Decree. In pleading a judgment or decree of a domestic or foreign court, a judicial or quasi-judicial tribunal, or of a board or officer, it is sufficient to aver the judgment or decree without setting forth matter showing jurisdiction to render it.
(f) Time and Place. For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter.
(g) Special Damage. When items of special damage are claimed, they shall be specifically stated.
RULE 1.130. ATTACHING COPY OF CAUSE OF ACTION AND EXHIBITS
(a) Instruments Attached. All bonds, notes, bills of exchange, contracts, accounts, or documents upon which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleading. No papers shall be unnecessarily annexed as exhibits. The pleadings shall contain no unnecessary recitals of deeds, documents, contracts, or other instruments.
(b) Part for All Purposes. Any exhibit attached to a pleading shall be considered a part thereof for all purposes. Statements in a pleading may be adopted by reference in a different part of the same pleading, or in another pleading, or in any motion.
RULE 1.140. DEFENSES
(a) When Presented.
(1) A defendant shall serve his an answer within 20 days after service of original process and the initial pleading on him the defendant, or not later than the date fixed in a notice by publication. A party served with a pleading stating a cross-claim crossclaim against him that party shall serve an answer to it within 20 days after service on him that party. The plaintiff shall serve his an answer to a counterclaim within 20 days after service of the counterclaim. If a reply is required, the reply shall be served within 20 days after service of the answer.
(2) The service of a motion under this rule, except a motion for judgment on the pleadings or a motion to strike under subdivision (f), alters these periods of time so that if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleadings shall be served within 10 days after notice of the court's action or, if the court grants a motion for a more definite statement, the responsive pleadings shall be served within 10 days after service of the more definite statement unless a different time is fixed by the court in either case.
(3) If the court permits or requires an amended or responsive pleading or a more definite statement, the pleading or statement shall be served within 10 days after notice of the court's action. Responses to the pleadings or statements shall be served within 10 days of service of the pleadings or statements.
(b) How Presented. Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, and (7) failure to join indispensable parties. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of *1125 the subject matter may be made at any time. No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he the adverse party may assert any defense in law or fact to that claim for a relief at the trial, except that the objection of failure to state a legal defense in an answer or reply shall be asserted by motion to strike the defense within 20 days after service of the answer or reply.
(c) Motion for Judgment on the Pleadings. After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.
(d) Preliminary Hearings. The defenses 1 to 7 in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment in subdivision (c) of this rule shall be heard and determined before trial on application of any party unless the court orders that the hearing and determination shall be deferred until the trial.
(e) Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he that party may move for a more definite statement before interposing his a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within ten 10 days after notice of the order or such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.
(f) Motion to Strike. A party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time.
(g) Consolidation of Defenses. A party who makes a motion under this rule may join with it the other motions herein provided for and then available to him that party. If a party makes a motion under this rule but omits from it any defenses or objections then available to him that party that this rule permits to be raised by motion, he that party shall not thereafter make a motion based on any of the defenses or objections omitted, except as provided in subdivision (h)(2) of this rule.
(h) Waiver of Defenses.
(1) A party waives all defenses and objections that he the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if he the party has made no motion, in his a responsive pleading except as provided in subdivision (h)(2).
(2) The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised in either a motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time.

Committee Notes
1972 Amendment. Subdivision (a) is amended to eliminate the unnecessary statement of the return date when service is made by publication, and to accommodate the change proposed in RCP rule 1.100(a) making a reply mandatory under certain circumstances. Motions to strike under subdivision (f) are divided into two 2 categories, so subdivision (a) is also amended to accommodate this change by eliminating motions to strike under the new subdivision (f) as motions that toll the running of time. A motion to strike an insufficient legal defense will now be available under subdivision (b) and continue to toll the time for responsive pleading. Subdivision (b) is amended to include the defense of failure to state a sufficient legal defense. The proper method of attack for failure to state a legal defense remains a motion to strike. Subdivision (f) is changed to accommodate the two 2 types of motions to strike. The motion to strike an insufficient legal defense is now in subdivision (b). The motion to strike under subdivision (f) does not toll the time for responsive pleading, and can *1126 be made at any time, and the matter can be stricken from by the court on its initiative at any time. Subdivision (g) follows the terminology of fFederal rRule of Civil Procedure 12(g). Much difficulty has been experienced in the application of this and the succeeding subdivision with the result that the same defenses are being raised several times in an action. The intent of the rule is to permit the defenses to be raised one time, either by motion or by the responsive pleading, and thereafter only by motion for judgment on the pleadings or at the trial. Subdivision (h) also reflects this philosophy. It is based on federal rule 12(h) but more clearly states the purpose of the rule.
1988 Amendment. The amendment to subdivision (a) is to fix a time within which amended pleadings, responsive pleadings, or more definite statements required by the court and responses to those pleadings or statements must be served when no time limit is fixed by the court in its order. The court's authority to alter these time periods is contained in Rrule 1.090(b).
RULE 1.150. SHAM PLEADINGS
(a) Motion to Strike. If a party deems any pleading or part thereof filed by another party to be a sham, he that party may move to strike said the pleading or part thereof before the cause is set for trial and the court shall hear said the motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown.
(b) Same Contents of Motion. The motion to strike shall be verified and shall set forth fully the facts on which the movant relies and may be supported by affidavit. No traverse of the motion shall be required.
RULE 1.170. COUNTERCLAIMS AND CROSS-CLAIMS CROSSCLAIMS
(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state a claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his that party's claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on the claim and the pleader is not stating a counterclaim under this rule.
(b) Permissive Counterclaim. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.
(c) Counterclaim Exceeding Opposing Claim. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party.
(d) Counterclaim Aagainst the State. These rules shall not be construed to enlarge beyond the limits established by law the right to assert counterclaims or to claim credits against the Sstate or any of its subdivisions or other governmental organizations thereof subject to suit or against a municipal corporation or against an officer, agency, or administrative board of the Sstate.
(e) Counterclaim Maturing or Acquired Aafter Pleading. A claim which matured or was acquired by the pleader after serving his the pleading may be presented as a counterclaim by supplemental pleading with the permission of the court.
(f) Omitted Counterclaim or Cross-Claim Crossclaim. When a pleader fails to set up a counterclaim or cross-claim crossclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may set up the counterclaim *1127 or cross-claim crossclaim by amendment with leave of the court.
(g) Cross-Claim Crossclaim Aagainst Co-Party. A pleading may state as a cross-claim crossclaim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of either the original action or of a counterclaim therein, or relating to any property that is the subject matter of the original action. The cross-claim crossclaim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant crossclaimant for all or part of a claim asserted in the action against the cross-claimant crossclaimant. Service of a cross-claim crossclaim on a party who has appeared in the action shall be made pursuant to Rrule 1.080(b). Service of a cross-claim crossclaim against a party who has not appeared in the action shall be made in the manner provided for service of summons.
(h) Additional Parties May Be Brought Iin. When the presence of parties other than those to the original action is required to grant complete relief in the determination of a counterclaim or cross-claim crossclaim, they shall be named in the counterclaim or cross-claim crossclaim and be served with process and shall be parties to the action thereafter if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action. Rules 1.250(b) and (c) applies apply to parties brought in under this subdivision.
(i) Separate Trials; Separate Judgment. If the court orders separate trials as provided in Rrule 1.270(b), judgment on a counterclaim or cross-claim crossclaim may be rendered when the court has jurisdiction to do so even if a claim of the opposing party has been dismissed or otherwise disposed of.
(j) Demand Exceeding Jurisdiction; Transfer of Action. If the demand of any counterclaim or cross-claim crossclaim exceeds the jurisdiction of the court in which the action is pending, the action shall be transferred forthwith to the court of the same county having jurisdiction of the demand in the counterclaim or cross-claim crossclaim with only such alterations in the pleadings as are essential. The court shall order the transfer of the action and the transmittal of all papers in it to the proper court if the party asserting the demand exceeding the jurisdiction deposits with the court having jurisdiction a sum sufficient to pay the clerk's service charge in the court to which the action is transferred at the time of filing the counterclaim or cross-claim crossclaim. Thereupon the original papers and deposit shall be transmitted and filed with a certified copy of the order. The court to which the action is transferred shall have full power and jurisdiction over the demands of all parties. Failure to make the service charge deposit at the time the counterclaim or cross-claim crossclaim is filed, or within such further time as the court may allow, shall reduce a claim for damages to an amount within the jurisdiction of the court where the action is pending and waive the claim in other cases.

Committee Notes
1972 Amendment. Subdivision (h) is amended to conform with the philosophy of the 1968 amendment to Rrule 1.250(c). No justification exists to require more restrictive joinder provisions for counterclaims and cross-claims crossclaims than is required for the initial pleading. The only safeguard required is that joinder does not deprive the court of jurisdiction. Subdivision (j) is amended to require deposit of the service charge for transfer when a counterclaim or cross-claim crossclaim exceeding the jurisdiction of the court in which the action is pending is filed. This cures a practical problem when the defendant files a counterclaim or cross-claim crossclaim exceeding the jurisdiction but neglects to pay the service charge to the court to which the action is transferred. The matter then remains in limbo and causes procedural difficulties in progressing the action.
1988 Amendment. The last two 2 sentences were added to subdivision (g) to counter the construction of these rules and Ssection 48.031(1), Florida Statutes, by an appellate court in Fundaro v. Canadiana Corp., 409 So.2d 1099 (Fla. 4th DCA 1982), to require service of all cross-claims *1128 crossclaims with summons pursuant to Rrule 1.070. The purpose of this amendment is to make it clear that cross-claims crossclaims must be served as initial pleadings only against a party who has not previously entered an appearance in the action.
RULE 1.180. THIRD-PARTY PRACTICE
(a) When Available. At any time after commencement of the action a defendant may have a summons and complaint served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant, and may also assert any other claim that arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim. The defendant need not obtain leave of court if he the defendant files the third-party complaint not later than twenty 20 days after he the defendant serves his the original answer. Otherwise, the defendant must obtain leave on motion and notice to all parties to the action. The person served with the summons and third- party complaint, herein called the third- party defendant, shall make his defenses to the defendant's claim as provided in Rrules 1.110 and 1.140 and his counterclaims against the defendant and cross-claims crossclaims against other third-party defendants as provided in Rrule 1.170. The third-party defendant may assert against the plaintiff any defenses that the defendant has to the plaintiff's claim. The third- party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the defendant. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the defendant, and the third- party defendant thereupon shall assert his a defense as provided in Rrules 1.110 and 1.140 and his counterclaims and cross-claims crossclaims as provided in Rrule 1.170. Any party may move to strike the third-party claim or for its severance or separate trial. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him the third-party defendant for all or part of the claim made in the action against the third-party defendant.
(b) When Plaintiff May Bring in Third Party. When a counterclaim is asserted against the plaintiff, he the plaintiff may bring in a third party under circumstances which would entitle a defendant to do so under this rule.

Court Commentary
1984 Amendment. Subdivision (a) is amended to permit the defendant to have the same right to assert claims arising out of the transaction or occurrence that all of the other parties to the action have. It overrules the decisions in Miramar Construction, Inc. v. El Conquistador Condominium, 303 So.2d 81 (Fla. 3d DCA 1974), and Richard's Paint Manufacturing Mfg. Co. v. Onyx Paints, Inc., 363 So.2d 596 (Fla. 4th DCA 1978), to that extent. The term defendant is used throughout instead of third-party plaintiff for clarity and brevity reasons and refers to the defendant serving the summons and third-party complaint on a third-party defendant or, when applicable, to the similar summons and fourth party.
RULE 1.190. AMENDED AND SUPPLEMENTAL PLEADINGS
(a) Amendments. A party may amend his a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his a pleading only by leave of court or by written consent of the adverse party. Leave of court shall be given freely when justice so requires. A party shall plead in response to an amended pleading within 10 days after service of the amended pleading unless the court otherwise orders.
(b) Amendments to Conform Wwith the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in *1129 the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him the objecting party in maintaining his an action or defense upon the merits.
(c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
(d) Supplemental Pleadings. Upon motion of a party the court may permit him that party, upon reasonable notice and upon such terms as are just, to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor.
(e) Amendments Generally. At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading, or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.

Committee Notes
1980 Amendment. The last clause of subdivision (a) is deleted to restore the decision in Scarfone v. Denby, 156 So.2d 694 (Fla. 2d DCA 1963). The adoption of Rrule 1.500 requiring notice of an application for default after filing or serving of any paper eliminates the need for the clause. This will permit reinstatement of the procedure in federal practice and earlier Florida practice requiring a response to each amended pleading, thus simplifying the court file under the doctrine of Dee v. Southern Brewing Co., 146 Fla. 588, 1 So.2d 562 (1941).
RULE 1.200. PRETRIAL PROCEDURE
(a) Case Management Conferences. At any time after responsive pleadings or motions are due, the court may itself order, or on motion of a party, by serving a notice, may convene a case management conference. The matter to be considered shall be specified in the order or notice setting the conference. At such a conference the court may:
(1) schedule or reschedule the service of motions, pleadings, and other papers;
(2) set or reset the time of trials, subject to Rrule 1.440(c);
(3) coordinate the progress of the action if complex litigation factors are present;
(4) limit, schedule, order, or expedite discovery;
(5) schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;
(6) schedule or hear motions in limine;
(7) pursue the possibilities of settlement;
(8) require filing of preliminary stipulations if issues can be narrowed;
(9) consider referring issues to a master for findings of fact; and
(10) schedule other conferences or determine other matters that may aid in the disposition of the action.
(b) Pretrial Conference. After the action is at issue the court itself may or shall on the timely motion of any party require the parties to appear for a conference to consider and determine:
(1) the simplification of the issues;
(2) the necessity or desirability of amendments to the pleadings;
*1130 (3) the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;
(4) the limitation of the number of expert witnesses; and
(5) any matters permitted under subdivision (a) of this rule.
(c) Notice. Any requests for a conference under this rule shall immediately be transmitted to the appropriate judge by the clerk. Notice of a case management conference shall be served not less than 20 days before the date of the conference, Reasonable notice shall be given for a case management conference, and 20 day's days' notice shall be given for a pretrial conference. On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action. Any documents that the court requires for any conference shall be specified in the order. Orders setting pretrial conferences shall be uniform throughout the territorial jurisdiction of the court.
(d) Pretrial Order. The court shall make an order reciting the action taken at a conference and any stipulations made. The order shall control the subsequent course of the action unless modified to prevent injustice.

Committee Notes
1971 Amendment. The three 3 paragraphs of the rule are lettered and given subtitles. The present last paragraph is placed second as subdivision (b) because the proceeding required under it is taken before that in the present second paragraph. The time for implementation is changed from settling the issues because the language is erroneous, the purpose of the conference being to settle some and prepare for the trial of other issues. The last two 2 sentences of subdivision (b) are added to require uniformity by all judges of the court and to require specification of the documentary requirements for the conference. The last sentence of subdivision (c) is deleted since it is covered by the local rule provisions of RCP rule 1.020(d). The reference to the parties in substitution for attorneys and counsel is one of style because the rules generally impose obligations on the parties except when the attorneys are specifically intended. It should be understood that those parties represented by attorneys will have the attorneys perform for them in the usual manner.
1972 Amendment. Subdivision (a) is amended to require the motion for a pretrial by a party to be timely. This is done to avoid motions for pretrial conferences made a short time before trial and requests for a continuance of the trial as a result of the pretrial conference order. The subdivision is also amended to require the clerk to send to the judge a copy of the motion by a party for the pretrial conference.
1988 Amendment. The purpose of adding subdivision (a)(5) is to spell out clearly for the bench and bar that case management conferences may be used for scheduling the disclosure of expert witnesses and the discovery of the opinion and factual information held by those experts. Subdivision (5) is not intended to expand discovery.
1992 Amendment. Subdivision (a) is amended to allow a party to set a case management conference in the same manner as a party may set a hearing on a motion. Subdivision (c) is amended to remove the mandatory language and make the notice requirement for a case management conference the same as that for a hearing on a motion; i.e., reasonable notice.

Court Commentary
1984 Amendment. This is a substantial rewording of Rrule 1.200. Subdivision (a) is added to authorize case management conferences in an effort to give the court more control over the progress of the action. All of the matters that the court can do under the case management conference can be done at the present time under other rules or because of the court's authority otherwise. The new subdivision merely emphasizes the court's authority and arranges an orderly method for the exercise of that authority. Subdivisions (a), (b), and (c) of the existing rule are relettered accordingly. Subdivision (a) of the existing *1131 rule is also amended to delete the reference to requiring the attorneys to appear at a pretrial conference by referring to the parties for that purpose. This is consistent with the language used throughout the rules and does not contemplate a change in present procedure. Subdivisions (a)(5) and (a)(6) of the existing rule are deleted since they are now covered adequately under the new subdivision (a). Subdivisions (b) and (c) of the existing rule are amended to accommodate the two 2 types of conferences that are now authorized by the rules.
RULE 1.210. PARTIES
(a) Parties Generally. Every action may be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute may sue in his that person's own name without joining with him the party for whose benefit the action is brought. All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his that person's presence is necessary or proper to a complete determination of the cause. Persons having a united interest may be joined on the same side as plaintiffs or defendants, and when any one anyone who refuses to join, he may for such reason be made a defendant.
(b) Infants or Incompetent Persons. When an infant or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an An infant or incompetent person who does not have a duly appointed representative, he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Committee Notes
1980 Amendment. Subdivisions (c) and (d) are deleted. Both are obsolete. They were continued in effect earlier because the committee was uncertain about the need for them at the time. Subdivision (c) has been supplanted by section 737.402(2)(z), Florida Statutes (1979), that gives trustees the power to prosecute and defend actions, regardless of the conditions specified in the subdivision. The adoption of section 733.212, Florida Statutes (1979), eliminates the need for subdivision (d) because it provides an easier and less expensive method of eliminating the interests of an heir at law who is not a beneficiary under the will. To the extent that an heir at law is an indispensable party to a proceeding concerning a testamentary trust, due process requires notice and an opportunity to defend, so the rule would be unconstitutionally applied.
RULE 1.220. CLASS ACTIONS
(a) Prerequisites to Class Representation. Before any claim or defense may be maintained on behalf of a class by one party or more suing or being sued as the representative of all the members of a class, the court shall first conclude that (1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class, (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class, and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class.
(b) Claims and Defenses Maintainable. A claim or defense may be maintained on behalf of a class if the court concludes that the prerequisites of subdivision (a) are satisfied, and, in addition that:
(1) the prosecution of separate claims or defenses by or against individual members of the class would create a risk of either:
(A) inconsistent or varying adjudications concerning individual members of the class which would establish incompatible standards *1132 of conduct for the party opposing the class; or
(B) adjudications concerning individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the class who are not parties to the adjudications to protect their interests; or
(2) the party opposing the class has acted or refused to act on grounds generally applicable to all the members of the class, thereby making final injunctive relief or declaratory relief concerning the class as a whole appropriate; or
(3) the claim or defense is not maintainable under either subdivision (b)(1) or (b)(2), but that the questions of law or fact common to the claim or defense of the representative party and the claim or defense of each member of the class predominate over any question of law or fact affecting only individual members of the class, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy. The conclusions shall be derived from consideration of all relevant facts and circumstances, including (A) the respective interests of each member of the class in individually controlling the prosecution of separate claims or defenses;, (B) the nature and extent of any pending litigation to which any member of the class is a party and in which any question of law or fact controverted in the subject action is to be adjudicated;, (C) the desirability or undesirability of concentrating the litigation in the forum where the subject action is instituted;, and (D) the difficulties likely to be encountered in the management of the claim or defense on behalf of a class.
(c) Pleading Requirements. Any pleading, counterclaim, or cross-claim crossclaim alleging the existence of a class shall contain the following:
(1) Next to its caption the designation: "Class Representation."
(2) Under a separate heading, designated as "Class Representation Allegations," specific recitation of:
(A) the particular provision of subdivision (b) under which it is claimed that the claim or defense is maintainable on behalf of a class;
(B) the questions of law or fact that are common to the claim or defense of the representative party and the claim or defense of each member of the class;
(C) the particular facts and circumstances that show the claim or defense advanced by the representative party is typical of the claim or defense of each member of the class;
(D)(i) the approximate number of class members, (ii) a definition of the alleged class, and (iii) the particular facts and circumstances that show the representative party will fairly and adequately protect and represent the interests of each member of the class; and
(E) the particular facts and circumstances that support the conclusions required of the court in determining that the action may be maintained as a class action pursuant to the particular provision of subdivision (b) under which it is claimed that the claim or defense is maintainable on behalf of a class.
(d) Determination of Class Representation; Notice; Judgment: Claim or Defense Maintained Partly on Behalf of a Class.
(1) As soon as practicable after service of any pleading alleging the existence of a class under this rule and before service of an order for pretrial conference or a notice for trial, after hearing the court shall enter an order determining whether the claim or defense is maintainable on behalf of a class on the application of any party or on the court's initiative. Irrespective of whether the court determines that the claim or defense is maintainable on behalf of a class, the order shall separately state the findings of fact and conclusions of law upon which the determination is based. In making the determination the court (A) may allow the claim or defense to be so maintained, and, if so, shall state under which subsection of subdivision (b) the claim or *1133 defense is to be maintained;, (B) may disallow the class representation and strike the class representation allegations, or (C) may order postponement of the determination pending the completion of discovery concerning whether the claim or defense is maintainable on behalf of a class. If the court rules that the claim or defense shall be maintained on behalf of a class under subdivision (b)(3), the order shall also provide for the notice required by subdivision (d)(2). If the court rules that the claim or defense shall be maintained on behalf of a class under subdivision (b)(1) or subdivision (b)(2), the order shall also provide for the notice required by subdivision (d)(2), except when a showing is made that the notice is not required, the court may provide for another kind of notice to the class as is appropriate. When the court orders postponement of its determination, the court shall also establish a date, if possible, for further consideration and final disposition of the motion. An order under this subsection may be conditional and may be altered or amended before entry of a judgment on the merits of the action.
(2) As soon as is practicable after the court determines that a claim or defense is maintainable on behalf of a class, notice of the pendency of the claim or defense shall be given by the party asserting the existence of the class to all the members of the class. The notice shall be given to each member of the class who can be identified and located through reasonable effort and shall be given to the other members of the class in the manner determined by the court to be most practicable under the circumstances. Unless otherwise ordered by the court, the party asserting the existence of the class shall initially pay for the cost of giving notice. The notice shall inform each member of the class that (A) any member of the class who files a statement with the court by the date specified in the notice asking to be excluded shall be excluded from the class, (B) the judgment, whether favorable or not, will include all members who do not request exclusion;, and (C) any member who does not request exclusion may make a separate appearance within the time specified in the notice.
(3) The judgment determining a claim or defense maintained on behalf of a class under subdivision (b)(1) or (b)(2), whether or not favorable to the class, shall include and describe those persons whom the court finds to be members of the class. The judgment determining a claim or defense maintained on behalf of a class under subdivision (b)(3), whether or not favorable to the class, shall include and identify those to whom the notice provided in subdivision (d)(2) was directed, who have not requested exclusion and whom the court finds to be members of the class.
(4) When appropriate, (A) a claim or defense may be brought or maintained on behalf of a class concerning particular issues, or (B) class representation may be divided into subclasses, and each subclass may be treated as a separate and distinct class and the provisions of this rule shall be applied accordingly.
(e) Dismissal or Compromise. After a claim or defense is determined to be maintainable on behalf of a class under subdivision (d), the claim or defense shall not be voluntarily withdrawn, dismissed, or compromised without approval of the court after notice and hearing. Notice of any proposed voluntary withdrawal, dismissal, or compromise shall be given to all members of the class as the court directs.

Committee Notes
1980 Amendment. The class action rule has been completely revised to bring it in line with modern practice. The rule is based on Federal Rule of Civil Procedure 23, but a number of changes have been made to eliminate problems in the federal rule through court decisions. Generally, the rule provides for the prerequisites to class representation, an early determination about whether the claim or defense is maintainable on behalf of a class, notice to all members of the class, provisions for the members of the class to exclude themselves, the form of judgment, and the procedure governing dismissal or compromise of a claim or defense maintained on behalf of a class. The prerequisites of subdivision (a) are changed from those in Ffederal *1134 Rrule 23 only to the extent necessary to incorporate the criteria enunciated in Port Royal v. Conboy, 154 So.2d 734 (Fla. 2d DCA 1963). The notice requirements have been made more explicit and stringent than those in the federal rule.
RULE 1.221. CONDOMINIUM ASSOCIATIONS
After control of a condominium association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including, but not limited to, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; and protesting ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action under this section rule, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this section rule. Nothing herein limits any statutory or common law right of any individual unit owner or class of unit owners to bring any action which may otherwise be available. An action under this rule shall not be subject to the requirements of Rrule 1.220.

Committee Notes
1980 Addition Adoption. The present rule relating to condominium associations [1.220(b) as adopted at 347 So.2d 608] is left intact but renumbered as Rrule 1.221.
RULE 1.222. MOBILE HOMEOWNERS' ASSOCIATIONSS
A mobile homeowners' association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all home owners homeowners concerning matters of common interest, including, but not limited to: the common property; structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving the park property; and protests of ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action under this section rule, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this section rule. Nothing herein limits any statutory or common- law right of any individual home owner homeowner or class of home owners homeowners to bring any action which may otherwise be available. An action under this rule shall not be subject to the requirements of Rrule 1.220.
RULE 1.230. INTERVENTIONS
Anyone claiming an interest in pending litigation may at any time be permitted to assert his a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.
RULE 1.240. INTERPLEADER
Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claim of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he the plaintiff is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim crossclaim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties otherwise permitted.
RULE 1.250. MISJOINDER AND NON-JOINDER NONJOINDER OF PARTIES
(a) Misjoinder. Misjoinder of parties is not a ground for dismissal of an action. Any claim against a party may be severed and proceeded with separately.
*1135 (b) Dropping Parties. Parties may be dropped by an adverse party in the manner provided for voluntary dismissal in Rrule 1.420(a)(1) subject to the exception stated in that rule. If notice of lis pendens has been filed in the action against a party so dropped, the notice of dismissal shall be recorded and cancels the notice of lis pendens without the necessity of a court order. Parties may be dropped by order of court on its own initiative or the motion of any party at any stage of the action on such terms as are just.
(c) Adding Parties. Parties may be added once as a matter of course within the same time that pleadings can be so amended under Rrule 1.190(a). If amendment by leave of court or stipulation of the parties is permitted, parties may be added in the amended pleading without further order of court. Parties may be added by order of court on its own initiative or on motion of any party at any stage of the action and on such terms as are just.

Committee Notes
1972 Amendment. Subdivision (c) is amended to permit the addition of parties when the pleadings are amended by stipulation. This conforms the subdivision to all of the permissive types of amendment under Rrule 1.190(a). It was an inadvertent omission by the committee when the rule in its present form was adopted in 1968 as can be seen by reference to the 1968 Ccommittee Nnote.
RULE 1.260. SURVIVOR; SUBSTITUTION OF PARTIES
(a) Death.
(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in Rrule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.
(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action shall not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.
(b) Incompetency. If a party becomes incompetent, the court, upon motion served as provided in subdivision (a) of this rule, may allow the action to be continued by or against his that person's representative.
(c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.
(d) Public Officers; Death or Separation Ffrom Office.
(1) When a public officer is a party to an action in his an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.
(2) When a public officer sues or is sued in his an official capacity, he the officer may be described as a party by his the official title rather than by name but the court may require his the officer's name to be added.
RULE 1.270. CONSOLIDATION; SEPARATE TRIALS
(a) Consolidation. When actions involving a common question of law or fact are *1136 pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim crossclaim, counterclaim, or third- party claim or of any separate issue or of any number of claims, cross-claims crossclaims, counterclaims, third- party claims, or issues.
RULE 1.280. GENERAL PROVISIONS GOVERNING DISCOVERY
(a) Discovery Methods. Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise and under subdivision (c) of this rule, the frequency of use of these methods is not limited, except as provided in Rrule 1.200 and Rrule 1.340.
(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
(1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
(2) Indemnity Agreements. A party may obtain discovery of the existence and contents of any agreement under which any person may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or to reimburse a party for payments made to satisfy the judgment. Information concerning the agreement is not admissible in evidence at trial by reason of disclosure.
(3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including his that party's attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of his the case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. Without the required showing a party may obtain a copy of a statement concerning the action or its subject matter previously made by that party. Upon request without the required showing a person not a party may obtain a copy of a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for an order to obtain a copy. The provisions of Rrule 1.380(a)(4) apply to the award of expenses incurred as a result of making the motion. For purposes of this paragraph, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording or transcription of it that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.
*1137 (4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(A) By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial may be deposed in accordance with Rrule 1.390 without motion or order of court. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and other provisions pursuant to subdivision (b)(4)(C) of this rule concerning fees and expenses as the court may deem appropriate.
(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rrule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
(C) Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(4)(A) and (b)(4)(B) of this rule; and concerning discovery from an expert obtained under subdivision (b)(4)(A) of this rule the court may require, and concerning discovery obtained under subdivision (b)(4)(B) of this rule shall require, the party seeking discovery to pay the other party a fair part of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.
(D) As used in these rules an expert shall be an expert witness as defined in Rrule 1.390(a).
(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; and (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rrule 1.380(a)(4) apply to the award of expenses incurred in relation to the motion.
(d) Sequence and Timing of Discovery. Except as provided in subdivision (b)(4) or unless the court upon motion for the convenience of parties and witnesses and in the interest of justice orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not delay any other party's discovery.
*1138 (e) Supplementing of Responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his the response to include information thereafter acquired.

Committee Notes
1972 Amendment. The rule is derived from FR Federal Rule of Civil Procedure 26 as amended in 1970. Subdivisions (a), (b)(2), and (b)(3) are new. Subdivision (c) contains material from former RCP rule 1.310(b). Subdivisions (d) and (e) are new, but the latter is similar to former RCP rule 1.340(d). Significant changes are made in discovery from experts. The general rearrangement of the discovery rule is more logical and is the result of 35 years of experience under the federal rules.
1988 Amendment. Subdivision (b)(2) has been added to enable discovery of the existence and contents of indemnity agreements and is the result of the enactment of Ssections 627.7262 and 627.7264, Florida Statutes, proscribing the joinder of insurers but providing for disclosure. This rule is derived from FR Federal Rule of Civil Procedure 26(b)(2). Subdivisions (b)(2) and (b)(3) have been redesignated as (b)(3) and (b)(4) respectively.
The purpose of the amendment to subdivision (b)(3)(A) (renumbered (b)(4)(A)) is to allow, without leave of court, the depositions of experts who have been disclosed as expected to be used at trial. The purpose of the subdivision (b)(4)(D) is to define the term "expert" as used in these rules.
RULE 1.290. DEPOSITIONS BEFORE ACTION OR PENDING APPEAL
(a) Before Action.
(1) Petition. A person who desires to perpetuate his that person's own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: (1) that the petitioner expects to be a party to an action cognizable in a court of Florida, but is presently unable to bring it or cause it to be brought, (2) the subject matter of the expected action and his the petitioner's interest therein, (3) the facts which he the petitioner desires to establish by the proposed testimony and his the petitioner's reasons for desiring to perpetuate it, (4) the names or a description of the persons he the petitioner expects will be adverse parties and their addresses so far as known, and (5) the names and addresses of the persons to be examined and the substance of the testimony which he the petitioner expects to elicit from each; and shall ask for an order authorizing the petitioner to take the deposition of the persons to be examined named in the petition for the purpose of perpetuating their testimony.
(2) Notice and Service. The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court at a time and place named therein for an order described in the petition. At least twenty 20 days before the date of hearing the notice shall be served either within or without the county in the manner provided by law for service of summons, but if such service cannot with due diligence be made upon any expected adverse party named in the petition, the court may make an order for service by publication or otherwise, and shall appoint an attorney for persons not served in the manner provided by law for service of summons who shall represent them, and if they are not otherwise represented, shall cross-examine the deponent.
(3) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the deposition shall be taken upon oral examination or written interrogatories. The deposition may then be taken in accordance with these rules and the court may make orders in accordance with the requirements of these rules. For the purpose of applying these rules to depositions *1139 for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.
(4) Use of Deposition. A deposition taken under this rule may be used in any action involving the same subject matter subsequently brought in any court in accordance with Rrule 1.330.
(b) Pending Appeal. If an appeal has been taken from a judgment of any court or before the taking of an appeal if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the court. In such case the party who desires to perpetuate the testimony may make a motion for leave to take the deposition upon the same notice and service as if the action was pending in the court. The motion shall show (1) the names and addresses of persons to be examined and the substance of the testimony which he the movant expects to elicit from each, and (2) the reason for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay in justice, it may make an order allowing the deposition to be taken and may make orders of the character provided for by these rules, and thereupon the deposition may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the court.
(c) Perpetuation by Action. This rule does not limit the power of a court to entertain an action to perpetuate testimony.

Committee Notes
1980 Amendment. Subdivision (d) is repealed because depositions de bene esse are obsolete. Rules 1.280 and 1.310 with the remainder of this rule cover all needed deposition circumstances and do so better. Subdivision (d) was taken from former chapter 63, Florida Statutes, and is not a complete procedure without reference to the parts of the statute not carried forward in the rule.
RULE 1.300. PERSONS BEFORE WHOM DEPOSITIONS MAY BE TAKEN
(a) Persons Authorized. Depositions may be taken before any notary public or judicial officer or before any officer authorized by the statutes of Florida to take acknowledgments or proof of executions of deeds or by any person appointed by the court in which the action is pending.
(b) In Foreign Countries. In a foreign country depositions may be taken (1) on notice before a person authorized to administer oaths in the place in which the examination is held, either by the law thereof or by the law of Florida or of the United States, or (2) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of his the commission to administer any necessary oath and take testimony, or (3) pursuant to a letter rogatory. A commission or a letter rogatory shall be issued on application and notice and on terms that are just and appropriate. It is not requisite to the issuance of a commission or a letter rogatory that the taking of the deposition in any other manner is impracticable or inconvenient, and both a commission and a letter rogatory may be issued in proper cases. A notice or commission may designate the person before whom the deposition is to be taken either by name or descriptive title. A letter rogatory may be addressed "To the Appropriate Authority in ____ (herein name the of country) ____." Evidence obtained in response to a letter rogatory need not be excluded merely for the reason that it is not a verbatim transcript or that the testimony was not taken under oath or any similar departure from the requirements for depositions taken within Florida under these rules.
(c) Selection by Stipulation. If the parties so stipulate in writing, depositions may be taken before any person at any time or place upon any notice and in any manner and when so taken may be used like other depositions.
*1140 (d) Persons Disqualified. Unless so stipulated by the parties, no deposition shall be taken before a person who is a relative or, employee or, attorney, or counsel of any of the parties or, is a relative or employee of such any of the parties' attorney or counsel, or is financially interested in the action.
RULE 1.310. DEPOSITIONS UPON ORAL EXAMINATION
(a) When Depositions May Be Taken. After commencement of the action any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition within 30 days after service of the process and initial pleading upon any defendant, except that leave is not required (1) if a defendant has served a notice of taking deposition or otherwise sought discovery, or (2) if special notice is given as provided in subdivision (b)(2) of this rule. The attendance of witnesses may be compelled by subpoena as provided in Rrule 1.410. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.
(b) Notice; Method of Taking; Production at Deposition.
(1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him the person or the particular class or group to which he the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced under the subpoena shall be attached to or included in the notice.
(2) Leave of court is not required for the taking of a deposition by plaintiff if the notice states that the person to be examined is about to go out of the state and will be unavailable for examination unless his a deposition is taken before expiration of the 30-day period under subdivision (a). If a party shows that when he was served with notice under this subdivision, he that party was unable through the exercise of diligence to obtain counsel to represent him the party at the taking of the deposition, the deposition may not be used against him that party.
(3) For cause shown the court may enlarge or shorten the time for taking the deposition.
(4) Any deposition may be recorded by videotape without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with this subdivision.
(A) Notice. A party intending to videotape a deposition shall state in his the notice that the deposition is to be videotaped and shall give the name and address of the operator.
(B) Stenographer. Videotaped depositions shall also be recorded stenographically, unless all parties agree otherwise.
(C) Procedure. At the beginning of the deposition, the officer before whom it is taken shall, on camera: (i) identify the style of the action;, (ii) state the date;, and (iii) swear the witness.
(D) Custody of Tape and Copies. The attorney for the party requesting the videotaping of the deposition shall take custody of and be responsible for the safeguarding of the videotape, and shall permit the viewing of it by the opposing party, and, if requested, shall provide a copy of the videotape at the expense of the requesting party requesting the copy.
(E) Cost of Videotaped Depositions. The party requesting the videotaping shall bear the initial cost of videotaping.
(5) The notice to a party deponent may be accompanied by a request made in compliance with Rrule 1.350 for the production of documents and tangible things at the taking of the deposition. The procedure of Rrule 1.350 shall apply to the request.
(6) In his the notice a party may name as the deponent a public or private corporation or, a partnership or association, or a *1141 governmental agency, and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated shall testify about matters known or reasonably available to the organization. This subdivision does not preclude taking a deposition by any other procedure authorized in these rules.
(7) On motion the court may order that the testimony at a deposition be taken by telephone. The order may prescribe the manner in which the deposition will be taken. A party may also arrange for a stenographic transcription at his that party's own initial expense.
(c) Examination and Cross-Examination; Record of Examination; Oath; Objections. Examination and cross-examination of witnesses may proceed as permitted at the trial. The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under his the officer's direction and in his the officer's presence, record the testimony of the witness, except that when a deposition is being taken by telephone, the witness shall be sworn by a person present with the witness who is qualified to administer an oath in that location. The testimony shall be taken stenographically or recorded by any other means ordered in accordance with subdivision (b)(4) of this rule. If requested by one of the parties, the testimony shall be transcribed at the initial cost of the requesting party and prompt notice of the request shall be given to all other parties. All objections made at time of the examination to the qualifications of the officer taking the deposition, or to the manner of taking it, or to the evidence presented, or to the conduct of any party, and any other objection to the proceedings shall be noted by the officer upon the deposition. Evidence objected to shall be taken subject to the objections. Instead of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and he that party shall transmit them to the officer, who shall propound them to the witness and record the answers verbatim.
(d) Motion to Terminate or Limit Examination. At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition or may limit the scope and manner of the taking of the deposition under Rrule 1.280(c). If the order terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of any party or the deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of Rrule 1.380(a) apply to the award of expenses incurred in relation to the motion.
(e) Witness Review. If the testimony is transcribed, the transcript shall be furnished to the witness for examination and shall be read to or by him the witness unless the examination and reading are waived by the witness and by the parties. Any changes in form or substance that the witness wants to make shall be listed in writing by the officer with a statement of the reasons given by the witness for making the changes. The changes shall be attached to the transcript. It shall then be signed by the witness unless the parties waived the signing or the witness is ill or, cannot be found, or refuses to sign. If the transcript is not signed by the witness within a reasonable time after it is furnished to him the witness, the officer shall sign the transcript and state on the transcript the waiver, illness, absence of the witness, or refusal to sign with any reasons given therefor. The deposition may then be used as fully as though signed unless the court holds that the reasons *1142 given for the refusal to sign require rejection of the deposition wholly or partly, on motion under Rrule 1.330(d)(4).
(f) Filing; Exhibits.
(1) If the deposition is transcribed, the officer shall certify on each copy of the deposition that the witness was duly sworn by him the officer and that the deposition is a true record of the testimony given by the witness. Documents and things produced for inspection during the examination of the witness shall be marked for identification and annexed to and returned with the deposition upon the request of a party, and may be inspected and copied by any party, except that the person producing the materials may substitute copies to be marked for identification if he that person affords to all parties fair opportunity to verify the copies by comparison with the originals. If the person producing the materials requests their return, the officer shall mark them, give each party an opportunity to inspect and copy them, and return them to the person producing them and the materials may then be used in the same manner as if annexed to and returned with the deposition.
(2) Upon payment of reasonable charges therefor the officer shall furnish a copy of the deposition to any party or to the deponent.
(3) A copy of a deposition may be filed only under the following circumstances:
(A) By It may be filed by a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing of the deposition shall be given to all parties unless notice is waived. A party filing the deposition shall furnish a copy of the deposition or the part being filed to other parties unless the party already has a copy.
(B) If the court determines that a deposition previously taken is necessary for the decision of a matter pending before the court, the court may order that a copy be filed by any party at the initial cost of the party.
(g) Obtaining Copies. A party or witness who does not have a copy of the deposition may obtain it from the officer taking the deposition unless the court orders otherwise. If the deposition is obtained from a person other than the officer, the reasonable cost of reproducing the copies shall be paid to the person by the requesting party or witness.
(h) Failure to Attend or to Serve Subpoena; Expenses.
(1) If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by him and his the other party and the other party's attorney in attending, including reasonable attorney's' fees.
(2) If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon him the witness and the witness because of the failure does not attend and if another party attends in person or by attorney because he that other party expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by him and his that other party and that other party's attorney in attending, including reasonable attorney's' fees.

Committee Notes
1972 Amendment. Derived from FR Federal Rule of Civil Procedure 30 as amended in 1970. Subdivision (a) is derived from RCP rule 1.280(a); subdivision (b) from RCP rule 1.310(a) with additional matter added; the first sentence of subdivision (c) has been added and clarifying language added throughout the remainder of the rule.
1976 Amendment. Subdivision (b)(4) has been amended to allow the taking of a video tape videotaped deposition as a matter of right. Provisions for the taxation of costs and the entry of a standard order are included as well. This new amendment allows the contemporaneous stenographic *1143 transcription of a video tape videotaped deposition.
1988 Amendment. The amendments to subdivision (b)(4) are to provide for depositions by videotape as a matter of right.
The notice provision is to asensure that specific notice is given that the deposition will be videotaped and to disclose the identity of the operator. It was decided not to make special provision for a number of days' notice.
The requirement that a stenographer be present (who is also the person likely to be swearing the deponent) is to asensure the availability of a transcript (although not required). The transcript would be a tool to asensure the accuracy of the videotape and thus eliminate the need to establish other procedures aimed at the same objective (like timeclocks in the picture and the like). This does not mean that a transcript must be made. As at ordinary depositions, this would be up to the litigants.
Technical videotaping procedures were not included. It is anticipated that technical problems may be addressed by the court on motions to quash or motions for protective orders.
Subdivision (c) has been amended to accommodate the taking of depositions by telephone. The amendment requires the deponent to be sworn by a person authorized to administer oaths in the deponent's location and who is present with the deponent.
1992 Amendment. Subdivision (b)(4)(D) is amended to clarify an ambiguity in whether the cost of the videotape copy is to be borne by the party requesting the videotaping or by the party requesting the copy. The amendment requires the party requesting the copy to bear the cost of the copy.

Court Commentary
1984 Amendment. Subdivision (b)(7) is added to authorize deposition by telephone, with provision for any party to have a stenographic transcription at his that party's own initial expense.
Subdivision (d) is changed to permit any party to terminate the deposition, not just the objecting party.
Subdivision (e) is changed to eliminate the confusing requirement that a transcript be submitted to the witness. The term has been construed as requiring the court reporter to travel, if necessary, to the witness, and creates a problem when a witness is deposed in Florida and thereafter leaves the state before signing. The change is intended to permit the parties and the court reporter to handle such situations on an ad hoc basis as is most appropriate.
Subdivision (f) is the Ccommittee's action in response to the petition seeking amendment to Rrule 1.310(f) filed in the Supreme Court Case No. 62,699. Subdivision (f) is changed to clarify the need for furnishing copies when a deposition, or part of it, is properly filed, to authorize the court to require a deposition to be both transcribed and filed, and to specify that a party who does not obtain a copy of the deposition may get it from the court reporter unless ordered otherwise by the court. This eliminates the present requirement of furnishing a copy of the deposition, or material part of it, to a person who already has a copy in subsectiondivision (f)(3)(A).
Subsectiondivision (f)(3)(B) broadens the authority of the court to require the filing of a deposition that has been taken, but not transcribed.
Subdivision (g) requires a party to obtain a copy of the deposition from the court reporter unless the court orders otherwise. Generally, the court should not order a party who has a copy of the deposition to furnish it to someone who has neglected to obtain it when the deposition was transcribed. The person should obtain it from the court reporter unless there is a good reason why it cannot be obtained from the reporter.
RULE 1.320. DEPOSITIONS UPON WRITTEN QUESTIONS
(a) Serving Questions; Notice. After commencement of the action any party may take the testimony of any person, including a party, by deposition upon written questions. The attendance of witnesses may be compelled by the use of subpoena as provided in Rrule 1.410. The deposition of a *1144 person confined in prison may be taken only by leave of court on such terms as the court prescribes. A party desiring to take a deposition upon written questions shall serve them with a notice stating (1) the name and address of the person who is to answer them, if known, and, if the name is not known, a general description sufficient to identify him the person or the particular class or group to which he that person belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or private corporation or, a partnership or association, or a governmental agency in accordance with Rrule 1.310(b)(6). Within 30 days after the notice and written questions are served, a party may serve cross questions upon all other parties. Within 10 days after being served with cross questions, a party may serve redirect questions upon all other parties. Within 10 days after being served with redirect questions, a party may serve recross questions upon all other parties. The court may for cause shown enlarge or shorten the time.
(b) Officer to Take Responses and Prepare Record. A copy of the notice and copies of all questions served shall be delivered by the party taking the depositions to the officer designated in the notice, who shall proceed promptly to take the testimony of the witness in the manner provided by Rrules 1.310(c), (e), and (f) in response to the questions and to prepare the deposition, attaching the copy of the notice and the questions received by him the officer. The questions shall not be filed separately from the deposition unless a party seeks to have the court consider the questions before the questions are submitted to the witness.

Committee Notes
1972 Amendment. Derived from FR Federal Rule of Civil Procedure 31 as amended in 1970. The name of interrogatories has been changed to questions to avoid confusion with interrogatories to parties under RCP rule 1.340. Language changes resulting from the rearrangement of the discovery rules have been inserted and subdivision (d) deleted.
RULE 1.330. USE OF DEPOSITIONS IN COURT PROCEEDINGS
(a) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice of it so far as admissible under the rules of evidence applied as though the witness were then present and testifying in accordance with any of the following provisions:
(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness.
(2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent or a person designated under Rrule 1.310(b)(6) or 1.320(a) to testify on behalf of a public or private corporation, a partnership or association, or a governmental agency that is a party may be used by an adverse party for any purpose.
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the Sstate, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used; or (F) the witness is an expert or skilled witness.
(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him the party to introduce any *1145 other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Substitution of parties pursuant to Rrule 1.260 does not affect the right to use depositions previously taken and, when an action in any court of the United States or of any Sstate has been dismissed and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken for it.
(6) If a civil action is afterward brought, all depositions lawfully taken in a medical liability mediation proceeding may be used in the civil action as if originally taken for it.
(b) Objections to Admissibility. Subject to the provisions of Rrule 1.300(b) and subdivision (d)(3) of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part of it for any reason that would require the exclusion of the evidence if the witness were then present and testifying.
(c) Effect of Taking or Using Depositions. A party does not make a person his the party's own witness for any purpose by taking his the person's deposition. The introduction in evidence of the deposition or any part of it for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this shall not apply to the use by an adverse party of a deposition under subdivision (a)(2) of this rule. At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by him that party or by any other party.
(d) Effect of Errors and Irregularities.
(1) As to Notice. All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice.
(2) As to Disqualification of Officer. Objection to taking a deposition because of disqualification of the officer before whom it is to be taken is waived unless made before the taking of the deposition begins or as soon thereafter as the disqualification becomes known or could be discovered with reasonable diligence.
(3) As to Taking of Deposition.
(A) Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition unless the ground of the objection is one that might have been obviated or removed if presented at that time.
(B) Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of parties and errors of any kind that might be obviated, removed, or cured if promptly presented are waived unless timely objection to them is made at the taking of the deposition.
(C) Objections to the form of written questions submitted under Rrule 1.320 are waived unless served in writing upon the party propounding them within the time allowed for serving the succeeding cross or other questions and within 10 days after service of the last questions authorized.
(4) As to Completion and Return. Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, or otherwise dealt with by the officer under Rrules 1.310 and 1.320 are waived unless a motion to suppress the deposition or some part of it is made with reasonable promptness after the defect is, or with due diligence might have been, discovered.

Committee Notes
1972 Amendment. Derived from FR Federal Rule of Civil Procedure 32 as amended in 1970. Subdivisions (a), (b), and (c) are former RCP rules 1.280(d), (f), and (g) respectively. Subdivision (d) is derived from the entire former RCP rule 1.330.
*1146 RULE 1.340. INTERROGATORIES TO PARTIES
(a) Procedure for Use. Without leave of court, any party may serve upon any other party written interrogatories to be answered (1) by the party to whom the interrogatories are directed, or, (2) if that party is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish the information available to that party. Interrogatories may be served on the plaintiff after commencement of the action and on any other party with or after service of the process and initial pleading upon that party. The interrogatories shall not exceed 30, including all subparts, unless the court permits a larger number on motion and notice and for good cause. If the Ssupreme Ccourt has approved a form of interrogatories for the type of action, the initial interrogatories shall be in the form approved by the Ccourt. Other interrogatories may be added to the approved forms without leave of court, so long as the total of approved and additional interrogatories does not exceed 30. Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the grounds for objection shall be stated and signed by the attorney making it. The party to whom the interrogatories are directed shall serve the answers and any objections within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the process and initial pleading upon that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Rrule 1.380(a) on any objection to or other failure to answer an interrogatory.
(b) Scope; Use at Trial. Interrogatories may relate to any matters that can be inquired into under Rrule 1.280(b), and the answers may be used to the extent permitted by the rules of evidence except as otherwise provided in this subdivision. An interrogatory otherwise proper is not objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or calls for a conclusion or asks for information not within the personal knowledge of the party. A party shall respond to such an interrogatory by giving the information he the party has and the source on which the information is based. Such a qualified answer may not be used as direct evidence for or impeachment against the party giving the answer unless the court finds it otherwise admissible under the rules of evidence. If a party introduces an answer to an interrogatory, any other party may require him that party to introduce any other interrogatory and answer that in fairness ought to be considered with it.
(c) Option to Produce Records. When the answer to an interrogatory may be derived or ascertained from the records of the party to whom the interrogatory is directed or from an examination, audit, or inspection of the records or from a compilation, abstract, or summary based on the records and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party to whom it is directed, an answer to the interrogatory specifying the records from which the answer may be derived or ascertained and offering to give the party serving the interrogatory a reasonable opportunity to examine, audit, or inspect the records and to make copies, compilations, abstracts, or summaries is a sufficient answer. An answer shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party interrogated, the records from which the answer may be derived or ascertained, or shall identify a person or persons representing the interrogated party who will be available to assist the interrogating party in locating and identifying the records at the time they are produced.
(d) Effect on Co-Party. Answers made by a party shall not be binding on a co-party.
(e) Service and Filing. Interrogatories shall be arranged so that a blank space is provided after each separately numbered interrogatory. The space shall be reasonably sufficient to enable the answering party to insert the answer within the space. *1147 If sufficient space is not provided, the answering party may attach additional papers with answers and refer to them in the space provided in the interrogatories. The interrogatories shall be served on the party to whom the interrogatories are directed and copies shall be served on all other parties. A certificate of service of the interrogatories shall be filed, giving the date of service and the name of the party to whom they were directed. The answers to the interrogatories shall be served upon the party originally propounding the interrogatories and a copy shall be served on all other parties by the answering party. The original or any copy of the answers to interrogatories may be filed by any party when the court should consider the answers to interrogatories in determining any matter pending before the court. The court may order a copy of the answers to interrogatories filed at any time when the court determines that examination of the answers to interrogatories is necessary to determine any matter pending before the court.

Committee Notes
1972 Amendment. Subdivisions (a), (b), and (c) are derived from FR Federal Rule of Civil Procedure 33 as amended in 1970. Changes from the existing rule expand the time for answering, permit interrogatories to be served with the initial pleading or at any time thereafter, and eliminate the requirement of a hearing on objections. If objections are made, the interrogating party has the responsibility of setting a hearing if he that party wants an answer. If the interrogatories are not sufficiently important, the interrogating party may let the matter drop. Subdivision (b) covers the same matter as the present RCP rule 1.340(b) except those parts that have been transferred to RCP rule 1.280. It also eliminates the confusion between facts and opinions or contentions by requiring that all be given. Subdivision (c) gives the interrogated party an option to produce business records from which the interrogating party can derive the answers to questions. Subdivision (d) is former subdivision (c) without change. Former subdivision (d) is repealed because it is covered in RCP rule 1.280(e). Subdivision (e) is derived from the New Jersey rules and is intended to place both the interrogatories and the answers to them in a convenient place in the court file so that they can be referred to with less confusion. The requirement for filing a copy before the answers are received is necessary in the event of a dispute concerning what was done or the appropriate times involved.
1988 Amendment. The word "initial" in the 1984 amendment to subdivision (a) resulted in some confusion, so it has been deleted. Also the total number of interrogatories which may be propounded without leave of court is enlarged to 30 from 25. Form interrogatories which have been approved by the Ssupreme Ccourt must be used; and those so used, with their subparts, are included in the total number permitted. The amendments are not intended to change any other requirement of the rule.

Court Commentary
1984 Amendment. Subdivision (a) is amended by adding the reference to approved forms of interrogatories. The intent is to eliminate the burden of unnecessary interrogatories.
Subdivision (c) is amended to add the requirement of detail in identifying records when they are produced as an alternative to answering the interrogatory or to designate the persons who will locate the records.
Subdivision (e) is changed to eliminate the requirement of serving an original and a copy of the interrogatories and of the answers in light of the 1981 amendment that no longer permits filing except in special circumstances.
Subdivision (f) is deleted since the Medical Liability Mediation Proceedings have been eliminated.
RULE 1.350. PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES
(a) Request; Scope. Any party may request any other party (1) to produce and permit the party making the request, or *1148 someone acting in his the requesting party's behalf, to inspect and copy any designated documents, including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form, that constitute or contain matters within the scope of Rrule 1.280(b) and that are in the possession, custody, or control of the party to whom the request is directed; or (2) to inspect and copy, test, or sample any tangible things that constitute or contain matters within the scope of Rrule 1.280(b) and that are in the possession, custody, or control of the party to whom the request is directed; or (3) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation on it within the scope of Rrule 1.280(b).
(b) Procedure. Without leave of court the request may be served on the plaintiff after commencement of the action and on any other party with or after service of the process and initial pleading on that party. The request shall set forth the items to be inspected, either by individual item or category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection or performing the related acts. The party to whom the request is directed shall serve a written response within 30 days after service of the request, except that a defendant may serve a response within 45 days after service of the process and initial pleading on that defendant. The court may allow a shorter or longer time. For each item or category the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated. If an objection is made to part of an item or category, the part shall be specified. When producing documents, the producing party shall either produce them as they are kept in the usual course of business or shall identify them to correspond with the categories in the request. The party submitting the request may move for an order under Rrule 1.380 concerning any objection, failure to respond to the request, or any part of it, or failure to permit inspection as requested.
(c) Persons Not Parties. This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land.
(d) Filing of Documents. Unless required by the court, a party shall not file any of the documents or things produced with the response. Documents or things may be filed when they should be considered by the court in determining a matter pending before the court.

Committee Notes
1972 Amendment. Derived from FR Federal Rule of Civil Procedure 34 as amended in 1970. The new rule eliminates the good cause requirement of the former rule, changes the time for making the request and responding to it, and changes the procedure for the response. If no objection to the discovery is made, inspection is had without a court order. While the good cause requirement has been eliminated, the change is not intended to overrule cases limiting discovery under this rule to the scope of ordinary discovery, nor is it intended to overrule cases limiting unreasonable requests such as those reviewed in Van Devere v. Holmes, App. 1963, 156 So.2d 899 (Fla. 3d DCA 1963); IBM v. Elder, App. 1966, 187 So.2d 82 (Fla. 3d DCA 1966); and Miami v. Florida Public Service Commission, 1969, 226 So.2d 217 (Fla. 1969). It is intended that the court review each objection and weigh the need for discovery and the likely results of it against the right of privacy of the party or witness or custodian.
1980 Amendment. Subdivision (b) is amended to require production of documents as they are kept in the usual course of business or in accordance with the categories in the request.
*1149 RULE 1.351. PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION
(a) Request; Scope. A party may seek inspection and copying of any documents or things within the scope of Rrule 1.350(a) from a person who is not a party by issuance of a subpoena directing the production of the documents or things when the requesting party does not seek to depose the custodian or other person in possession of the documents or things.
(b) Procedure. A party desiring production under this rule shall give notice to every other party of the intent to serve a subpoena under this rule at least ten 10 days before the subpoena is issued. The proposed subpoena shall be attached to the notice and shall state the time, place, and method for production of the documents or things, and the name and address of the person who is to produce the documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs,; shall include a designation of the items to be produced,; and shall state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things. If any party serves an objection to production under this rule within 10 days of service of the notice or the person upon whom the subpoena is to be served objects at any time before the production of the documents or things, the documents or things shall not be produced under this rule.
(c) Subpoena. If no objection is made by a party under subdivision (b), the clerk shall issue a subpoena for the production of the documents or things in accordance with the notice and deliver it to the party serving the notice. The subpoena shall require production of the documents or things specified in it. The subpoena may give the recipient an option to deliver or mail legible copies of the documents or things to the party serving the subpoena. The person upon whom the subpoena is served may condition the preparation of copies on the payment in advance of the reasonable costs of preparing the copies. The subpoena shall require production only in the county of the residence of the custodian or other person in possession of the documents or things or in the county where the documents or things are located or where the custodian or person in possession usually conducts his business.
(d) Copies Furnished. If the subpoena is complied with by delivery or mailing of copies as provided in subdivision (c), the party receiving the copies shall furnish a legible copy of each item furnished to any other party who requests it upon the payment of the reasonable cost of preparing the copies.
(e) Independent Action. This rule does not affect the right of any party to bring an independent action for production of documents and things or permission to enter upon land.

Committee Notes
1980 Adoption. This rule is designed to eliminate the need of taking a deposition of a records custodian when the person seeking discovery wants copies of the records only. It authorizes objections by any other party as well as the custodian of the records. If any person objects, recourse must be had to Rrule 1.310.
RULE 1.360. EXAMINATION OF PERSONS
(a) Request; Scope.
(1) A party may request any other party to submit to, or to produce a person in his that other party's custody or legal control for, examination by a qualified expert when the condition that is the subject of the requested examination is in controversy.
(A) When the physical condition of a party or other person under subdivision (a)(1) is in controversy, the request may be served on the plaintiff without leave of court after commencement of the action, and on any other person with or after service of the process and initial pleading on that party. The request shall specify a reasonable time, place, manner, conditions, and scope of the examination and the person *1150 or persons by whom the examination is to be made. The party to whom the request is directed shall serve a response within 30 days after service of the request, except that a defendant need not serve a response until 45 days after service of the process and initial pleading on that defendant. The court may allow a shorter or longer time. The response shall state that the examination will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated.
(B) In cases where the condition in controversy is not physical, including domestic relations and bastardy cases when the blood group is in issue, a party may move for an examination by a qualified expert as in subdivision (a)(1). The order for examination shall be made only after notice to the person to be examined and to all parties, and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
(2) An examination under this rule is authorized only when the party submitting the request has good cause for the examination. At any hearing the party submitting the request shall have the burden of showing good cause.
(3) Upon request of either the party requesting the examination or the party or person to be examined, the court may establish protective rules governing such examination.
(b) Report of Examiner.
(1) If requested by the party to whom a request for examination or against whom an order is made under subdivision (a)(1)(A) or (a)(1)(B) or by the person examined, the party requesting the examination to be made shall deliver to him the other party a copy of a detailed written report of the examiner setting out his the examiner's findings, including results of all tests made, diagnosis, and conclusions, with similar reports of all earlier examinations of the same condition. After delivery of the detailed written report, the party requesting the examination to be made shall be entitled upon request to receive from the party to whom the request for examination or against whom the order is made a similar report of any examination of the same condition previously or thereafter made, unless in the case of a report of examination of a person not a party the party shows that he is unable the inability to obtain it. On motion, the court may order delivery of a report on such terms as are just; and if an examiner fails or refuses to make a report, the court may exclude his the examiner's testimony if offered at the trial.
(2) By requesting and obtaining a report of the examination so ordered or requested or by taking the deposition of the examiner, the party examined waives any privilege he that party may have in that action or any other involving the same controversy regarding the testimony of every other person who has examined or may thereafter examine him that party concerning the same condition.
(3) This subdivision applies to examinations made by agreement of the parties unless the agreement provides otherwise. This subdivision does not preclude discovery of a report of an examiner or taking the deposition of the examiner in accordance with any other rule.
(c) Examiner as Witness. The examiner may be called as a witness by any party to the action, but shall not be identified as appointed by the court.

Committee Notes
1972 Amendment. Derived from FR Federal Rule of Civil Procedure 35 as amended in 1970. The good cause requirement under this rule has been retained so that the requirements of Schlagenhauf v. Holder, 1964, 85 S.Ct. 234, 379 U.S. 104, 85 S.Ct. 234, 13 L. Ed. 2d 152 (1964), have not been affected. Subdivision (b) is changed to make it clear that reports can be obtained whether an order for the examination has been entered or not and that all earlier reports of the same condition can also be obtained.
1988 Amendment. This amendment to subdivision (a) is intended to broaden the scope of Rrule 1.360 to accommodate the *1151 examination of a person by experts other than physicians.
RULE 1.370. REQUESTS FOR ADMISSION
(a) Request for Admission. A party may serve upon any other party a written request for the admission of the truth of any matters within the scope of Rrule 1.280(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court the request may be served upon the plaintiff after commencement of the action and upon any other party with or after service of the process and initial pleading upon that party. Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the process and initial pleading upon him the defendant. If objection is made, the reasons shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his an answer or deny only a part of the matter of which an admission is requested, he the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he that party states that he that party has made reasonable inquiry and that the information known or readily obtainable by him that party is insufficient to enable him that party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not object to the request on that ground alone; he the party may deny the matter or set forth reasons why he the party cannot admit or deny it, subject to Rrule 1.380(c). The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. Instead of these orders the court may determine that final disposition of the request be made at a pre-trial pretrial conference or at a designated time before trial. The provisions of Rrule 1.380(a)(4) apply to the award of expenses incurred in relation to the motion.
(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to Rrule 1.200 governing amendment of a pre-trial pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him that party in maintaining his an action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him that party in any other proceeding.

Committee Notes
1972 Amendment. Derived from FR Federal Rule of Civil Procedure 36 as amended in 1970. The rule is changed to eliminate distinctions between questions of opinion, fact, and mixed questions. The time sequences are changed in accordance with the other discovery rules, and case law is incorporated by providing for amendment *1152 and withdrawal of the answers and for judicial scrutiny to determine the sufficiency of the answers.
RULE 1.380. FAILURE TO MAKE DISCOVERY; SANCTIONS
(a) Motion for Order Compelling Discovery. Upon reasonable notice to other parties and all persons affected, a party may apply for an order compelling discovery as follows:
(1) Appropriate Court. An application for an order to a party may be made to the court in which the action is pending or in accordance with Rrule 1.310(d). An application for an order to a deponent who is not a party shall be made to the circuit court where the deposition is being taken.
(2) Motion. If a deponent fails to answer a question propounded or submitted under Rrules 1.310 or 1.320, or a corporation or other entity fails to make a designation under Rrule 1.310(b)(6) or 1.320(a), or a party fails to answer an interrogatory submitted under Rrule 1.340, or if a party in response to a request for inspection submitted under Rrule 1.350 fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, or if a party in response to a request for examination of a person submitted under Rrule 1.360(a) objects to the examination, fails to respond that the examination will be permitted as requested, or fails to submit to or to produce a person in his that party's custody or legal control for examination, the discovering party may move for an order compelling an answer, or a designation or an order compelling inspection, or an order compelling an examination in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies applying for an order. If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Rrule 1.280(c).
(3) Evasive or Incomplete Answer. For purposes of this subdivision an evasive or incomplete answer shall be treated as a failure to answer.
(4) Award of Expenses of Motion. If the motion is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorney's' fees, unless the court finds that the opposition to the motion was justified or that other circumstances make an award of expenses unjust. If the motion is denied and after opportunity for hearing, the court shall require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorney's' fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons.
(b) Failure to Comply Wwith Order.
(1) If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of the court.
(2) If a party or an officer, director, or managing agent of a party or a person designated under Rrule 1.310(b)(6) or 1.320(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rrule 1.360, the court in which the action is pending may make any of the following orders:
(A) An order that the matters regarding which the questions were asked or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;.
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him that party from introducing designated matters in evidence;.
*1153 (C) An order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party;.
(D) Instead of any of the foregoing orders or in addition to them, an order treating as a contempt of court the failure to obey any orders except an order to submit to an examination made pursuant to Rrule 1.360(a)(1)(B) or subdivision (a)(2) of this rule.
(E) When a party has failed to comply with an order under Rrule 1.360(a)(1)(B) requiring him that party to produce another for examination, the orders listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that he is unable the inability to produce the person for examination.
(F) Instead of any of the foregoing orders or in addition to them, the court shall require the party failing to obey the order to pay the reasonable expenses caused by the failure, that which may include attorney's' fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust.
(c) Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rrule 1.370 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he the requesting party may apply to the court for an order requiring the other party to pay him the requesting party the reasonable expenses incurred in making that proof, that which may include attorney's' fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rrule 1.370(a), or (2) the admission sought was of no substantial importance, or (3) there was other good reason for the failure to admit.
(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rrule 1.310(b)(6) or 1.320(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his the deposition after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rrule 1.340 after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rrule 1.350 after proper service of the request, the court in which the action is pending may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Instead of any order or in addition to it, the court shall require the party failing to act to pay the reasonable expenses caused by the failure, that which may include attorney's' fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust. The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rrule 1.280(c).

Committee Notes
1972 Amendment. Derived from FR Federal Rule of Civil Procedure 37 as amended in 1970. Subdivision (a)(3) is new and makes it clear that an evasive or incomplete answer is a failure to answer under the rule. Other clarifying changes have been made within the general scope of the rule to asensure that complete coverage of all discovery failures is afforded.
RULE 1.390. DEPOSITIONS OF EXPERT WITNESSES
(a) Definition. The term "expert witness" as used herein applies exclusively to a person duly and regularly engaged in the practice of his a profession who holds a professional degree from a university or college and has had special professional training and experience, or one possessed of special knowledge or skill about the subject upon which he is called to testify.
(b) Procedure. The testimony of an expert or skilled witness may be taken at any time before the trial in accordance with the *1154 rules for taking depositions and may be used at trial, regardless of the place of residence of the witness or whether he the witness is within the distance prescribed by Rrule 1.330(a)(3). No special form of notice need be given that the deposition will be used for trial.
(c) Fee. An expert or skilled witness whose deposition is taken shall be allowed a witness fee in such reasonable amount as the court may determine. The court shall also determine a reasonable time within which payment must be made, if the deponent and party cannot agree. All parties and the deponent shall be served with notice of any hearing to determine the fee. Any reasonable fee paid to an expert or skilled witness may be taxed as costs.
(d) Applicability. Nothing in this rule shall prevent the taking of any deposition as otherwise provided by law.

Committee Notes
1972 Amendment. This rule has caused more difficulty in recent years than any other discovery rule. It was enacted as a statute originally to make the presentation of expert testimony less expensive and less onerous to the expert and to admit the expert's deposition at trial regardless of his the expert's residence. In spite of its intent, courts seem determined to misconstrue the plain language of the rule and cause complications that the committee and the legislature did not envisage. See Owca v. Zemzicki, App. 1962, 137 So.2d 876 (Fla. 2d DCA 1962); Cook v. Lichthblau, App. 1965, 176 So.2d 523 (Fla. 2d DCA 1965); and Bondy v. West, App. 1969, 219 So.2d 117 (Fla. 2d DCA 1969). The committee hopes the amendment to subdivision (b) will show that the intent of the rule is to permit a deposition taken of an expert in conformity with any rule for the taking of a deposition to be admitted, if otherwise admissible under the rules of evidence, regardless of the residence of the expert. In short, the rule eliminates the necessity of any of the requirements of RCP rule 1.330(a)(3) when the deposition offered is that of an expert.
1988 Amendment. Subdivision (c) has been amended to clarify the procedure to be used in paying an expert witness for his or her appearance at a deposition.
RULE 1.400. PUBLICATION OF DEPOSITION
Unless otherwise ordered by the court, (1) any deposition may be opened and examined by any person under the supervision of the clerk or (2) the clerk may unseal the deposition and file it with the other papers in the court file.

Committee Notes
1980 Amendment. The right to open and examine a deposition is expanded to include any person. The requirement that the deposition be opened and examined in the presence of the court is deleted and a requirement that it be done under the clerk's supervision is substituted. This accords with actual practice.
1992 Amendment. This rule is repealed to conform with the practice under rule 1.310(f)(3) of not filing depositions as a routine matter. Unless sealed by court order or rule or by statute, the contents of the court file in a civil action are open to public inspection under the clerk's supervision.
RULE 1.410. SUBPOENA
(a) Subpoena for Testimony Bbefore the Court.
(1) Every subpoena for testimony before the court shall be issued by the clerk under the seal of the court and, when requested, shall state the name of the court and the title of the action and shall command each person to whom it is directed to attend and give testimony at a time and place specified in it.
(2) On oral request of an attorney or party and without praecipe, the clerk shall issue a subpoena for testimony before the court or a subpoena for the production of documentary evidence before the court signed and sealed but otherwise in blank, both as to the title of the action and the name of the person to whom it is directed, and the subpoena shall be filled in before service by the attorney or party.
(b) For Production of Documentary Evidence. A subpoena may also command the person to whom it is directed to produce *1155 the books, papers, documents, or tangible things designated therein, but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive, or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things. A party seeking production of evidence at trial which would be subject to a subpoena may compel such production by serving a notice to produce such evidence on an adverse party as provided in Rrule 1.080(b). Such notice shall have the same effect and be subject to the same limitations as a subpoena served on the party.
(c) Service. A subpoena may be served by any person authorized by law to serve process or by any other person who is not a party and who is not less than eighteen 18 years of age. Service of a subpoena upon a person named therein shall be made as provided by law. Proof of such service shall be made by affidavit of the person making service if not served by an officer authorized by law to do so.
(d) Subpoena for Taking Depositions.
(1) Filing a notice to take a deposition as provided in Rrules 1.310(b) or 1.320(a) with a certificate of service on it showing service on all parties to the action constitutes an authorization for the issuance of subpoenas for the persons named or described in the notice by the clerk of the court in which the action is pending. The subpoena may command the person to whom it is directed to produce designated books, papers, documents, or tangible things that constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rrule 1.280(b), but in that event the subpoena will be subject to the provisions of Rrule 1.280(c) and subdivision (b) of this rule. Within 10 days after its service, or on or before the time specified in the subpoena for compliance if the time is less than 10 days after service, the person to whom the subpoena is directed may serve written objection to inspection or copying of any of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. If objection has been made, the party serving the subpoena may move for an order at any time before or during the taking of the deposition upon notice to the deponent.
(2) A person may be required to attend an examination only in the county wherein he the person resides or is employed or transacts his business in person or at such other convenient place as may be fixed by an order of court.
(e) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon him that person may be deemed a contempt of the court from which the subpoena issued.
(f) Depositions Bbefore Commissioners Appointed in Tthis State by Courts of Other States,; Subpoena, Powers,; etc. When any person authorized by the laws of Florida to administer oaths shall be is appointed by a court of record of any other state, jurisdiction, or government as commissioner to take the testimony of any named witness within this state, such that witness may be compelled to attend and testify before such that commissioner by witness subpoena issued by the clerk of any circuit court at the instance of said that commissioner or by other process or proceedings in the same manner as if said that commissioner had been appointed by a court of this state; provided that no document or paper writing shall be compulsorily annexed as an exhibit to such deposition or otherwise permanently removed from the possession of the witness producing it, but in lieu thereof, a photostatic copy may be annexed to and transmitted with such executed commission to the court of issuance.

Committee Notes
1972 Amendment. Subdivisions (a) and (d) are amended to show the intent of the rule that subpoenas for deposition may not be issued in blank by the clerk, but only for trial. The reason for the distinction is valid. *1156 A subpoena for appearance before the court is not subject to abuse because the court can correct any attempt to abuse the use of blank subpoenas. Since a judge is not present at a deposition, additional protection for the parties and the deponent is required and subpoenas should not be issued in blank. Subdivision (d) is also modified to conform with the revised federal rule on subpoenas for depositions to permit an objection by the deponent to the production of material required by a subpoena to be produced.
1980 Amendment. Subdivision (c) is revised to conform with section 48.031, Florida Statutes (1979).
RULE 1.420. DISMISSAL OF ACTIONS
(a) Voluntary Dismissal.
(1) By Parties. Except in actions in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (iA) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (iiB) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.
(2) By Order of Court; If Counterclaim. Except as provided in the subdivision (a)(1) of this rule, an action shall not be dismissed at a party's instance except on order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been served by a defendant prior to the service upon him the defendant of the plaintiff's notice of dismissal, the action shall not be dismissed against defendant's objections unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
(b) Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against him that party for failure of an adverse party to comply with these rules or any order of court. Notice of hearing on the motion shall be served as required under Rrule 1.090(d). After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted. The court as trier of the facts may then determine them and render judgment against the party seeking affirmative relief or may decline to render judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.
(c) Dismissal of Counterclaim, Cross-Claim Crossclaim, or Third-Party Claim. The provisions of this rule apply to the dismissal of any counterclaim, cross-claim crossclaim, or third-party claim.
(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this Sstate commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of one 1 year shall be dismissed by *1157 the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one 1 year shall not be sufficient cause for dismissal for failure to prosecute.
(f) Effect on Lis Pendens. If a notice of lis pendens has been filed in an action connection with a claim for affirmative relief that is dismissed under this rule, a the notice of lis pendens connected with the dismissed claim is automatically dissolved at the same time. The notice, stipulation, or order shall be recorded.

Committee Notes
1976 Amendment. Subdivision (e) has been amended to prevent the dismissal of an action for inactivity alone unless one 1 year has elapsed since the occurrence of activity of record. Non-record Nonrecord activity will not toll the one 1-year time period.
1980 Amendment. Subdivision (e) has been amended to except from the requirement of record activity a stay that is ordered or approved by the court.
1992 Amendment. Subdivision (f) is amended to provide for automatic dissolution of lis pendens on claims that are settled even though the entire action may not have been dismissed.

Court Commentary
1984 Amendment. A perennial real property title problem occurs because of the failure to properly dispose of notices of lis pendens in the order of dismissal. Accordingly, the reference in subdivision (a)(1) with a to disposition of notices of lis pendens has been deleted and a separate subdivision created to automatically dissolve notices of lis pendens whenever an action is dismissed under this rule.
RULE 1.430. DEMAND FOR JURY TRIAL; WAIVER
(a) Right Preserved. The right of trial by jury as declared by the Constitution or by statute shall be preserved to the parties inviolate.
(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than ten 10 days after the service of the last pleading directed to such issue. The demand may be indorsed upon a pleading of the party.
(c) Specification of Issues. In his the demand a party may specify the issues which he that the party wishes so tried; otherwise, he the party is deemed to demand trial by jury for all issues so triable. If he a party has demanded trial by jury for only some of the issues, any other party may serve a demand for trial by jury of any other or all of the issues triable by jury ten 10 days after service of the demand or such lesser time as the court may order.
(d) Waiver. A party who fails to serve a demand as required by this rule waives trial by jury. If waived, a jury trial may not be granted without the consent of the parties, but the court may allow an amendment in the proceedings to demand a trial by jury or order a trial by jury on its own motion. A demand for trial by jury may not be withdrawn without the consent of the parties.

Committee Notes
1972 Amendment. Subdivision (d) is amended to conform to the decisions construing it. See Wood v. Warriner, 1953, 62 So.2d 728 (Fla. 1953); Bittner v. Walsh, App. 1961, 132 So.2d 799 (Fla. 1st DCA 1961); and Shores v. Murphy, 1956, 88 So.2d 294 (Fla. 1956). It is not intended to overrule Wertman v. Tipping, App. 1964, 166 So.2d 666 (Fla. 1st DCA 1964), that requires a moving party to show justice requires a jury.
RULE 1.431. TRIAL JURY
(a) Questionnaire.
(1) The circuit court may direct the authority charged by law with the selection of *1158 prospective jurors to furnish each prospective juror with a questionnaire in the form approved by the Ssupreme Ccourt from time to time to assist the authority in selecting prospective jurors. The questionnaire shall be used after the names of jurors have been selected as provided by law but before certification and the placing of the names of prospective jurors in the jury box. The questionnaire shall be used to determine those who are not qualified to serve as jurors under any statutory ground of disqualification.
(2) To assist in voir dire examination at trial, any court may direct the clerk to furnish prospective jurors selected for service with a questionnaire in the form approved by the Ssupreme Ccourt from time to time. The prospective jurors shall be asked to complete and return the forms. Completed forms may be inspected in the clerk's office and copies shall be available in court during the voir dire examination for use by parties and the court.
(b) Examination by Parties. The parties have the right to examine jurors orally on their voir dire. The order in which the parties may examine each juror shall be determined by the court. The court may ask such questions of the jurors as it deems necessary, but the right of the parties to conduct a reasonable examination of each juror orally shall be preserved.
(c) Challenge for Cause.
(1) On motion of any party the court shall examine any prospective juror on oath to determine whether he that person is related to any party or to the attorney of any party within the third degree or is related to any person alleged to have been wronged or injured by the commission of the wrong for the trial of which the juror is called or has any interest in the action or has formed or expressed any opinion or is sensible of any bias or prejudice concerning it or is an employee or has been an employee of any party within 30 days before the trial. A party objecting to the juror may introduce any other competent evidence to support the objection. If it appears that the juror does not stand indifferent to the action or any of the foregoing grounds of objection exists or that he the juror is otherwise incompetent, another shall be called in his that juror's place.
(2) The fact that any person selected for jury duty from bystanders or the body of the county and not from a jury list lawfully selected has served as a juror in the court in which he that person is called at any other time within one 1 year is a ground of challenge for cause.
(3) When the nature of any civil action requires a knowledge of reading, writing, and arithmetic, or any of them, to enable a juror to understand the evidence to be offered, the fact that any prospective juror does not possess the qualifications is a ground of challenge for cause.
(d) Peremptory Challenges. Each party is entitled to three 3 peremptory challenges of jurors, but when the number of parties on opposite sides is unequal, the opposing parties are entitled to the same aggregate number of peremptory challenges to be determined on the basis of three 3 peremptory challenges to each party on the side with the greater number of parties. The additional peremptory challenges accruing to multiple parties on the opposing side shall be divided equally among them. Any additional peremptory challenges not capable of equal division shall be exercised separately or jointly as determined by the court.
(e) Exercise of Challenges. All challenges shall be addressed to the court outside the hearing of the jury in a manner selected by the court so that the jury panel is not aware of the nature of the challenge, the party making the challenge, or the basis of the court's ruling on the challenge, if for cause.
(f) Swearing of Jurors. No one shall be sworn as a juror until the jury has been accepted by the parties or until all challenges have been exhausted.
(g) Alternate Jurors.
(1) The court may direct that one 1 or two 2 jurors be impaneled to sit as alternate jurors in addition to the regular panel. Alternate jurors in the order in which they are called shall replace jurors who have become unable or disqualified to perform their duties before the jury retires to consider its verdict. Alternate jurors shall be *1159 drawn in the same manner, have the same qualifications, be subject to the same examination, take the same oath, and have the same functions, powers, facilities, and privileges as principal jurors. An alternate juror who does not replace a principal juror shall be discharged when the jury retires to consider the verdict.
(2) If alternate jurors are called, each party is shall be entitled to one peremptory challenge for each alternate juror in addition to those otherwise allowed in the selection of the alternate juror or jurors, but when the number of parties on opposite sides is unequal, the opposing parties shall be entitled to the same aggregate number of peremptory challenges to be determined on the basis of 1 peremptory challenge to each party on the side with the greater number of parties. The additional peremptory challenge allowed pursuant to this subdivision may be used only against the alternate jurors. and the other The peremptory challenges allowed pursuant to subdivision (d) of this rule shall not be used against the alternate jurors.
(h) Interview of a Juror. If a A party who believes that grounds for legal challenge to a verdict exist, he may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge. The motion shall be served within ten 10 days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time. The motion shall state the name and address of each juror to be interviewed and the grounds for challenge that the party believes may exist. After notice and hearing, the trial judge shall enter an order denying the motion or permitting the interview. If the interview is permitted, the court may prescribe the place, manner, conditions, and scope of the interview.

Committee Notes
1971 Adoption. Subdivision (a) is new. It is intended to replace section 40.101, Florida Statutes FS, declared unconstitutional in Smith v. Portante, 212 So.2d 298 (Fla. 1968), after supplying the deficiencies in the statute. It is intended to simplify the task of selecting prospective jurors, both for the venire and for the panel for trial in a particular action. The forms referred to in subdivision (a) are forms 1.983 and 1.984. Subdivisions (b)-(e) are sections 53.031, 53.021, 53.011, and 53.051, Florida Statutes, FS without substantial change.
1976 Amendment. Subdivision (e) has been added to establish a procedure for challenging jurors without members of the panel knowing the source of the challenge, to avoid prejudice. Subdivision (f) is a renumbering of the previously-_enacted rule regarding "Aalternate jurors."
Subdivision (g) has been added to establish a procedure for interviewing jurors. See also Canons of Professional Responsibility DR 7-108.
1988 Amendment. Subdivision (f) has been added to as ensure the right to "back-strike" prospective jurors until the entire panel has been accepted in civil cases. This right to back-strike until the jurors have been sworn has been long recognized in Florida. Florida Rock Industries, Inc. v. United Building Systems, Inc., 408 So.2d 630 (Fla. 5th DCA 1982). However, in the recent case of Valdes v. State, 443 So.2d 223 (Fla.1st DCA 1984), the court held that it was not error for a court to swear jurors one at a time as they were accepted and thereby prevent retrospective peremptory challenges. The purpose of this subdivision is to prevent the use of individual swearing of jurors in civil cases. Former subdivisions (f) and (g) have been redesignated as (g) and (h) respectively.
1992 Amendment. Subdivision (g)(2) is amended to minimize the inequity in numbers of peremptory challenges allowed in selecting alternate jurors in actions with multiple parties.
RULE 1.440. SETTING ACTION FOR TRIAL
(a) When at Issue. An action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading. The party entitled to serve motions directed to the last pleading may waive the right to do so by filing a notice for trial at any time after the last pleading is served. The existence of cross-claims crossclaims among the parties shall not prevent the court from setting *1160 the action for trial on the issues raised by the complaint, answer, and any answer to a counterclaim.
(b) Notice for Trial. Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial. The notice shall include an estimate of the time required, whether the trial is to be by a jury or not, and whether the trial is on the original action or a subsequent proceeding. The clerk shall then submit the notice and the case file to the court.
(c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial. By giving the same notice the court may set an action for trial. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Rrule 1.080(a).
(d) Applicability. This rule does not apply to actions to which Cchapter 51, Florida Statutes (1967), applies.

Committee Notes
1972 Amendment. All references to the pretrial conference are deleted because these are covered in RCP rule 1.200.
1980 Amendment. Subdivision (b) is amended to specify whether the trial will be on the original pleadings or subsequent pleadings under Rrule 1.110(h).
1988 Amendment. Subdivision (c) was amended to clarify a confusion regarding the notice for trial which resulted from a 1968 amendment.

Court Commentary
1984 Amendment. Subdivision (a) is amended by adding a sentence to emphasize the authority given in Rrule 1.270(b) for the severing of issues for trial.
Subdivision (c) is amended to delete the reference to law actions so that the rule will apply to all actions in which unliquidated damages are sought.
RULE 1.442. OFFER OF JUDGMENT
Parties shall comply with the procedure set forth in section 768.79, Florida Statutes (1991).
(a) Applicability. This rule applies only to actions for money damages.
(b) Time Requirements. To be effective, an offer of judgment must be served no sooner than 60 days after the offeree has filed its first paper in the action and no later than 60 days prior to trial, except that the offeree may serve a counteroffer within 15 days after service of an offer notwithstanding the time limits of this rule.
(c) Form of Offer.
(1) An offer of judgment may be made by any party or parties.
(2) The offer shall be in writing; shall settle all pending claims; shall state that it is made pursuant to this rule; shall name the party or parties making the offer and the party or parties to whom the offer is made; shall briefly summarize any relevant conditions; shall state the total amount of the offer; and shall include a certificate of service in the form required by Rule 1.080(f).
(d) Counteroffers.
(1) A counteroffer is an offer made by a party with respect to a prior unexpired offer or counteroffer made to that party.
(2) Counteroffers shall conform to all the requirements of offers, except as otherwise specified in this rule.
(c) Service and Filing. The offer of judgment shall be served upon the party or parties to whom it is made but shall not be filed unless accepted or unless necessary to enforce the provisions of this rule.
(f) Acceptance, Failure to Accept and Rejection.
(1) Offers of judgment shall be deemed rejected for purposes of this rule unless accepted by filing both a written acceptance and the written offer with the court within 30 days after service of the offer. Upon proper filing of both the offer and acceptance, the court shall enter judgment thereon.
(2) A counteroffer operates as a rejection of an unexpired offer or unexpired counteroffer.
*1161 (3) A rejection of an offer terminates the offer.
(g) Withdrawal. An offeror may withdraw the offer in a writing served on the offeree before a written acceptance is served on the offeror. Once withdrawn in this manner, the offer is void.
(h) Sanctions.
(1) Upon motion made within 30 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action, the court may impose sanctions equal to reasonable attorneys fees[1] and all reasonable costs of the litigation[2] accruing from the date the relevant offer of judgment was made whenever the court finds both of the following:
(A) that the party against whom sanctions are sought has unreasonably rejected or refused the offer, resulting in unreasonable delay and needless increase in the cost of litigation; and
(B) that either
(i) an offer to pay was refused and the damages awarded in favor of the offeree and against the offeror are less than 75 percent of the offer; or
(ii) an offer to accept payment was refused and the damages awarded in favor of the offeror and against the offeree are more than 125 percent of the offer.
(2) In determining entitlement to and the amount of a sanction, the court may consider any relevant factor, including:
(A) the merit of the claim that was the subject of the offer;
(B) the number, nature and quality of offers and counteroffers made by the parties;
(C) the closeness of questions of fact and law at issue;
(D) whether a party unreasonably refused to furnish information necessary to evaluate the reasonableness of an offer;
(E) whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties;
(F) the fact that, at the time the offer was made and rejected, it was unlikely that the rejection would result in unreasonable cost or delay;
(G) the fact that a party seeking sanctions has himself unreasonably rejected an offer or counteroffer on the same issues or engaged in other unreasonable conduct;
(H) the fact that the proceeding in question essentially was equitable in nature;
(I) the lack of good faith underlying the offer; or
(J) the fact that the judgment was grossly disproportionate to the offer.
(3) No sanction under this rule shall be imposed in any class action or shareholder derivative suit, nor in any proceeding involving dissolution of marriage, alimony, nonsupport, child custody or eminent domain.
(i) Evidence of Offer. Evidence of an offer is admissible only in proceedings to enforce an accepted offer or to determine the imposition of sanctions under this rule, and not otherwise.
1. Obviously, if attorneys fees are otherwise obtainable, the rule would not permit a double recovery of attorneys fees.
2. This is not necessarily limited only to taxable costs.

Court Commentary
1992 Amendment. This rule was repealed in Timmons v. Combs, ___ So.2d ___ (Fla. 1992), in which the supreme court adopted the procedural portion of section 768.79, Florida Statutes (1991), as a rule.
RULE 1.450. EVIDENCE
(a) Adverse Witness. A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party and interrogate him that person by leading questions and contradict and impeach him that person in all respects as if he that person had been called by the adverse party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also and may be cross-examined by *1162 the adverse party only upon the subject matter of his that witness's examination in chief.
(b) Record of Excluded Evidence. In an action tried by a jury if an objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what he the attorney expects to prove by the answer of the witness. The court may require the offer to be made out of the hearing of the jury. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. In actions tried without a jury the same procedure may be followed except that the court upon request shall take and report the evidence in full unless it clearly appears that the evidence is not admissible on any ground or that the witness is privileged.
(c) Filing. When documentary evidence is introduced in an action, the clerk or the judge shall endorse an identifying number or symbol on it and when proffered or admitted in evidence, it shall be filed by him the clerk or judge and considered in the custody of the court and not withdrawn except with written leave of court.
(d) Repealed Sept. 10, 1981, effective Jan. 1, 1982 (403 So.2d 926).
(e) Deleted Sept. 13, 1984, effective Jan. 1, 1985 (458 So.2d 245).
(f) Disposal of Depositions by Clerk.
(1) Depositions Proffered or Admitted in Evidence. Depositions proffered or admitted in evidence shall be subject to disposal under the provisions of Rule 1.450(d).
(2) Unused Depositions. Depositions not proffered or admitted in evidence in a case shall be retained by the clerk until three months after judgment therein becomes final. Thereafter, the clerk, provided the written consent of the Division of Archives, History and Records Management of the Department of State, has been obtained in compliance with section 119.041, Florida Statutes, may destroy or dispose of such unused depositions after giving the parties or their attorneys 10 days' notice by publication in a newspaper qualified for legal advertising and notices under section 50.031, Florida Statutes. Such depositions may be withdrawn by the appropriate party or attorney calling for them during the 10 days.

Committee Notes
1971 Amendment. Subdivision (d) is amended to eliminate the necessity of a court order for disposal of exhibits. The clerk must retain the exhibits for one 1 year unless the court permits removal earlier. If removal is not effected within the year, the clerk may destroy or dispose of the exhibits after giving the specified notice.

Court Commentary
1984 Amendment. Subdivision (d) was repealed by the Ssupreme Ccourt; see 403 So.2d 926 (Fla. 1981).
Subdivision (e): This rule was originally promulgated by the Ssupreme Ccourt in Carter v. Sparkman, 335 So.2d 802, 806 (Fla. 1976).
In The Florida Bar, in re Rules of Civil Procedure, 391 So.2d 165 (Fla. 1980), the Ccourt requested the committee to consider the continued appropriateness of Rrule 1.450(e). In response, the committee recommended its deletion. After oral argument in The Florida Bar: In re Rules of Civil Procedure, 429 So.2d 311 (Fla. 1983), the Ccourt specifically declined to abolish the rule or to adopt a similar rule for other types of actions.
The committee again considered Rrule 1.450(e) in depth and at length and again recommends its deletion for the reason that no exception should be made in the rule to a particular type of action.
Subdivision (f): The West's Desk Copy Florida Rules of Court, at page 62, points out:
"The per curiam opinion of the Florida Supreme Court of June 21, 1979 (403 So.2d 926) provides: `On March 8, 1979, the Court proposed new Rule 1.450 of the Florida Rules of Civil Procedure which would provide for the disposal of exhibits and depositions in civil matters. Absent further action by the Court, the proposed rule *1163 was to become effective July 2, 1979. The Court has carefully considered the responses received regarding proposed Rule 1.450(f) and now feels that the July 2, 1979, effective date does not allow sufficient time for full reflection on matters raised in these responses. Therefore, the effective date for Rule 1.450(f) is, by this order, delayed until further order of the Court."
The retention of court records is the subject of Florida Rule of Judicial Administration Rule 2.075.
RULE 1.460. CONTINUANCES
A motion for continuance shall be in writing unless made at a trial and, except for good cause shown, shall be signed by the party requesting the continuance. The motion shall state all of the facts that the movant contends entitle him the movant to a continuance. If a continuance is sought on the ground of nonavailability of a witness, the motion must show when it is believed the witness will be available.

Committee Notes
1980 Amendment. Subdivision (a), deleted by amendment, was initially adopted when trials were set at a docket sounding prescribed by statute. Even then, the rule was honored more in the breach than the observance. Trials are no longer uniformly set in that manner, and continuances are granted generally without reference to the rule. Under the revised rule, motions for continuance can be filed at any time that the need arises and need not be in writing if the parties are before the court.
1988 Amendment. The Ssupreme Ccourt, by adopting Rule Florida Rule of Judicial Administration 2.085(c), Florida Rules of Judicial Administration, effective July 1, 1986, required all motions for continuance to be signed by the litigant requesting the continuance. The amendment conforms Rrule 1.460 to Rrule 2.085(c); but, by including an exception for good cause, it recognizes that circumstances justifying a continuance may excuse the signature of the party.
RULE 1.470. EXCEPTIONS UNNECESSARY
(a) Adverse Ruling. For appellate purposes no exception shall be necessary to any adverse ruling, order, instruction, or thing whatsoever said or done at the trial or prior thereto or after verdict, which was said or done after objection made and considered by the trial court and which affected the substantial rights of the party complaining and which is assigned as error.
(b) Instructions to Jury. Not later than at the close of the evidence, the parties shall file written requests that the court charge the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the charges to be given. At such conference all objections shall be made and ruled upon and the court shall inform counsel of such charges as it will give. No party may assign as error the giving of any charge unless he that party objects thereto at such time, or the failure to give any charge unless he that party requested the same. The court shall orally charge the jury after the arguments are completed and, when practicable, shall furnish a copy of its charges to the jury.
(c) Orders on New Trial, Directed Verdicts, etc. It shall not be necessary to object or except to any order granting or denying motions for new trials, directed verdicts, or judgments non obstante veredicto or in arrest of judgment to entitle the party against whom such ruling is made to have the same reviewed by an appellate court.

Committee Notes
1988 Amendment. The word "general" in the third sentence of subdivision (b) was deleted to require the court to specifically inform counsel of the changes it intends to give. The last sentence of that subdivision was amended to encourage judges to furnish written copies of their charges to juries.
RULE 1.480. MOTION FOR A DIRECTED VERDICT
(a) Effect. A party who moves for a directed verdict at the close of the evidence offered by the adverse party may offer evidence in the event the motion is denied without having reserved the right to do so and to the same extent as if the motion had *1164 not been made. The denial of a motion for a directed verdict shall not operate to discharge the jury. A motion for a directed verdict shall state the specific grounds therefor. The order directing a verdict is effective without any assent of the jury.
(b) Reservation of Decision on Motion. When a motion for a directed verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within ten 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his the motion for a directed verdict or, if a verdict was not returned, such party may move for judgment in accordance with the motion for a directed verdict within ten 10 days after the jury has been discharged.
(c) Joined Wwith Motion for New Trial. A motion for a new trial may be joined with this motion or a new trial may be requested in the alternative. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned, the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial.
RULE 1.490. MASTERS
(a) General Masters. Judges of the circuit court may appoint as many general masters from among the members of the Bar in the circuit as the judges find necessary, and the general masters shall continue in office until removed by the court. The order making an appointment shall be recorded. Every person appointed as a general master shall take the oath required of officers by the Constitution and the oath shall be recorded before the master discharges any duties of his that office.
(b) Special Masters. The court may appoint members of The Florida Bar as special masters for any particular service required by the court, and they shall be governed by all the provisions of law and rules relating to masters except they shall not be required to make oath or give bond unless specifically required by the order appointing them. Upon a showing that the appointment is advisable, a person other than a member of the Bar may be appointed.
(c) Reference. No reference shall be to a master, either general or special, without the consent of the parties. When a reference is made to a master, either party may set the action for hearing before him the master.
(d) General Powers and Duties. Every master shall perform all of the duties that pertain to the office according to the practice in chancery and under the direction of the court. Process issued by a master shall be directed as provided by law. Hearings before any master, examiner, or commissioner shall be held in the county where the action is pending, but hearings may be held at any place by order of the court within or without the Sstate to meet the convenience of the witnesses or the parties. All grounds of disqualification of a judge shall apply to masters.
(e) Bond. When not otherwise provided by law, the court may require masters who are appointed to dispose of real or personal property to give bond and surety conditioned for the proper payment of all moneys that may come into their hands and for the due performance of their duties as the court may direct. The bond shall be made payable to the State of Florida and shall be for the benefit of all persons aggrieved by any act of the master.
(f) Hearings. The master shall assign a time and place for proceedings as soon as he reasonably can possible after the reference is made and give notice to each of the parties. If any party fails to appear, the master may proceed ex parte or may adjourn the proceeding to a future day, giving notice to the absent party of the adjournment. The master shall proceed with reasonable diligence in every reference and with the least practicable delay. Any party may apply to the court for an order to the master to speed the proceedings and to *1165 make his the report and to certify to the court the reason for any delay. Unless otherwise ordered by the court, all hearings shall be held in the courthouse of the county where the action is pending. The evidence shall be taken in writing by the master or by some other person under his the master's authority in his the master's presence and shall be filed with his the master's report. The master shall have authority to examine the parties on oath upon all matters contained in the reference and to require production of all books, papers, writings, vouchers, and other documents applicable to it and to examine on oath orally all witnesses produced by the parties before him. He The master shall admit evidence by deposition or that is otherwise admissible in court. He The master may take all actions concerning evidence that can be taken by the court and in the same manner. All parties accounting before a master shall bring in their accounts in the form of accounts payable and receivable, and any other parties who are not satisfied with the account may examine the accounting party orally or by interrogatories or deposition as the master directs. All depositions and documents that have been taken or used previously in the action may be used before the master.
(g) Master's Report. In the reports made by the master no part of any statement of facts, account, charge, deposition, examination, or answer used before him the master shall be recited. The matters shall be identified to inform the court what items were used.
(h) Filing Report; Notice; Exceptions. The master shall file his the report and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within the that period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party.

Committee Notes
1971 Amendment. The entire rule has been revised. Obsolete language has been omitted and changes made to meet objections shown by the use of local rules in many circuits. Subdivisions (a) and (b) are not substantially changed. Subdivision (c) is shortened and eliminates the useless priority for setting the matter for hearing to permit either party to go forward. Subdivision (d) eliminates the right of the parties to stipulate to the place of hearing. Subdivision (e) is not substantially changed. Subdivisions (f), (g), (h), and (i) are combined. The right to use affidavits is eliminated because of the unavailability of cross-examination and possible constitutional questions. The vague general authority of the master under subdivision (g) is made specific by limiting it to actions that the Ccourt could take. Subdivision (j) is repealed because it is covered in the new subdivision (f). Subdivision (g) is the same as former subdivision (k) after eliminating the reference to affidavits. Subdivision (h) is the same as former subdivision (l).
1980 Amendment. Subdivision (d) is amended to delete the specific reference to the direction of process so that process issued by the master will be governed by the law applicable to process generally.

Court Commentary
1984 Amendment. The consent of all parties is required for any reference to a special master. Special masters may be used as provided by statute even with the rule change. See, Slatcoff v. Dezen, 74 So.2d 59 (Fla. 1954).
RULE 1.491. CHILD SUPPORT ENFORCEMENT
(a) Limited Application. This rule shall be effective only when specifically invoked by administrative order of the chief justice for use in a particular county or circuit.
(b) Scope. This rule shall apply to proceedings for the establishment, enforcement, or modification of child support wherein the party seeking support is receiving services pursuant to Title IV-D of the Social Security Act (42 U.S.C. §§ 651 §§ 651 et seq.) and to non-Title IV-D proceedings upon administrative order of the chief justice.
(c) Support Enforcement Hearing Officers. The chief judge of each judicial circuit *1166 shall appoint such number of support enforcement hearing officers for the circuit or any county within the circuit as are necessary to expeditiously perform the duties prescribed by this rule. A hearing officer shall be a member of tThe Florida Bar unless waived by the chief justice and shall serve at the pleasure of the chief judge and a majority of the circuit judges in the circuit.
(d) Clerk of Court. Upon the filing of a cause of action or other proceeding for the establishment, enforcement, or modification of support to which this rule applies, the clerk of the circuit court shall refer such proceedings to a support enforcement hearing officer, pursuant to procedures to be established by administrative order of the chief judge.
(e) General Powers and Duties. The support enforcement hearing officer shall be empowered to issue process, administer oaths, require the production of documents, and conduct hearings for the purpose of taking evidence. Upon the receipt of a support proceeding, the support enforcement hearing officer shall:
(1) Aassign a time and place for an appropriate hearing and give notice to each of the parties as may be required by law.;
(2) Ttake testimony and establish a record, which record may be by electronic means as provided by Florida Rule of Judicial Administration 2.070(c).;
(3) Aaccept voluntary acknowledgment of paternity and support liability and stipulated agreements setting the amount of support to be paid.; and
(4) Eevaluate the evidence and promptly make a recommended order to the court for the establishment and enforcement of support. Such order shall set forth findings of fact.
(f) Entry of Order and Relief Ffrom Order. Upon receipt of a recommended order, the court shall review the order and findings of fact and shall enter the same promptly unless good cause appears to amend the order or conduct further proceedings. Any party affected by the order may:
(1) Mmove to vacate the order within ten (10) days from the date of entry., or
(2) Mmove to modify the order at any time.
A motion to vacate the order shall be heard within ten (10) days after the movant applies for a hearing on the motion.

Ad Hoc Committee Notes
1988 Adoption. Title: The terminology "hearing officer" is utilized used rather than "master" to avoid confusion or conflict with RCP rule 1.490.
Subsectiondivision (a): The rule is intended as a fall back mechanism to be utilized used by the chief justice as the need may arise.
Subsectiondivision (b): The expedited process provisions of the applicable federal regulations apply only to matters which fall within the purview of Title IV-D. The committee recognizes, however, that the use of hearing officers could provide a useful case flow management tool in non-Title IV-D support proceedings.
It is contemplated that a circuit could make application to the chief justice for expansion of the scope of the rule upon a showing of necessity and good cause. It is the position of the representative of the Family Law Section of tThe Florida Bar that reference of non-Title IV-D proceedings should require the consent of the parties as is required by RCP rule 1.490(c).
Subsectiondivision (c): It is the position of the committee that hearing officers should be members of the bBar in that jurisdictional and other legal issues are likely to arise in proceedings of this nature. The waiver provision is directed to small counties in which it may be difficult or impossible to find a lawyer willing to serve and to such other special circumstances as may be determined by the chief justice.
Subsectiondivision (d): This paragraph recognizes that the mechanics of reference and operation of a program are best determined at the local level.
Subsectiondivision (e): This paragraph is intended to empower the hearing officer to fully carry out his or her responsibilities *1167 without becoming overly complicated. The authority to enter defaults which is referred to in the federal regulations is omitted, the committee feeling that the subject matter is fully and adequately covered by RCP rule 1.500.
The authority to accept voluntary acknowledgments of paternity is included at the request of the Department of Health and Rehabilitative Services. Findings of fact are included in the recommended order to provide the judge to whom the order is referred basic information relating to the subject matter.
Subsectiondivision (f): Expedited process is intended to eliminate or minimize delays which are perceived to exist in the normal processing of cases. This paragraph is intended to require the prompt entry of an order and to guarantee due process to the obligee.
General Note: This proposed rule, in substantially the same form, was circulated to each of the chief judges for comment. Five responses were received. Two responding endorsed the procedure, and three 3 responding felt that any rule of this kind would be inappropriate. The committee did not address the question of funding, which included not only salaries of hearing officers and support personnel, but also capital outlay for furniture, fixtures, equipment and space, and normal operating costs. The committee recognizes that the operational costs of such programs may be substantial and recommends that this matter be addressed by an appropriate body.
RULE 1.500. DEFAULTS AND FINAL JUDGMENTS THEREON
(a) By the Clerk. When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he that party shall be served with notice of the application for default.
(c) Right to Plead. A party may plead or otherwise defend at any time before default is entered. If a party in default files any paper after the default is entered, the clerk shall notify the party of the entry of the default. The clerk shall make an entry on the progress docket showing the notification.
(d) Setting Aaside Default. The court may set aside a default, and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with Rrule 1.540(b).
(e) Final Judgment. Final judgments after default may be entered by the court at any time, but no judgment may be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other representative who has appeared in it or unless the court has made an order under Rrule 1.210(b) providing that no representative is necessary for the infant or incompetent. If it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter to enable the court to enter judgment or to effectuate it, the court may receive affidavits, make references, or conduct hearings as it deems necessary and shall accord a right of trial by jury to the parties when required by the Constitution or any statute.

Court Commentary
1984 Amendment. Subdivision (c) is amended to change the method by which the clerk handles papers filed after a default is entered. Instead of returning the papers to the party in default, the clerk will now be required to file them and merely notify the party that a default has been entered. The party can then take whatever action the party believes is appropriate.
This is to enable the court to judge the effect, if any, of the filing of any paper upon the default and the propriety of entering final judgment without notice to the *1168 party against whom the default was entered.
RULE 1.510. SUMMARY JUDGMENT
(a) For Claimant. A party seeking to recover upon a claim, counterclaim, cross-claim crossclaim, or third-party claim or to obtain a declaratory judgment may move for a summary judgment in his that party's favor upon all or any part thereof with or without supporting affidavits at any time after the expiration of twenty 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party.
(b) For Defending Party. A party against whom a claim, counterclaim, cross-claim crossclaim, or third-party claim is asserted or a declaratory judgment is sought may move for a summary judgment in his that party's favor as to all or any part thereof at any time with or without supporting affidavits.
(c) Motion and Proceedings Thereon. The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall be served at least twenty 20 days before the time fixed for the hearing. The adverse party may serve opposing affidavits by mailing the affidavits at least 5 days prior to the day of the hearing, or by delivering the affidavits to the movant's attorney no later than 5:00 p.m. two business days prior to the day of hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
(d) Case Not Fully Adjudicated on Motion. On motion under this rule if judgment is not rendered upon the whole case or for all the relief asked and a trial or the taking of testimony and a final hearing is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. On the trial or final hearing of the action the facts so specified shall be deemed established, and the trial or final hearing shall be conducted accordingly.
(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
(f) When Affidavits Are Unavailable. If it appears from the affidavits of a party opposing the motion that he the party cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
(g) Affidavits Made in Bad Faith. If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him the other party to incur, including reasonable attorney's' fees, and any offending party or attorney may be adjudged guilty of contempt.

*1169 Committee Notes
1976 Amendment. Subdivision (c) has been amended to require a movant to state with particularity the grounds and legal authority which he the movant will rely upon in seeking summary judgment. This amendment will eliminate surprise and bring the summary judgment provision rule into conformity with the identical provision in Rrule 1.140(b) with respect to motions to dismiss.
1992 Amendment. The amendment to subdivision (c) will require timely service of opposing affidavits, whether by mail or by delivery, prior to the day of the hearing on a motion for summary judgment.
RULE 1.520. VIEW
Upon motion of either party the jury may be taken to view the premises or place in question or any property, matter, or thing relating to the controversy between the parties when it appears that view is necessary to a just decision; but the party making the motion shall advance a sum sufficient to defray the expenses of the jury and the officer who attends them in taking the view, which expense shall be taxed as costs if the party who advanced it prevails.
RULE 1.530. MOTIONS FOR NEW TRIAL AND REHEARING; AMENDMENTS OF JUDGMENTS
(a) Jury and Non-jJury Actions. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment.
(b) Time for Motion. A motion for new trial or for rehearing shall be served not later than 10 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.
(c) Time for Serving Affidavits. When a motion for a new trial is based on affidavits, they the affidavits shall be served with the motion. The opposing party has ten 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding twenty 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits.
(d) On Initiative of Court. Not later than ten 10 days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.
(e) When Motion for Is Unnecessary; Non-Jury Case. When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal by an assignment of error whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.
(f) Order Granting to Specify Grounds. All orders granting a new trial shall specify the specific grounds therefor. If such an order is appealed and does not state the specific grounds, the appellate court shall relinquish its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial.
(g) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than ten 10 days after entry of the judgment, except that this rule does not affect the remedies in Rrule 1.540(b).

Committee Notes
1992 Amendment. In subdivision (e), the reference to assignments of error is eliminated to conform to amendments to the Florida Rules of Appellate Procedure.

Court Commentary
1984 Amendment. Subdivision (b): This clarifies the time in which a motion for rehearing may be served. It specifies that the date of filing as shown on the face of *1170 the judgment in a non-jury action is the date from which the time for serving a motion for rehearing is calculated.
There is no change in the time for serving a motion for new trial in a jury action, except the motion may be served before the rendition of the judgment.
RULE 1.540. RELIEF FROM JUDGMENT, DECREES, OR ORDERS
(a) Clerical Mistakes. Clerical mistakes in judgments, decrees, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud,; etc. On motion and upon such terms as are just, the court may relieve a party or his a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one 1 year after the judgment, decree, order, or proceeding was entered or taken, except that there shall be no time limit for motions based on fraudulent financial affidavits in marital cases. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.

Committee Notes
1992 Amendment. Subdivision (b) is amended to remove the 1-year limitation for a motion under this rule based on fraudulent financial affidavits in marital cases.
RULE 1.550. EXECUTIONS AND FINAL PROCESS
(a) Issuance. Executions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or his that party's attorney without praecipe. No execution or other final process shall issue until the judgment on which it is based has been recorded nor within the time for serving a motion for new trial or rehearing, and if a motion for new trial or rehearing is timely served, until it is determined; provided execution or other final process may be issued on special order of the court at any time after judgment.
(b) Stay. The court before which an execution or other process based on a final judgment is returnable may stay such execution or other process and suspend proceedings thereon for good cause on motion and notice to all adverse parties.
RULE 1.560. DISCOVERY IN AID OF EXECUTION
In aid of a judgment, decree, or execution the judgment creditor or his the successor in interest, when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.

*1171 Committee Notes
1972 Amendment. The rule is expanded to permit discovery in any manner permitted by the rules and conforms to the 1970 change in Federal Rule of Civil Procedure 69(a).
RULE 1.570. ENFORCEMENT OF FINAL JUDGMENTS
(a) Money Judgments. Final process to enforce a judgment solely for the payment of money shall be by execution, writ of garnishment, or other appropriate process or proceedings.
(b) Property Recovery. Final process to enforce a judgment for the recovery of property shall be by a writ of possession for real property and by a writ of replevin, distress writ, writ of garnishment, or other appropriate process or proceedings for other property.
(c) Performance of an Act. If judgment is for the performance of a specific act or contract:
(1) the judgment shall specify the time within which the act shall be performed. If the act is not performed within the time specified, the party seeking enforcement of the judgment shall make an affidavit that the judgment has not been complied with within the prescribed time and the clerk shall issue a writ of attachment against the delinquent party. The delinquent party shall not be released from the writ of attachment until he that party has complied with the judgment and paid all costs accruing because of the failure to perform the act. If the delinquent party cannot be found, the party seeking enforcement of the judgment shall file an affidavit to this effect and the court shall issue a writ of sequestration against the delinquent party's property. The writ of sequestration shall not be dissolved until the delinquent party complies with the judgment; or
(2) the court may hold the disobedient party in contempt; or
(3) the court may appoint some person, not a party to the action, to perform the act insofar as practicable. The performance of the act by the person appointed shall have the same effect as if performed by the party against whom the judgment was entered.
(d) Vesting Title. If the judgment is for a conveyance, transfer, release, or acquittance of real or personal property, the judgment shall have the effect of a duly executed conveyance, transfer, release, or acquittance that is recorded in the county where the judgment is recorded. A judgment under this subdivision shall be effective notwithstanding any disability of a party.

Committee Notes
1980 Amendment. This rule has been subdivided and amended to make it more easily understood. No change in the substance of the rule is intended. Subdivision (d) is partly derived from Federal Rule of Civil Procedure 70.
RULE 1.580. WRIT OF POSSESSION
(a) Issuance. When a judgment or order is for the delivery of possession of real property, the judgment or order shall direct the clerk to issue a writ of possession. The clerk shall issue the writ forthwith and deliver it to the sheriff for execution.
(b) Third-Party Claims. If a person other than the party against whom the writ of possession is issued is in possession of the property, he that person may retain possession of the property by filing with the sheriff an affidavit that he the person is entitled to possession of the property, specifying the nature of his the claim. Thereupon the sheriff shall desist from enforcing the writ and shall serve a copy of the affidavit on the party causing issuance of the writ of possession. The party causing issuance of the writ may apply to the court for an order directing the sheriff to complete execution of the writ. The court shall determine the right of possession in the property and shall order the sheriff to continue to execute the writ or shall stay execution of the writ, if appropriate.

Committee Notes
1980 Amendment. There was inadvertently continued the difference between writs of assistance and writs of possession when law and chancery procedure was consolidated. The amendment eliminates the *1172 distinction. Writs of assistance are combined with writs of possession. The amendment provides for issuance and the determination of third-party claims. The only change is to shift the burden of the affidavit from the person causing the writ to be executed to the third person who contends that its execution is inappropriate.
RULE 1.590. PROCESS IN BEHALF OF AND AGAINST PERSONS NOT PARTIES
Every person who is not a party to the action who has obtained an order, or in whose favor an order has been made, may enforce obedience to such order by the same process as if he that person were a party, and every person, not a party, against whom obedience to any order may be enforced shall be liable to the same process for enforcing obedience to such orders as if he that person were a party.
RULE 1.610. INJUNCTIONS
(a) Temporary Injunction.
(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts that have been made to give notice; and
(C) the reasons why notice should not be required.
(2) No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary injunction unless the adverse party appears at the hearing or has received reasonable notice of the hearing. Every temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk's office and shall define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given. The temporary injunction shall remain in effect until the further order of the court.
(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.
(c) Form and Scope. Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document, and shall be binding on the parties to the action, their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.
(d) Motion to Dissolve. A party against whom a temporary injunction has been granted may move to dissolve or modify it at any time. If a party moves to dissolve or modify, the motion shall be heard within 5 days after the movant applies for a hearing on the motion.

Committee Notes
1980 Amendment. This rule has been extensively amended so that it is similar to Federal Rule of Civil Procedure 65. The requirement that an injunction not be issued until a complaint was filed has been deleted as unnecessary. A pleading seeking an injunction or temporary restraining order must still be filed before either can be entered. The rule now provides for a temporary restraining order without notice that will expire automatically unless a hearing on a preliminary injunction is held and a preliminary injunction granted. The contents of an injunctive order are specified. *1173 The binding effect of an injunctive order is specified, but does not change existing law. Motions to dissolve may be made and heard at any time. The trial on the merits can be consolidated with a hearing on issuance of a preliminary injunction, and the trial can be advanced to accommodate this.

Court Commentary
1984 Amendment. Considerable dissatisfaction arose on the adoption of the 1980 rule, particularly because of the creation of the temporary restraining order with its inflexible time limits. See Sun Tech, Inc. of South Florida v. Fortune Personnel Agency of Ft.Fort Lauderdale, 412 So.2d 962 (Fla. 4th DCA 1982). The attempt to balance the rights of the parties in 1980 failed because of court congestion and the inability in the existing circumstances to accommodate the inflexible time limits. These changes will restore injunction procedure to substantially the same as that existing before the 1980 change. The temporary restraining order terminology and procedure is abolished. The former procedure of temporary and permanent injunctions is restored. The requirement of findings and reasons and other details in an injunctive order are retained.
Subdivision (b) eliminates the need for a bond on a temporary injunction issued to prevent physical injury or abuse of a natural person.
Subdivision (e) institutes a requirement that a motion to dissolve an injunction shall be heard within five 5 days after the movant applies for it. This provision emphasizes the importance of a prompt determination of the propriety of injunctive relief granted without notice or, if the circumstances have changed since the issuance of the injunctive order, the need for speedy relief as a result of the changes. Former subdivisions (a), and (b)(3), and (b)(4) have been repealed because the new procedure makes them superfluous. The right of the court to consolidate the hearing on a temporary injunction with the trial of the action is not affected because that can still be accomplished under Rrule 1.270(a).
RULE 1.611. DISSOLUTION OF MARRIAGE (DIVORCE)MARITAL AND POST-MARITAL PROCEEDINGS
(a) Financial StatementAffidavit. Every application for temporary alimony, child support, attorneys' fees or suit money shall be accompanied by an affidavit specifying the party's financial circumstances. The affidavit shall be served at the same time that notice of hearing on the application is served. The opposing party shall make an affidavit about his financial circumstances and shall serve it before or at the hearing. If no application for a temporary award is made, the parties shall make and serve the affidavits at least 10 days before the trial if permanent alimony, child support, attorneys' fees or suit money is sought. If a party is not represented by an attorney, sufficient time will be allowed the party to prepare the required affidavit at hearing or trial. The affidavits shall be in substantially the form approved by the Supreme Court. On the request of either party the affidavits and any other financial information may be sealed. Each party seeking (1) child support, alimony, or modification thereof; (2) equitable distribution of assets or debts; or (3) attorneys' fees, suit money, or court costs shall serve upon all parties a financial affidavit in substantial conformity with form 1.975. The party against whom the relief is sought shall serve upon all other parties an affidavit in substantial conformity with form 1.975. If no application for a temporary award is made, the parties shall make and serve affidavits at least 10 days before the trial. Each party applying for temporary alimony, temporary child support, or temporary attorneys' fees, suit money, or court costs shall serve upon all parties a financial affidavit in substantial conformity with form 1.975. The affidavit of the moving party shall be served with the notice of hearing on temporary relief. The affidavit of the party against whom relief is sought must be received by the moving party at least 2 days before the hearing on temporary relief.
*1174 (b) Payment to Public Officer.
(1) If the chief judge of the circuit by administrative order authorizes the creation of a central governmental depository for the circuit or county within the circuit to receive, record, and disburse all support alimony or maintenance payments, as provided in Fla. Stat. (1983) § section 61.181, Florida Statutes (1983), the court may direct that payment be made to the officer designated in the administrative order.
(2) If the court so directs, the payments shall be made to the officer designated. The officer shall keep complete and accurate accounts of all payments received. Payments shall be made by cash, money order, cashier's check, or certified check. The officer shall promptly disburse the proceeds to the party entitled to receive them under the judgment or order. Payment may be enforced by the party entitled to it or the court may establish a system under which the officer issues a motion for enforcement and a notice of hearing in the form approved by the Ssupreme Ccourt. The motion and notice shall be served on the defaulting party in person or by mail. At the hearing the court shall enter an appropriate order based on the testimony presented to it.
(c) Simplified Dissolution Procedure.
(1) The parties to the dissolution may file a petition for simplified dissolution if they certify under oath that: Tthere are no minor or dependent children of the parties and the wife is not now pregnant; the parties have made a satisfactory division of their property and have agreed as to payment of their joint obligations; and the other facts set forth in Fform 1.943(b) are true.
(2) The clerk shall submit the petition to the court. The court shall expeditiously consider the cause. The parties shall appear before the court in every case and, if the court so directs, testify. The court, after examination of the petition and personal appearance of the parties, shall enter a judgment granting the dissolution if the requirements of this subsectiondivision have been established and there has been compliance with the waiting period required by statute.
(3) Corroboration of the residency of the parties may be by affidavit in substantially the form provided in Form 1.943(c). The Financial Affidavit, Fform 1.943(d), and the Property Settlement Agreement, Fform 1.943(e), may be used when appropriate.
(4) Upon the entry of the judgment, the clerk shall furnish to each party a certified copy of the final judgment of dissolution, which shall be in substantially the form provided in Fform 1.995(b).
(5) The clerk shall provide forms for the parties whose circumstances meet the requirements of this subsection and shall assist in the preparation of the petition for dissolution and other papers to be filed in the action.
(d) Corroboration of Residency. In all dissolution of marriage proceedings in which residency is not a contested issue, corroboration of the residency of the parties may be by affidavit in substantially the form provided in form 1.943(c).

Committee Notes
1971 Adoption. This rule was adopted in 1971 to embody parts of local rules in use in parts of the Sstate. Subdivision (a) provides a convenient and expeditious method by which the Ccourt and the parties may be told of the financial circumstances of the parties. Subdivision (b) makes uniform the practice concerning payment under the final decrees and judgments. Those circuits having statutory authority are accommodated by subdivision (b)(1). Other courts may use the procedure under subdivision (b)(2).
1992 Amendment. The title is changed to reflect the new scope of the rule. Subdivision (a) is substantially rewritten to expand the scope of the rule. The first sentence of subdivision (c)(3) has been transferred as a separate subdivision (d) to provide for residency to be corroborated by affidavit in any dissolution proceeding when residency is not a contested issue.
RULE 1.612 TERMINATION OF PREGNANCIES OF UNMARRIED MINORS
(a) Commencement. The action shall be commenced by filing a petition in circuit *1175 court by the unmarried minor or another person on her behalf.
(b) Petition. No defect in the form of the petition shall impair substantial rights and no defect in the statement of jurisdictional facts shall render any proceeding void. The petition for termination of pregnancy shall state:
(1) The interest of the petitioner and his or her name and address.
(2) The date of birth of the minor.
(3) The name, last known address, and telephone number of the parents, custodian, or legal guardian of the minor.
(4) That the minor is under age of 18 years and unmarried.
(5) That the minor is pregnant.
(6) A short and plain statement of the facts and a reasonable basis for establishing any of the following:
(A) That the minor is sufficiently mature to give an informed consent to the procedure; or
(B) That consent of the parent, custodian or legal guardian is being unreasonably withheld; or
(C) That the facts justify the minor's fear of physical or emotional abuse if her parent(s), custodian(s) or legal guardian(s) were requested to consent; or
(D) Any other good cause.
(c) Hearing. At the discretion of the court an order on the petition may be entered ex parte. If the court requires a hearing, it shall be held expeditiously. The clerk shall give notice to the minor and any petitioner on her behalf before the hearing.
(d) Judgment. The court shall enter a judgment within 48 hours after the petition is filed unless the time is extended at the request of the minor. The judgment shall recite findings in support of the ruling. If no judgment is entered within the time period, the petition shall be deemed granted and the clerk shall place a certificate to this effect in the file.
(e) Confidentiality. The proceedings shall be confidential so that the minor shall remain anonymous. The file shall be sealed unless otherwise ordered by the court. If the petition is granted, the clerk shall furnish a certified copy of the judgment or clerk's certificate to the petitioner for delivery to the minor's physician.
1992 Amendment. This rule is deleted because the related parental consent statute (section 390.001(4)(a), Florida Statutes) was declared unconstitutional in In re: T.W., 551 So.2d 1186 (Fla. 1989).
RULE 1.620. RECEIVERS
(a) Notice. The provisions of Rrule 1.610 as to notice shall apply to applications for the appointment of receivers.
(b) Report. Every receiver shall file in the clerk's office a true and complete inventory under oath of the property coming under his the receiver's control or possession under his the receiver's appointment within twenty 20 days after his appointment. Every three 3 months unless the court otherwise orders, the receiver shall file in the same office an inventory and account under oath of any additional property or effects which he the receiver has discovered or which shall have come to his the receiver's hands since his appointment, and of the amount remaining in his the hands of or invested by him the receiver, and of the manner in which the same is secured or invested, stating the balance due from or to him the receiver at the time of rendering his the last account and his the receipts and expenditures since that time. When a receiver neglects to file the inventory and account, the court shall enter an order requiring the receiver to file such inventory and account and to pay out of his the receiver's own funds the expenses of the order and the proceedings thereon within not more than twenty 20 days after being served with service of a copy of such order upon him.
(c) Bond. The court may grant leave to put the bond of the receiver in suit against the sureties without notice to the sureties of the application for such leave.
RULE 1.630. EXTRAORDINARY REMEDIES
(a) Applicability. This rule applies to actions for the issuance of writs of mandamus, *1176 prohibition, quo warranto, certiorari, and habeas corpus.
(b) Initial Pleading. The initial pleading shall be a complaint. It shall contain:
(1) the facts on which the plaintiff relies for relief;
(2) a request for the relief sought; and
(3) if desired, argument in support of the petition with citations of authority.
The caption shall show the action filed in the name of the plaintiff in all cases and not on the relation of the state. When the complaint seeks a writ directed to a lower court or to a governmental or administrative agency, a copy of as much of the record as is necessary to support the plaintiff's complaint shall be attached.
(c) Time. A complaint shall be filed within the time provided by law.
(d) Process. If the complaint shows a prima facie case for relief, the court shall issue:
(1) a summons in certiorari;
(2) an order nisi in prohibition;
(3) an alternative writ in mandamus that may incorporate the complaint by reference only;
(4) a writ of quo warranto; or
(5) a writ of habeas corpus.
The writ shall be served in the manner prescribed by law, except the summons in certiorari shall be served as provided in Rrule 1.080(b).
(e) Response. Defendant shall respond to the writ as provided in Rrule 1.140, but the answer in quo warranto shall show better title to the office when the writ seeks an adjudication of the right to an office held by the defendant.

Court Commentary
1984 Amendment. Rule 1.630 replaces rules and statutes used before 1980 when the present Florida Rules of Appellate Procedure were adopted. Experience has shown that Rrule 9.100 is not designed for use in trial court. The times for proceeding, the methods of proceeding, and the general nature of the procedure is appellate and presumes that the proceeding is basically an appellate proceeding. When the extraordinary remedies are sought in the trial court, these items do not usually exist and thus the rule is difficult to apply. The uniform procedure concept of Rrule 9.100 has been retained with changes making the procedure fit trial court procedure. The requirement of attaching a copy of the record in subdivision (b) may not be possible within the time allowed for the initial pleading because of the unavailability of the record. In that event the plaintiff should file a motion to extend the time to allow the preparation of the record and supply it when prepared. The filing of a motion to extend the time should be sufficient to extend it until the motion can be decided by the court.
RULE 1.650. MEDICAL MALPRACTICE PRESUIT SCREENING RULE
(a) Scope of Rule. This rule applies only to the procedures prescribed by Ssection 768.57, Florida Statutes, for presuit screening of claims for medical malpractice.
(b) Notice.
(1) Notice of intent to initiate litigation sent by certified mail to and received by any prospective defendant shall operate as notice to the person and any other prospective defendant who bears a legal relationship to the prospective defendant receiving the notice. The notice shall make the recipient a party to the proceeding under this rule.
(2) The notice shall include the names and addresses of all other parties and shall be sent to each party.
(3) The court shall decide the issue of receipt of notice when raised in a motion to dismiss or to abate an action for medical malpractice.
(c) Discovery.
(1) Types. Upon receipt by a prospective defendant of a notice of intent to initiate litigation, the parties may obtain presuit screening discovery by one or more of the following methods: unsworn statements upon oral examination; production of documents or things; and physical examinations. Unless otherwise provided in this *1177 rule, the parties shall make discoverable information available without formal discovery. Evidence of failure to comply with this rule may be grounds for dismissal of claims or defenses ultimately asserted.
(2) Procedures for Conducting.
(A) Unsworn Statements  . The parties may require other parties to appear for the taking of an unsworn statement. The statements shall only be used for the purpose of presuit screening and are not discoverable or admissible in any civil action for any purpose by any party. A party desiring to take the unsworn statement of any party shall give reasonable notice in writing to all parties. The notice shall state the time and place for taking the statement and the name and address of the party to be examined. Unless otherwise impractical, the examination of any party shall be done at the same time by all other parties. Any party may be represented by an attorney at the taking of an unsworn statement. Statements may be electronically or stenographically recorded, or recorded on video tape. The taking of unsworn statements is subject to the provisions of Rrule 1.310(d) and may be terminated for abuses. If abuses occur, the abuses shall be evidence of failure of that party to comply with the good faith requirements of Ssection 768.57, Florida Statutes.
(B) Documents or Things  . At any time after receipt by a party of a notice of intent to initiate litigation, a party may request discoverable documents or things. The documents or things shall be produced at the expense of the requesting party within 20 days of the date of receipt of the request. A party is required to produce discoverable documents or things within that party's possession or control. Copies of documents produced in response to the request of any party shall be served on all other parties. The party serving the documents shall list the name and address of the parties upon whom the documents were served, the date of service, the manner of service, and the identity of the document served in the certificate of service. Failure of a party to comply with the above time limits shall not relieve that party of its obligation under the statute but shall be evidence of failure of that party to comply with the good faith requirements of Ssection 768.57, Florida Statutes.
(C) Physical examinations  . Upon receipt by a party of a notice of intent to initiate litigation and within the presuit screening period, a party may require a claimant to submit to a physical examination. The party shall give reasonable notice in writing to all parties of the time and place of the examination. Unless otherwise impractical, a claimant shall be required to submit to only one examination on behalf of all parties. The practicality of a single examination shall be determined by the nature of the claimant's condition as it relates to the potential liability of each party. The report of examination shall be made available to all parties upon payment of the reasonable cost of reproduction. The report shall not be provided to any person not a party at any time. The report shall only be used for the purpose of presuit screening and the examining physician may not testify concerning the examination in any subsequent civil action. All requests for physical examinations or notices of unsworn statements shall be in writing and a copy served upon all parties. The requests or notices shall bear a certificate of service identifying the name and address of the person upon whom the request or notice is served, the date of the request or notice, and the manner of service.
(3) Work Product. Work product generated by the presuit screening process that is subject to exclusion in a subsequent proceeding is limited to verbal or written communications that originate pursuant to the presuit screening process.
(d) Time Requirements.
(1) The Nnotice of Iintent to Iinitiate Llitigation shall be served by certified mail, return receipt requested, prior to the expiration of any applicable statute of limitations. If an extension has been granted under Ssection 768.495(2), Florida Statutes, or by agreement of the parties, the notice shall be served within the extended period.
*1178 (2) The action may not be filed against any defendant until 90 days after the Nnotice of Iintent to Iinitiate Llitigation was mailed to that party. The action may be filed against any party at any time after the Nnotice of Iintent to Iinitiate Llitigation has been mailed after the claimant has received a written rejection of the claim from that party.
(3) To avoid being barred by the applicable statute of limitations, an action must be filed within 60 days or within the remainder of the time of the statute of limitations after the Nnotice of Iintent to Iinitiate Llitigation was mailed, whichever is longer, after the earliest of the following:
(A) The expiration of 90 days after the date of mailing of the Nnotice of Iintent to Iinitiate Llitigation; or.
(B) The expiration of 180 days after mailing of the Nnotice of Iintent to Iinitiate Llitigation if the claim is controlled by Ssection 768.28(6)(a), Florida Statutes; or.
(C) Receipt by claimant of a written rejection of the claim; or.
(D) The expiration of any extension of the 90-day presuit screening period stipulated to by the parties in accordance with Ssection 768.57(4), Florida Statutes.
RULE 1.700. RULES COMMON TO MEDIATION OR AND ARBITRATION
(a) Referral by Presiding Judge or by Stipulation. Except as hereinafter provided, the presiding judge may order any contested civil matter or selected issues referred to mediation or arbitration. The parties to any contested civil matter may file a written stipulation to mediate or arbitrate any issue between them at any time. Such stipulation shall be incorporated into the order of referral.
(1) Conference or Hearing Date. Unless otherwise ordered by the court, the first mediation conference or arbitration hearing shall be held within 60 days of the order of referral.
(2) Notice. Within 10 days after the order of referral, the court or its designee, who may be the mediator or arbitrator, shall notify the parties in writing of the date, time, and place of the conference or hearing unless the order of referral specifies the date, time, and place.
(b) Motion to Dispense Wwith Mediation and Arbitration. A party may move, within 15 days after the order of referral, to dispense with mediation or arbitration, if:
(1) Tthe issue to be considered has been previously mediated or arbitrated between the same parties pursuant to Florida law;
(2) Tthe issue presents a question of law only;
(3) Tthe order violates rule 1.710(b); or
(4) Oother good cause is shown.
(c) Motion to Defer Mediation or Arbitration. Within 15 days of the order of referral, any party may file a motion with the court to defer the proceeding. The movant shall set the motion to defer for hearing prior to the scheduled date for mediation or arbitration. Notice of the hearing shall be provided to all interested parties, including any mediator or arbitrator who has been appointed. The motion shall set forth, in detail, the facts and circumstances supporting the motion. Mediation or arbitration shall be tolled until disposition of the motion.
(d) Disqualification of a Mediator or Arbitrator. Any party may move to enter an order disqualifying a mediator or an arbitrator for good cause. If the court rules that a mediator or arbitrator is disqualified from hearing a case, an order shall be entered setting forth the name of a qualified replacement. Nothing in this provision shall preclude mediators or arbitrators from disqualifying themselves or refusing any assignment. The time for mediation or arbitration shall be tolled during any periods in which a motion to disqualify is pending.
RULE 1.710. MEDIATION RULES
(a) Completion of Mediation. Mediation shall be completed within 45 days of the first mediation conference unless extended by order of the court or by stipulation of the parties.
(b) Exclusions from Mediation. The following actions shall not be referred to *1179 mediation except upon petition of all parties:
(1) Appeals from rulings of administrative agencies;.
(2) Bond estreatures;.
(3) Forfeitures of seized property;.
(4) Habeas corpus and extraordinary writs;.
(5) Bond validations;.
(6) Declaratory relief; or.
(7) Other matters as may be specified by administrative order of the Cchief Jjudge in the Ccircuit.
(c) Discovery. Discovery may continue throughout mediation.
RULE 1.720. MEDIATION PROCEDURES
(a) Interim or Emergency Relief. A party may apply to the court for interim or emergency relief at any time. Mediation shall continue while such a motion is pending absent a contrary order of the court, or a decision of the mediator to adjourn pending disposition of the motion. Time for completing mediation shall be tolled during any periods when mediation is interrupted pending resolution of such a motion.
(b) Sanctions for Failure to Appear. If a party fails to appear at a duly noticed mediation conference without good cause, the court upon motion shall impose sanctions, including an award of mediator and attorneys' fees and other costs, against the party failing to appear. If a party to mediation is a public entity required to conduct its business pursuant to chapter 286, Florida Statutes, that party shall be deemed to appear at a mediation conference by the physical presence of a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity. Otherwise, unless stipulated by the parties, a party is deemed to appear at a mediation conference if the following persons are physically present:
(1) The party or its representative having full authority to settle without further consultation; and.
(2) The party's counsel of record, if any; and.
(3) A representative of the insurance carrier for any insured party who is not such carrier's outside counsel and who has full authority to settle without further consultation.
(c) Adjournments. The mediator may adjourn the mediation conference at any time and may set times for reconvening the adjourned conference notwithstanding rule 1.710(a). No further notification is required for parties present at the adjourned conference.
(d) Counsel. The mediator shall at all times be in control of the mediation and the procedures to be followed in the mediation. Counsel shall be permitted to communicate privately with their clients. In the discretion of the mediator and with the agreement of the parties, mediation may proceed in the absence of counsel unless otherwise ordered by the court.
(e) Communication Wwith Parties. The mediator may meet and consult privately with any party or parties or their counsel.
(f) Appointment of the Mediator.
(1) Within 10 days of the order of referral, the parties may agree upon a stipulation with the court designating:
(aA) Aa certified mediator; or
(bB) Aa mediator who does not meet the certification requirements of these rules but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.
(2) If the parties cannot agree upon a mediator within 10 days of the order of referral, the plaintiff or petitioner shall so notify the court within 10 days of the expiration of the period to agree on a mediator, and the court shall appoint a certified mediator selected by rotation or by such other procedures as may be adopted by administrative order of the chief judge in the circuit in which the action is pending.
(3) If a mediator agreed upon by the parties or appointed by a court cannot *1180 serve, a substitute mediator can be agreed upon or appointed in the same manner as the original mediator. A mediator shall not mediate a case assigned to another mediator without such the agreement by of the parties or approval of the court. A substitute mediator shall have the same qualifications as the original mediator.
(g) Compensation of the Mediator. The mediator may be compensated or uncompensated. When the mediator is compensated in whole or part by the parties, the presiding judge may determine the reasonableness of the fees charged by the mediator. In the absence of a written agreement providing for the mediator's compensation, the mediator shall be compensated at the hourly rate set by the presiding judge in the referral order. Where appropriate, each party shall pay a proportionate share of the total charges of the mediator. Parties may object to the rate of the mediator's compensation within 15 days of the order of referral by serving an objection on all other parties and the mediator.
RULE 1.730. COMPLETION OF MEDIATION
(a) No Agreement. If the parties do not reach an agreement as to any matter as a result of mediation, the mediator shall report the lack of an agreement to the court without comment or recommendation. With the consent of the parties, the mediator's report may also identify any pending motions or outstanding legal issues, discovery process, or other action by any party which, if resolved or completed, would facilitate the possibility of a settlement.
(b) Agreement. If an agreement is reached, it shall be reduced to writing and signed by the parties and their counsel, if any. The agreement shall be filed when required by law or with the parties' consent. If the agreement is not filed, a joint notice of dismissal shall be filed. By stipulation of the parties, the agreement may be electronically or stenographically recorded. In such event, the transcript may be filed with the court.
(c) Imposition of Sanctions. In the event of any breach or failure to perform under the agreement, the court upon motion may impose sanctions, including costs, attorneys' fees, or other appropriate remedies including entry of judgment on the agreement.
RULE 1.800. CASE ELIGIBILITY FOR COURT-ORDERED NON-BINDING ARBITRATION
(a) Exclusions From Arbitration. The following categories of claims shall not be referred to non-binding arbitration except upon petition of all parties:
(1) Appeals from rulings of administrative agencies.
(2) Bond estreatures.
(3) Forfeitures of seized properties.
(4) Habeas corpus or other extraordinary writs.
(5) Bond validations.
(6) Declaratory relief.
(7) Collection matters supported by duly executed promissory obligations.
(8) Mortgage foreclosures.
(9) Condemnation actions.
(10) Proceedings under Cchapters 61, 63, 88, and 742, Florida Statutes.
(11) Name changes.
(12) Any litigation expedited by statute or rule.
(13) Cases in which there has been previous statutorily mandated arbitration.
(14) Civil or criminal contempt.
(15) Such other matters as may be specified by order of the Cchief Jjudge in the Ccircuit.
(16) Cases referred to mediation pursuant to Rrule 1.700(a) of these rules.
RULE 1.810. SELECTION, QUALIFICATION, TRAINING, AND COMPENSATION OF ARBITRATORS
(a) Selection. The Cchief Jjudge of the Ccircuit or his a designee shall maintain a list of qualified persons who have agreed to serve as arbitrators. Cases assigned to arbitration shall be assigned to an arbitrator or to a panel of three 3 arbitrators. The court shall determine the number of arbitrators and designate them within 15 days after service of the order of referral *1181 in the absence of an agreement by the parties. In the case of a panel, one of the arbitrators shall be appointed as the chief arbitrator.
(b) Qualification. Arbitrators shall be members of tThe Florida Bar, except where otherwise agreed by the parties. The chief arbitrator shall have been a member of tThe Florida Bar for at least five 5 years. Individuals who are not members of tThe Florida Bar may serve as arbitrators upon the agreement of all parties.
(c) Training. All arbitrators shall attend 4 hours of training in a program approved by the Supreme Court of Florida.
(d) Compensation. The Cchief Jjudge of each Jjudicial Ccircuit shall establish the compensation of arbitrators subject to the limitations in section 44.303(2), Florida Statutes (1987).
RULE 1.820. HEARING PROCEDURES FOR NON-BINDING ARBITRATION
(a) Authority of the Chief Arbitrator. The chief arbitrator shall have authority to commence and adjourn the arbitration hearing and carry out other such duties as are prescribed by section 44.303, Florida Statutes. The chief arbitrator shall not have authority to hold any person in contempt or to in any way impose sanctions against any person.
(b) Conduct of the Arbitration Hearing.
(1) The Cchief Jjudge of each Jjudicial Ccircuit shall set procedures for determining the time and place of the arbitration hearing and may establish other procedures for the expeditious and orderly operation of the arbitration hearing to the extent such procedures are not in conflict with any Rrules of Ccourt.
(2) Hearing procedures established by the court should be disseminated to the local bar and shall be included in the notice of arbitration hearing sent to the parties and arbitration panel.
(3) Individual parties or authorized representatives of corporate parties shall attend the arbitration hearing unless excused in advance by the chief arbitrator for good cause shown.
(c) Rules of Evidence. The hearing shall be conducted informally. Presentation of testimony shall be kept to a minimum, and matters shall be presented to the arbitrator(s) primarily through the statements and arguments of counsel.
(d) Orders. The chief arbitrator may issue instructions as are necessary for the expeditious and orderly conduct of the hearing. The chief arbitrator's instructions are not appealable. Upon notice to all parties the chief arbitrator may apply to the presiding judge for orders directing compliance with such instructions. Instructions enforced by a court order are appealable as are other orders of the court.
(e) Default of a Party. Wheren a party fails to appear at a hearing, the chief arbitrator may proceed with the hearing and the arbitration panel shall render a decision based upon the facts and circumstances as presented by the parties present.
(f) Record and Transcript. Any party may have a record and transcript made of the arbitration hearing at the party's expense.
(g) Completion of the Arbitration Process.
(1) Arbitration shall be completed within 30 days of the first arbitration hearing unless extended by order of the court on motion of the chief arbitrator or of a party. No extension of time shall be for a period exceeding 60 days from the date of the first arbitration hearing.
(2) Upon the completion of the arbitration process, the arbitrator(s) shall render a decision. In the case of a panel, a decision shall be final upon a majority vote of the panel.
(3) Within ten 10 days of the final adjournment of the arbitration hearing, the arbitrator(s) shall, in writing, notify the parties of their decision on a form approved by the Ssupreme Ccourt. The arbitration decision may set forth the issues in controversy and the arbitrator(s)'s('s) (s') conclusions and findings of fact and law. The arbitrator(s)'s('s) (s') decision and the originals of any transcripts shall be sealed and *1182 filed with the clerk at the time the parties are notified of the decision.
(h) Time for Filing Motion for Trial De Novo. Any party may file a motion for trial de novo. If a motion for a trial de novo is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.303(4), Florida Statutes (1987).

Committee Notes
1988 Adoption. Arbitration proceedings should be informal and expeditious. The court should take into account the nature of the proceedings when determining whether to award costs and attorneys' fees after a trial de novo. Counsel are free to file exceptions to an arbitration decision or award at the time it is to be considered by the court. The court should consider such exceptions when determining whether to award costs and attorneys' fees. The court should consider Rrule 1.442, Fla.R.Civ.P. concerning offers of judgment and section 45.061, Florida Statutes (1985), concerning offers of settlement, as statements of public policy in deciding whether fees should be awarded.
RULE 1.830. VOLUNTARY BINDING ARBITRATION
(a) Absence of Party Agreement.
(1) Compensation. In the absence of an agreement by the parties as to compensation of the arbitrator(s), the court shall determine the amount of compensation subject to the provisions of section 44.304(3), Florida Statutes (1987).
(2) Hearing Procedures. Subject to these rules and section 44.304, Florida Statutes, the parties may, by written agreement before the hearing, establish the hearing procedures for voluntary binding arbitration. In the absence of such agreement, the court shall establish the hearing procedures.
(b) Record and Transcript. A record and transcript may be made of the arbitration hearing if requested by any party or at the direction of the chief arbitrator. The record and transcript may be used in subsequent legal proceedings subject to the Florida Rules of Evidence.
(c) Arbitration Decision and Appeal.
(1) The arbitrator(s) shall serve the parties with notice of the decision and file the decision with the court within 10 days of the final adjournment of the arbitration hearing.
(2) A voluntary binding arbitration decision may be appealed within 30 days after service of the decision on the parties. Appeal is limited to the grounds specified in section 44.304(10), Florida Statutes (1987).
(3) If no appeal is filed within the time period set out in subsection division (2) of this rule, the decision shall be referred to the presiding judge who shall enter such orders and judgments as required to carry out the terms of the decision as provided under section 44.304(11), Florida Statutes (1987).
RULE 1.900. FORMS
(a) Process. The following forms of process, notice of lis pendens, and notice of action are sufficient. Variations from the forms do not void process or notices that are otherwise sufficient.
(b) Other Forms. The other forms are sufficient for the matters that are covered by them. So long as the substance is expressed without prolixity, the forms may be varied to meet the facts of a particular case.
(c) Formal Matters. Captions, except for the designation of the paper, are omitted from the forms. A general form of caption is the first form. Signatures are omitted from pleadings and motions.
*1183
FORM 1.901. CAPTION
(a) General Form.
 N(name of Ccourt)
A. B., )
 Plaintiff, )
 )
 -vs- ) No. __________________
 )
C. D., )
 Defendant. )
 DESIGNATION OF PLEADING (designation of pleading)
 (b) Petition.
 N(name of Ccourt)
In Rre Tthe Petition )
of A. B. for (type of ) NOo. _______________
relief) )
 PETITION FOR (type of relief)
 Committee Notes
 1980 Amendment. Subruledivision (b) is added to show the form of caption
for a petition.
FORM 1.902. SUMMONS
 (a) General Form.
 SUMMONS
THE STATE OF FLORIDA:
To Each Sheriff of the State:
 YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on defendant ______________________
 Each defendant is required to serve written defenses to the complaint or
petition on ____________________, plaintiff's attorney, whose address is
____________________, within 20 days after service of this summons on that
defendant, exclusive of the day of service, and to file the original of the
defenses with the clerk of this court either before service on plaintiff's
attorney or immediately thereafter. If a defendant fails to do so, a
default will be entered against that defendant for the relief demanded in
the complaint or petition.
 DATED on _______________, 19__
 (Name of Clerk)
 As Clerk of the Court
 By ___________________________
 As Deputy Clerk
 (b) Form Ffor Personal Service on Natural Person.
 SUMMONS:
 PERSONAL SERVICE
 ON A NATURAL PERSON
 IMPORTANT
 A lawsuit has been filed against you. You have 20 calendar days after this
summons is served on you to file a written response to the attached
complaint with the clerk of this court. A phone call will not protect you.
Your written response, including the case number given above and the names
of the parties, must be filed if you want the court to hear your side of
the case. If you do not file your response on time, you may lose the case,
and your wages, money, and property may thereafter be taken without further
warning from the court. There are other legal requirements. You may want to
call an attorney right away. If you do not know an attorney, you may call
an attorney referral service or a legal aid office (listed in the phone
book).
 If you choose to file a written response yourself, at the same time you
file your written response to the court you must also mail or take a copy
of your written response to the "Plaintiff/Plaintiff's Attorney" named
below.
 IMPORTANTE
 Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del
recibo de esta notificacion, para contestar la demanda adjunta, por escrito,
y presentarla ante este
*1184
tribunal. Una llamada telefonica no lo protegera. Si usted desea que el
tribunal considere su defensa, debe presentar su respuesta por escrito,
incluyendo el numero del caso y los nombres de las partes interesadas. Si
usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser
despojado de sus ingresos y propiedades, o privado de sus derechos, sin
previo aviso del tribunal. Existen otros requisitos legales. Si lo desea,
puede usted consultar a un abogado inmediatamente. Si no conoce a un
abogado, puede llamar a una de las oficinas de asistencia legal que
aparecen en la guia telefonica.
 Si desea responder a la demanda por su cuenta, al mismo tiempo en que
presenta su respuesta ante el tribunal, debera usted enviar por correo o
entregar una copia de su respuesta a la persona denominada abajo como
"Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).
 IMPORTANT
 Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20
jours consecutifs a partir de la date de l'assignation de cette citation
pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce
tribunal. Un simple coup de telephone est insuffisant pour vous proteger.
Vous etes obliges de deposer votre reponse ecrite, avec mention du numero
de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez
que le tribunal entende votre cause. Si vous ne deposez pas votre reponse
ecrite dans le relai requis, vous risquez de perdre la cause ainsi que
votre salaire, votre argent, et vos biens peuvent etre saisis par la suite,
sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations
juridiques et vous pouvez requerir les services immediats d'un avocat. Si
vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de
reference d'avocats ou a un bureau d'assistance juridique (figurant a
l'annuaire de telephones).
 Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra
egalement, en meme temps que cette formalite, faire parvenir ou expedier une
copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant
ou a son avocat) nomme ci-dessous.
________________________________
Plaintiff/Plaintiff's Attorney
________________________________
 Address
________________________________
 Address
Florida Bar No. ___________________
THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE To Each Sheriff of the State:
 You are commandedOU ARE COMMANDED to serve this summons and a copy of the
complaint in this lawsuit on the above-named defendant.
 DATED ON on _____________, 19__
 CLERK OF THE CIRCUIT COURT
(SEAL)
 (Name of Clerk)
 As Clerk of the Court
 BY: y _______________
 aAs Deputy Clerk
 Committee Notes
 1988 Amendment. Two forms are now provided: one 1 for personal service on
natural persons and one 1 for other service by summons. The new form for
personal service on natural persons is included to ensure awareness by
defendants or respondents of their obligations to respond.
 The summons form for personal service on natural persons is to be used for
service on natural persons under the following provisions: Florida Statutes
§ sections 48.031 (service of process generally), § 48.041 (service on
minors), § 48.042 (service on incompetents), § 48.051 (service on state
prisoners), § 48.183 (service of process in action for possession of
residential premises), and § 48.194 (personal service outside the state),
Florida Statutes.
*1185
 The former, general summons form is to be used for all other service by
summons, including service under Florida Statutes § sections 48.061
(service on partnership), § 48.071 (service on agents of nonresidents
doing business in the state), § 48.081 (service on corporation), § 48.101
(service on dissolved corporations), § 48.111 (service on public agencies
or officers), § 48.121 (service on the state), § 48.131 (service on alien
property custodian), § 48.141 (service on labor unions), § 48.151 (service
on statutory agents for certain purposes), Florida Statutes, and all
statutes providing for substituted service on the Ssecretary of Sstate.
 The form for personal service on natural persons contains Spanish and
French versions of the English text to ensure effective notice on all
Floridians. In the event of space problems in the summons form, the
Ccommittee recommends that the non-English portions be placed on the
reverse side of the summons.
 1992 Amendment. (b): The title is amended to eliminate confusion by the
sheriffs in effecting service.
FORM 1.905. ATTACHMENT
 WRIT OF ATTACHMENT
THE STATE OF FLORIDA:
To Each Sheriff of the State:
 YOU ARE COMMANDED to attach and take into custody so much of the lands,
tenements, goods, and chattels of defendant, ___________________, as is
sufficient to satisfy the sum of $ ________ and costs.
 ORDERED in at ____________________, Florida, on ______________, 19__
 __________________________
 Judge
 Committee Notes
 1980 Amendment. The direction is modernized and the combination with the
summons deleted. A writ of attachment must now be issued by a judge under
section 76.03, Florida Statutes (1979).
FORM 1.906. ATTACHMENT  FORECLOSURE
 WRIT OF ATTACHMENT
THE STATE OF FLORIDA:
To Each Sheriff of the State:
 YOU ARE COMMANDED to take and hold the following described property:
 (describe property)
or so much of it as can be found sufficient to satisfy the debt to be
foreclosed.
 ORDERED inat ____________________, Florida, on _______________, 19__
 __________________________
 Judge
 Committee Notes
 1980 Amendment. The direction is modernized and the combination with the
summons deleted. A writ of attachment must now be issued by a judge under
section 76.03, Florida Statutes (1979).
FORM 1.907. GARNISHMENT
 (a) Writ of Garnishment.
 WRIT OF GARNISHMENT
THE STATE OF FLORIDA:
To Each Sheriff of the State:
 YOU ARE COMMANDED to summon the garnishee, ____________________, to serve
an answer to this writ on _________________, plaintiff's attorney, whose
address is _______________, within 20 days after service on the garnishee,
exclusive of the day of service, and to file the original with the clerk of
this court either before service on the attorney or immediately thereafter,
stating whether the garnishee is indebted to defendant, ___________________,
at the time of the answer or was indebted at the time of service of the
writ, or at any time between such times, and in what sum and what tangible
*1186
and intangible personal property of the defendant the garnishee has is in
his possession or control of at the time of the answer or had at the time of
service of this writ, or at any time between such times, and whether the
garnishee knows of any other person indebted to the defendant or who may
be in possession or control of have any of the property of the defendant
in his possession or control. The amount set in plaintiff's motion is
$ ________
 DATED on ______________, 19__
 (Name of Clerk)
 As Clerk of the Court
 By _______________________
 As Deputy Clerk
 (b) Continuing Writ of Garnishment against Salary or Wages.
 CONTINUING WRIT OF GARNISHMENT
 AGAINST SALARY OR WAGES
THE STATE OF FLORIDA:
To Each Sheriff of the State:
 YOU ARE COMMANDED to summon the garnishee, _________________, whose
address is ___________________, who is required to serve an answer to this
writ on ________________, plaintiff's attorney, whose address is __________,
within 20 days after service of this writ, exclusive of the day of service,
and to file the original with the clerk of court either before service on
the attorney or immediately thereafter. The answer shall state whether the
garnishee is the employer of the defendant __________________ and whether
the garnishee is indebted to the defendant by reason of salary or wages.
The garnishee's answer shall specify the periods of payment (for example,
weekly, biweekly, or monthly) and amount of salary or wages and be based on
the defendant's earnings for the pay period during which this writ is served
on the garnishee.
 During each pay period, a portion of the defendant's salary or wages as
it becomes due shall be held and not disposed of or transferred until
further order of this court. The amount of salary or wages to be withheld
for each pay period shall be made in accordance with the following
paragraph. This writ shall continue until the plaintiff's judgment is paid
in full or until otherwise provided by court order.
 Federal law (15 U.S.C. §§ 1671-1673) limits the amount to be withheld from
salary or wages to no more than 25% of any individual defendant's disposable
earnings (the part of earnings remaining after the deduction of any amounts
required by law to be deducted) for any pay period or to no more than the
amount by which the individual's disposable earnings for the pay period
exceed 30 times the federal minimum hourly wage, whichever is less.
 For administrative costs, the garnishee may collect $ _______ against the
salary or wages of the defendant for the first deduction and $ ______ for
each deduction thereafter.
 The total amount of the final judgment outstanding as set out in the
plaintiff's motion is $ ________
 FAILURE TO FILE AN ANSWER WITHIN THE TIME REQUIRED MAY RESULT IN THE
ENTRY OF JUDGMENT AGAINST THE GARNISHEE FOR THE ABOVE TOTAL AMOUNT OF
$ ________
 ORDERED at _________________, Florida, on ____________, 19__
 (Name of Clerk)
 As Clerk of the Court
 By ____________________
 As Deputy Clerk
 Committee Notes
 1992 Amendment. This form is to be used to effectuate section 77.0305,
Florida Statutes.
*1187
FORM 1.908. REPLEVIN
 WRIT OF REPLEVIN
THE STATE OF FLORIDA:
To Each Sheriff of the State:
 YOU ARE COMMANDED to replevy the goods and chattels in possession of the
defendant, ___________, described as follows:
 (describe property)
and to dispose of it according to law.
 DATED on _________________, 19__
 (Name of Clerk)
 As Clerk of the Court
 By ________________________
 As Deputy Clerk
 Committee Notes
 1980 Amendment. The form is amended in accordance with the statutory
changes as a result of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32
L.Ed.2d 556 (1972). The sheriff is commanded to dispose of the property
according to law because of the conflict between sections 78.068(4) and
78.13, Florida Statutes (1979). The former apparently contemplates that the
sheriff will hold the property for five 5 days within which the bond can be
posted, while the latter still retains the old three 3-day time period.
FORM 1.909. DISTRESS
 DISTRESS WRIT
THE STATE OF FLORIDA:
To Tthe Sheriff of _____________________ County, Florida:
 YOU ARE COMMANDED to serve this writ and a copy of the complaint on
defendant ________________
 This distress writ subjects all property liable to distress for rent on
the following property in ________________ County, Florida:
 (describe property)
 Each defendant is enjoined from damaging, disposing of, secreting, or
removing any property liable to be distrained from the rented real property
after the time of service of this writ until the sheriff levies on the
property or this writ is vacated or the court otherwise orders. If a
defendant does not move for dissolution of the writ, the court may order
the sheriff to levy on the property liable to distress forthwith after 20
days from the time the complaint in this action is served. The amount
claimed in the complaint is the sum of $ _________ with interest and costs.
 DATED on _________________, 19__
 ______________________________
 Judge
 Committee Notes
 1980 Amendment. This form is substantially revised to comply with the
statutory changes in section 83.12, Florida Statutes, as amended in 1980 to
overcome the unconstitutionality of distress proceedings. See Phillips v.
Guin & Hunt, Inc., 344 So.2d 568 (Fla. 1977). Because the revision is
substantial, no struck-through or underscored type is indicated.
FORM 1.910. SUBPOENA FOR TRIAL
 SUBPOENA
THE STATE OF FLORIDA:
TO: _______________:
 YOU ARE COMMANDED to appear before the Honorable ________________________,
Judge of the Court, at the _____________ County Courthouse in _____________,
Florida, on ______________, 19__, at ____ Mm., to testify in this action. If
you fail to appear, you may be in contempt of court.
 You are subpoenaed to appear by the following attorneys, and unless
excused from this subpoena by these attorneys or the court, you shall
respond to this subpoena as directed.
 DATED on _______________, 19__
*1188
 (Name of Clerk)
 As Clerk of the Court
 By ______________________
 As Deputy Clerk
_____________________________
Attorney for ________________
_____________________________
_____________________________
Address
Florida Bar No. _____________
FORM 1.911. SUBPOENA DUCES TECUM FOR TRIAL
 SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO: _______________:
 YOU ARE COMMANDED to appear before the Honorable _______________, Judge
of the Court, at the ______________ County Courthouse in ____________,
Florida, on ______________, 19__, at ______ Mm., to testify in this action
and to have with you at that time and place the following: ______________
If you fail to appear, you may be in contempt of court.
 You are subpoenaed to appear by the following attorneys, and unless
excused from this subpoena by these attorneys or the court, you shall
respond to this subpoena as directed.
 DATED on ____________, 19__
 (Name of Clerk)
 As Clerk of the Court
 By ______________________
 As Deputy Clerk
_____________________________
Attorney for ________________
_____________________________
_____________________________
Address
Florida Bar No. _____________
FORM 1.912. SUBPOENA FOR DEPOSITION
 SUBPOENA FOR DEPOSITION
THE STATE OF FLORIDA:
TO: _______________:
 YOU ARE COMMANDED to appear before a person authorized by law to take
depositions at ______________ in ________________, Florida, on
_______________, 19__, at ____ Mm., for the taking of your deposition in
this action. If you fail to appear, you may be in contempt of court.
 You are subpoenaed to appear by the following attorneys, and unless
excused from this subpoena by these attorneys or the court, you shall
respond to this subpoena as directed.
 DATED on ____________, 19__
 (Name of Clerk)
 As Clerk of the Court
 By ______________________
 As Deputy Clerk
_____________________________
Attorney for ________________
_____________________________
_____________________________
Address
Florida Bar No. _____________
*1189
FORM 1.913. SUBPOENA DUCES TECUM FOR DEPOSITION
 SUBPOENA DUCES TECUM FOR DEPOSITION
THE STATE OF FLORIDA:
TO: _______________:
 YOU ARE COMMANDED to appear before a person authorized by law to take
depositions at ________________ in ___________________, Florida, on
______________, 19__, at _____ Mm., for the taking of your deposition in
this action and to have with you at that time and place the following:
________________ If you fail to appear, you may be in contempt of court.
 You are subpoenaed to appear by the following attorneys, and unless
excused from this subpoena by these attorneys or the court, you shall
respond to this subpoena as directed.
 DATED on ____________, 19__
 (Name of Clerk)
 As Clerk of the Court
 By ______________________
 As Deputy Clerk
_____________________________
Attorney for ________________
_____________________________
_____________________________
Address
Florida Bar No. _____________
FORM 1.915. WRIT OF POSSESSION
 WRIT OF POSSESSION
THE STATE OF FLORIDA:
To the Sheriff of ___________ County, Florida:
 YOU ARE COMMANDED to remove all persons from the following described
property in ______________ County, Florida:
 (describe property)
and to put ______________ in possession of it.
 DATED on ____________, 19__
 (Name of Clerk)
 As Clerk of the Court
 By ______________________
 As Deputy Clerk
 Committee Notes
 1973 Amendment. The form is changed to make the direction conform to the
statutory requirement in § section 48.011, F.S. Florida Statutes.
 1980 Amendment. The direction on this form is changed to the sheriff of
the county where the property is located, and the conclusion is modernized.
FORM 1.916. REPLEVIN ORDER TO SHOW CAUSE
 ORDER TO SHOW CAUSE
THE STATE OF FLORIDA:
To Each Sheriff of the State:
 YOU ARE COMMANDED to serve this order on defendant, _______________, by
personal service as provided by law, if possible, or, if you are unable to
personally serve the defendant within the time specified, by placing a copy
of this order with a copy of the summons on the claimed property located at
_________________, Florida, within ______ days. Nonpersonal service as
provided in this order shall be effective to afford notice to defendant of
this order, but for no other purpose.
 Defendant shall show cause before the Honorable ____________, on
_____________, 19__, at _____ Mm. in the _________________ County
Courthouse in ____________, Florida, why the property claimed by plaintiff
in the complaint filed in this action should not be taken from the
possession of defendant and delivered to plaintiff.
*1190
 Defendant may file affidavits, appear personally or with an attorney and
present testimony at the time of the hearing, or, on a finding by the court
pursuant to section 78.067(2), Florida Statutes (1979), that plaintiff is
entitled to possession of the property described in the complaint pending
final adjudication of the claims of the parties, may file with the court a
written undertaking executed by a surety approved by the court in an amount
equal to the value of the property to stay an order authorizing the
delivery of the property to plaintiff.
 If defendant fails to appear as ordered, defendant shall be deemed to have
waived the right to a hearing. The court may thereupon order the clerk to
issue a writ of replevin.
 ORDERED in at ___________________, Florida, on ______________, 19__
 _________________________
 Judge
 Committee Notes
 1980 Adoption. Former Fform 1.916 is repealed because of the consolidation
of writs of assistance with writs of possession. The new form is the
replevin order to show cause prescribed by section 78.065, Florida Statutes
(1979).
FORM 1.917. NE EXEAT
 WRIT OF NE EXEAT
THE STATE OF FLORIDA:
To Each Sheriff of the State:
 YOU ARE COMMANDED to detain the defendant, ____________________, and to
require him the defendant to give bond in the sum of $ ________ payable to
the Governor of Florida and his the Governor's successors in office
conditioned that the defendant will answer plaintiff's pleading in this
action and will not depart from the state without leave of court and will
comply with the lawful orders of this court, with sureties to be approved
by the clerk of this court. If the defendant does not give the bond, he the
defendant shall be taken into custody and be confined in the ____________
County jail until he the defendant gives the bond or until further order of
this court. If the defendant does not give the bond, he the defendant shall
be brought before a judge of this court within 24 hours of his confinement.
 DATED on ____________, 19__
 (Name of Clerk)
 As Clerk of the Court
 By ______________________
 As Deputy Clerk
 Committee Notes
 1976 Amendment. See Attorney General's Opinion 1976 Op. Att'y Gen. Fla.
076-13 (Jan. 23, 1976).
FORM 1.918. LIS PENDENS
 NOTICE OF LIS PENDENS
TO DEFENDANT _________________, AND ALL OTHERS WHOM IT MAY CONCERN:
 YOU ARE NOTIFIED of the institution of this action by the plaintiff
against you seeking ("to foreclose a mortgage on" or "to partition" or "to
quiet title to" or "a divorce and relief concerning" or other type of
action) the following property in _______________ County, Florida:
 (legal description of property)
 DATED on ____________, 19__
 __________________________
 (Attorney's signature) Attorney for
 ___________________________
 ___________________________
 Address
 Florida Bar No. ___________
*1191
FORM 1.919. NOTICE OF ACTION; CONSTRUCTIVE SERVICE:  NO PROPERTY
 NOTICE OF ACTION
TO: _______________:
 YOU ARE NOTIFIED that an action for ("dissolution of marriage" or
"construction of a will" or "re-establishment of a lost deed" or other type
of action) has been filed against you and you are required to serve a copy
of your written defenses, if any, to it on ____________________, the
plaintiff's attorney, whose address is _______________, on or before
___________, 19__, and file the original with the clerk of this court either
before service on the plaintiff's attorney or immediately thereafter;
otherwise a default will be entered against you for the relief demanded in
the complaint or petition.
 DATED on ________________, 19__
 (Name of Clerk)
 As Clerk of the Court
 By ______________________
 As Deputy Clerk
 NOTE: This form must be modified to name the other defendants when there
are multiple defendants and all are not served under the same notice. See
section 49.08(1), Florida Statutes (1979).
FORM 1.920. NOTICE OF ACTION; CONSTRUCTIVE SERVICE  PROPERTY
 NOTICE OF ACTION
TO: _______________:
 YOU ARE NOTIFIED that an action to ("enforce a lien on" or "foreclose a
mortgage on" or "quiet title to" or "partition" or other type of action)
the following property in _________________ County, Florida:
 (describe property)
has been filed against you and you are required to serve a copy of your
written defenses, if any, to it on __________________, the plaintiff's
attorney, whose address is _________________, on or before ____________,
19__, and file the original with the clerk of this court either before
service on the plaintiff's attorney or immediately thereafter; otherwise a
default will be entered against you for the relief demanded in the
complaint or petition.
 DATED on ______________, 19__
 (Name of Clerk)
 As Clerk of the Court
 By ______________________
 As Deputy Clerk
 NOTE: This form must be modified to name the other defendants when there
are multiple defendants and all are not served under the same notice. See
section 49.08(1), Florida Statutes (1979).
FORM 1.921. NOTICE OF PRODUCTION FROM NON-PARTY
 NOTICE OF PRODUCTION
TO: ________________:
 YOU ARE NOTIFIED that after ten 10 days from the date of service of this
notice the undersigned will apply to the clerk of this court for issuance
of the attached subpoena directed to ________________, who is not a party
and whose address is ________________, to produce the items listed at the
time and place specified in the subpoena.
 DATED on ____________, 19__
 =========================
 Attorney for
 _________________________
 _________________________
 Address
 Florida Bar No. _________
*1192
 NOTE: This form of notice is for use with Rrule 1.351. A copy of the
subpoena must be attached to this form for it to comply with the rule.
 Committee Notes
 1980 Adoption. This form is new.
FORM 1.922. SUBPOENA DUCES TECUM WITHOUT DEPOSITION
 (a) When Witness Has Option to Furnish Records Instead of Attending
Deposition.
 SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO: ________________:
 YOU ARE COMMANDED to appear at _____________ in __________________,
Florida, on _____________, 19__, at _____ Mm., and to have with you at that
time and place the following: _________________
 These items will be inspected and may be copied at that time. You will not
be required to surrender the original items. You may comply with this
subpoena by providing legible copies of the items to be produced to the
attorney whose name appears on this subpoena on or before the scheduled
date of production. You may condition the preparation of the copies upon
the payment in advance of the reasonable cost of preparation. You may mail
or deliver the copies to the attorney whose name appears on this subpoena
and thereby eliminate your appearance at the time and place specified above.
You have the right to object to the production pursuant to this subpoena at
any time before production by giving written notice to the attorney whose
name appears on this subpoena.
 If you fail to:
 (1) appear as specified; or
 (2) furnish the records instead of appearing as provided above; or
 (3) object to this subpoena,
you may be in contempt of court. You are subpoenaed to appear by the
following attorneys, and unless excused from this subpoena by these
attorneys or the Ccourt, you shall respond to this subpoena as directed.
 DATED on ____________, 19__
 (Name of Clerk)
 As Clerk of the Court
 By ______________________
 As Deputy Clerk
_____________________________
Attorney for ________________
_____________________________
_____________________________
Address
Florida Bar No. _____________
 (b) When Witness Must Appear and Produce the Records.
THE STATE OF FLORIDA:
TO: _______________
 YOU ARE COMMANDED to appear at _________________ in _______________,
Florida, on _____________, 19__, at ____ Mm., and to have with you at that
time and place the following: _________________
 These items will be inspected and may be copied at that time. You will not
be required to surrender the original items. You have the right to object to
the production pursuant to this subpoena at any time before production by
giving written notice to the attorney whose name appears on this subpoena.
 If you fail to:
 (1) appear or furnish the records at the time and place specified instead
of appearing; or
 (2) object to this subpoena,
*1193
you may be in contempt of court. You are subpoenaed by the attorneys whose
names appear on this subpoena, and unless excused from this subpoena by the
attorneys or the Ccourt, you shall respond to this subpoena as directed.
 DATED on _______________, 19__
 (Name of Clerk)
 As Clerk of the Court
 By ______________________
 As Deputy Clerk
______________________________
Attorney for _________________
______________________________
______________________________
Address
Florida Bar No. ______________
 NOTE: Both of these forms are to be used for production of documents under
Rrule 1.351. Form (a) is used when the person having the records may furnish
copies to the subpoenaing attorney instead of appearing at the time and
place specified in the subpoena. Form (b) is used when the records must be
produced at that time and place.
 Committee Notes
 1980 Adoption. This form is new.
FORM 1.923. EVICTION SUMMONS/RESIDENTIAL
 EVICTION SUMMONS/RESIDENTIAL
TO: ___________________
 fDefendant(s)
_______________________
_______________________
 PLEASE READ CAREFULLY
 You are being sued by ____________________ to require you to move out of
the place where you are living for the reasons given in the attached
complaint.
 You are entitled to a trial to decide whether you can be required to move,
but you MUST do ALL of the things listed below. You must do them within FIVE
(5) days (not including Saturday, Sunday, or any legal holiday) after the
date these papers were given to you or to a person who lives with you or
were posted at your home.
 THE THINGS YOU MUST DO ARE AS FOLLOWS:
 (1) Write down the reason(s) why you think you should not be forced to
move. The written reason(s) must be given to the court clerk at ____________
County Courthouse
___________________________
__________________, Florida
 (2) Mail or take a copy of your written reason(s) to:
_________________________________
Plaintiff/Plaintiff's Attorney
_________________________________
_________________________________
Address
 (3) Give the court clerk the rent that is due. You MUST pay the clerk the
rent each time it becomes due until the lawsuit is over. Whether you win or
lose the lawsuit, the judge may pay this rent to the landlord.
 (4) If you and the landlord do not agree on the amount of rent owed, give
the court clerk the money you say you owe. Then before the trial you must
ask the judge to set up a hearing to decide what amount should be given to
the court clerk.
----------------------------------------------------------------------------
IF YOU DO NOT DO ALL OF THESE THINGS WITHIN 5 WORKING DAYS, YOU MAY BE
EVICTED WITHOUT A HEARING OR FURTHER NOTICE
----------------------------------------------------------------------------
*1194
THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE To Each Sheriff of the State:
You are commanded to serve this summons and a copy of the complaint in this
lawsuit on the above-named defendant.
DATED ON on _______________, 19__
 Clerk of the County Court
 By: _____________________
 Deputy Clerk
 Committee Notes
 1988 Adoption. This form is recommended was added to inform those sought
to be evicted of the procedure they must follow to resist eviction.
FORM 1.931. JURISDICTIONAL STATEMENT  LAW; ACTIONS FOR DAMAGES
 ACTION FOR DAMAGES
 This is an action for damages that
 (a) do not exceed $1500
 (b) exceed $5000
 (c) exceed $1500 but do not exceed $5000.
 NOTE: Choice (a) is for the small claims division of county court; (b) for
circuit court and (c) for county court without summary procedure.
 1980 Amendment. The form has been modernized by inserting the amounts that
are now applicable under the constitution and general law. Formerly the
number of courts and varying jurisdictions did not make completion of the
blanks for the amounts practicable.
 1992 Amendment. This form was repealed because of the inability to ensure
the form's correctness at any given time due to statutory changes in the
courts' jurisdictional limits. It should be noted that in actions for
damages an allegation of the court's proper jurisdictional amount is
required.
FORM 1.934. PROMISSORY NOTE
 COMPLAINT
 Plaintiff, A.B., sues defendant, C.D., and alleges:
 1. This is an action for damages that (insert jurisdictional amount).
 2. On ___________________, 19__, defendant executed and delivered a
promissory note, a copy being attached, to plaintiff in ___________________
County, Florida.
 3. Plaintiff owns and holds the note.
 4. Defendant failed to pay (Uuse Aa or Bb)
 (A)a. the note when due.
 (B)b. the installment payment due on the note on ______________, 19__,
and plaintiff elected to accelerate payment of the balance.
 5. Defendant owes plaintiff $ _______ that is due with interest since
______________, 19__, on the note.
 6. Plaintiff is obligated to pay his/her attorneys a reasonable fee for
their services.
 WHEREFORE plaintiff demands judgment for damages against defendant.
 NOTE: A copy of the note must be attached. Use paragraph 4Aa. or Bb. as
applicable and paragraph 6 if appropriate.
 Committee Notes
 1980 Amendment. Paragraph 3 is added to show ownership of the note, and
paragraph 4 is clarified to show that either 4A.a or 4B.b is used, but not
both.
FORM 1.937. REPLEVIN
 COMPLAINT
 Plaintiff, A.B., sues defendant, C.D., and alleges:
*1195
 1. This is an action to recover possession of personal property in
 __________________ County, Florida.
 2. The description of the property is:
 (list property)
To the best of plaintiff's knowledge, information, and belief, the value of
 the property is $ ___________
 3. Plaintiff is entitled to the possession of the property under a
security agreement dated ______________, 19__, a copy of the agreement
 being attached.
 4. To plaintiff's best knowledge, information, and belief, the property is
 located at ___________________
 5. The property is wrongfully detained by defendant. Defendant came into
possession of the property by (method of possession). To plaintiff's best
knowledge, information, and belief, defendant detains the property because
 (give reasons).
 6. The property has not been taken for any tax, assessment, or fine
pursuant to law.
 7. The property has not been taken under an execution or attachment
 against plaintiff's property.
 WHEREFORE plaintiff demands judgment for possession of the property.
 NOTE: Paragraph 3 must be modified if the right to possession arose in
another manner. Allegations and a demand for damages, if appropriate, can
 be added to the form.
 Committee Notes
 1980 Amendment. The form is amended to comply with the amendments to the
replevin statutes pursuant to Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983,
 32 L.Ed.2d 556 (1972).
FORM 1.938. FORCIBLE ENTRY AND DETENTION
 COMPLAINT
 Plaintiff, A.B., sues defendant, C.D., and alleges:
 1. This is an action to recover possession of real property unlawfully
(forcibly) detained in ____________________ County, Florida.
 2. Plaintiff is entitled to possession of the following real property in
said county:
 (Iinsert description of property)
 3. Defendant has unlawfully (forcibly) turned plaintiff out of and
withholds possession of the property from plaintiff.
 WHEREFORE plaintiff demands judgment for possession of the property and
damages against defendant.
 NOTE: Substitute "forcibly" for "unlawfully" or add it as an alternative
when applicable. This form cannot be used for residential tenancies.
FORM 1.939. CONVERSION
 COMPLAINT
 Plaintiff, A.B., sues defendant, C.D., and alleges:
 1. This is an action for damages that (insert jurisdictional amount).
 2. On or about ______________, 19__, defendant converted to his/her own
use (insert description of property converted) that was then the property of
plaintiff of the value of $ _________
 WHEREFORE plaintiff demands judgment for damages against defendant.
FORM 1.940. EJECTMENT
 COMPLAINT
 Plaintiff, A.B., sues defendant, C.D., and alleges:
 1. This is an action to recover possession of real property in ___________
County, Florida.
 2. Defendant is in possession of the following real property in the
county:
 (Ddescribe property)
*1196
to which plaintiff claims title as shown by the attached statement of
plaintiff's chain of title.
 3. Defendant refuses to deliver possession of the property to plaintiff or
pay him plaintiff the profits from it.
 WHEREFORE plaintiff demands judgment for possession of the property and
damages against defendant.
 NOTE: A statement of plaintiff's chain of title must be attached.
 Committee Notes
 1980 Amendment. The words "possession of" are inserted in paragraph 1 for
clarification.
FORM 1.941. SPECIFIC PERFORMANCE
 COMPLAINT
 Plaintiff, A.B., sued defendant, C.D., and alleges:
 1. This is an action for specific performance of a contract to convey real
property in _____________________ County, Florida.
 2. On _______________, 19__, plaintiff and defendant entered into a
written contract, a copy being attached.
 3. Plaintiff tendered the purchase price to defendant and requested a
conveyance of the real property described in the contract.
 4. Defendant refused to accept the tender or to make the conveyance.
 5. Plaintiff offers to pay the purchase price.
 WHEREFORE plaintiff demands judgment that defendant be required to perform
the contract for damages.
 NOTE: A copy of the sales contract must be attached.
 Committee Notes
 1980 Amendment. Paragraph 3 is divided into two 2 paragraphs to properly
accord with Rrule 1.110(f).
FORM 1.942. CHECK
 COMPLAINT
 Plaintiff, A.B., sues defendant, C.D., and alleges:
 1. This is an action for damages that (insert jurisdictional amount).
 2. On _______________, 19__, defendant executed a written order for the
payment of $ _______, commonly called a check, a copy being attached,
payable to the order of plaintiff and delivered it to him plaintiff.
 3. The check was presented for payment to the drawee bank but payment was
refused.
 4. Plaintiff holds the check and it has not been paid.
 5. Defendant owes plaintiff $ _________ that is due with interest from
____________, 19__, on the check.
 WHEREFORE plaintiff demands judgment for damages against defendant.
 NOTE: A copy of the check must be attached. Allegations about endorsements
are omitted from this form and must be added when proper.
 Committee Notes
 1980 Amendment. Paragraph 4 is divided into two 2 paragraphs to properly
accord with Rrule 1.110(f).
FORM 1.943(a). PETITION FOR DISSOLUTION OF MARRIAGE
 (a) Petition. General Form.
 PETITION FOR DISSOLUTION OF MARRIAGE
 The petition of A.B. shows:
 1. This is an action for dissolution of the marriage between petitioner
and respondent, C.D.
*1197
 2. Petitioner has been a resident of Florida for more than six 6 months
next before filing the petition.
 3. Petitioner and respondent were married to each other on ______________,
19__, at (place of marriage).
 4. The marriage between the parties is irretrievably broken.
 WHEREFORE petitioner demands a judgment dissolving the marriage.
 NOTE: Allegations about joint property, alimony, custody, attorney's'
fees, and temporary relief are omitted from this form and must be added
when proper. Similarly, a demand for judgment for these items must be added
when proper. Verified allegations or an affidavit must be used when child
custody is an issue. See § section 61.132, Florida Statutes (1979).
 Committee Notes
 1980 Amendment. The form is amended to change the demand for
judgment to comply with Rule 1.110(b) and to make editorial changes.
FORM 1.943(b) . PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE
 (b) Petition for Simplified Dissolution of Marriage.
 PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE
 The petition of Husband and Wife shows:
 1. This is a petition for dissolution of marriage.
 2. The Husband and the Wife or one of them has been a resident of Florida
for at least six (6) months immediately prior to filing this petition.
 3. Husband and Wife were married to each other on _______________, 19__,
at ____________________
 4. The marriage between the parties is irretrievably broken.
 5. There are no minor or dependent children of the parties and the Wife is
not pregnant.
 6. The parties have made provisions for the division of their property and
the payment of their joint obligations. They are satisfied with those
provisions.
[The property settlement agreement entered into by the parties and a
financial affidavit from each party are attached.]
 7. The parties understand that they may have legal rights against each
other arising out of the marital relationship and that by signing this
petition they may be giving up those rights.
 8. Each party certifies that he/she has not been threatened or pressured
into signing this petition. Each understands that the result of signing this
petition may be a final dissolution of the marriage with no further relief.
 9. The parties understand that they are required to appear before the
judge to testify as to the matters contained in this petition.
 10. The address of each party is as stated below.
 11. The Wife wishes to have her former name restored to her. (Yes _____ No
_____) If "Yes," state Wife's former name: ____________________
 Wherefore, HEREFORE Husband and Wife ask the Ccourt to dissolve the
marriage existing between them.
 UNDER PENALTY OF PERJURY, WE CERTIFY THE FOREGOING FACTS ARE TRUE.
_______________________ _______________________
Wife's signature Husband's signature
________________________ ______________________
Wife's name typed Husband's name typed
________________________ ______________________
________________________ ______________________
Wife's residence address Husband's residence address
*1198
SWORN TO AND SIGNED SUBSCRIBED before me this _____ day of ____________,
19__
 CLERK OF THE CIRCUIT COURT Clerk of the Circuit Court
 By __________________________
 DEPUTY CLERK Deputy
 Clerk
(NOTE: The property settlement agreement and financial affidavits should be
used only when the circumstances are appropriate for their inclusion in the
proceeding.)
FORM 1.943(c). CERTIFICATE OF CORROBORATING WITNESS
 (c) Certificate of Corroborating Witness
 CERTIFICATE OF CORROBORATING WITNESS
RE: _______________ v. ______________, Case No. _________________________
_________________________ (Iinsert information on case) __________________
 UNDER PENALTY OF PERJURY I CERTIFY that I am a resident of the State of
Florida; I have known _____ (insert name of Husband or Wife) _____ for more
than six 6 months preceding ____________, 19__, the date of the filing of
the petition in this action, and I know of my own personal knowledge that
such person has resided in the State of Florida for at least that period of
time.
 __________________________
 Witness' Signature
 __________________________
 Witness' Name Typed
 __________________________
 __________________________
 Witness' Residence Address
SWORN TO AND SIGNED SUBSCRIBED before me this _____ day of _________,
19__
 _____________________________
 CLERK OF THE COURT Clerk of the Circuit Court
 OR NOTARY PUBLIC or Notary Public
FORM 1.943(d). FINANCIAL AFFIDAVIT FOR SIMPLIFIED DISSOLUTION OF
MARRIAGE
 (d) Financial Affidavit for Simplified Dissolution of Marriage.
 FINANCIAL AFFIDAVIT
STATE OF FLORIDA
COUNTY OF _______________
 Before me, the undersigned authority, personally appeared ______________,
who was sworn and says that the following statement of affiant's income,
assets, and liabilities is true:
 Occupation ________________________________
 Employed by _______________________________
 Business address __________________________
 Pay period ________________________________
ITEM 1: INCOME (Averaged on __________ Bbasis):
Average GROSS Wwage $ ______
Less Ddeductions
 Federal Iincome Ttax $ ______
 Social Security $ ______
 Other $ ______
 Total Ddeductions $ ______
Average NET Wwage $ ______
Other Iincome
 __________________ $ ______
 __________________ $ ______
*1199
TOTAL NET INCOME $ ______
ITEM 2: ASSETS
Cash on hand or in banks $ ______
Stocks, bonds, notes $ ______
Real estate
 Home $ ______
 Other $ ______
Automobiles $ ______
Other personal property $ ______
Other assets
 ____________________ $ ______
 ____________________ $ ______
TOTAL ASSETS $ ______
ITEM 3: LIABILITIES
Real estate mortgages $ ______
Automobile loans $ ______
Other Nnotes and Lloans $ ______
Other
 ___________________ $ ______
 ___________________ $ ______
TOTAL LIABILITIES $ ______
 _____________________
 Affiant
 Sworn to and subscribed SWORN TO AND SUBSCRIBED before me this ______ day
of ______________, 19__
 _________________________
 CLERK OF THE COURT
 OR NOTARY PUBLIC
 (NOTE: A financial affidavit may not be necessary in every case,
particularly where the parties have already completed a division of their
property. A financial affidavit would be appropriate, however, where there
is a continuing obligation of one or both parties because of the property
agreement.)
FORM 1.943(e). PROPERTY SETTLEMENT AGREEMENT FOR SIMPLIFIED
DISSOLUTION OF MARRIAGE
 (e) Property Settlement Agreement for Simplified Dissolution of Marriage.
 PROPERTY SETTLEMENT AGREEMENT
We, ___________________ (the Husband) and ________________ (the Wife), were
married on ________________ Because irreconcilable differences have caused
the permanent breakdown of our marriage, we have made this agreement to
settle once and for all what we owe to each other and what we can expect
from each other. Each of us states that nothing has been held back, and
that we have honestly included everything we could think of in listing the
money and goods that we own; and each of us states that we believe the
other one has been open and honest in writing up this agreement. Each of us
agrees to sign and exchange any papers that might be needed to complete this
agreement.
Division of Property
We divide our property as follows:
1. Husband transfers to Wife as her sole and separate property:
A.
B.
C.
D.
E.
F.
G.
2. Wife transfers to Husband as his sole and separate property:
A.
B.
*1200
C.
D.
E.
F.
G.
Division of Debts
1. Husband shall pay the following debts and will not at any time hold Wife
responsible for them:
A.
B.
C.
D.
E.
2. Wife shall pay the following debts and will not at any time hold Husband
responsible for them:
A.
B.
C.
D.
E.
Dated: ____________________ Dated: ___________________
___________________________ __________________________
 Husband Wife
 Committee Notes
 1980 Amendment. Form (a) is amended to change the demand for judgment to
comply with rule 1.110(b) and to make editorial changes.
FORM 1.944. MORTGAGE FORECLOSURE
 COMPLAINT
 Plaintiff, A.B., sues defendant, C.D., and alleges:
 1. This is an action to foreclose a mortgage on real property in _________
County, Florida.
 2. On ____________, 19__, defendant executed and delivered a promissory
note and a mortgage securing payment of the note to plaintiff. The mortgage
was recorded on ____________, 19__, in Official Records Book ________ at
page ________ of the public records of ___________________ County, Florida,
and mortgaged the property described in the mortgage then owned by and in
possession of the mortgagor, a copy of the mortgage containing a copy of
the note being attached.
 3. Plaintiff owns and holds the note and mortgage.
 4. The property is now owned by defendant who holds possession.
 5. Defendant has defaulted under the note and mortgage by failing to pay
the payment due ____________, 19__, and all subsequent payments.
 6. Plaintiff declares the full amount payable under the note and mortgage
to be due.
 7. Defendant owes plaintiff $ _______ that is due on principal on the note
and mortgage, interest from _____________, 19__, and title search expense
for ascertaining necessary parties to this action.
 8. Plaintiff is obligated to pay his plaintiff's attorneys a reasonable
fee for their services.
 WHEREFORE plaintiff demands judgment foreclosing the mortgage and, if the
proceeds of the sale are insufficient to pay plaintiff's claim, a deficiency
judgment.
 NOTE: This form is for installment payments with acceleration. It omits
allegations about junior encumbrances, unpaid taxes, and unpaid insurance
premiums, and for a receiver. They must be added when proper. Copies of the
note and mortgage must be attached.
*1201
FORM 1.945. MOTOR VEHICLE NEGLIGENCE
 COMPLAINT
 Plaintiff, A.B., sues defendants, C.D., and E.F., and alleges:
 1. This is an action for damages that (insert jurisdictional amount).
 2. (Use Aa or Bb) Aa. On or about ____________, 19__, defendant, C.D.,
owned a motor vehicle that was operated with his/her consent by defendant,
E.F., at ____________ in ____________, Florida.
 Bb. On or about ____________, 19__, defendant owned and operated a motor
vehicle at ___________ in _______________, Florida.
 3. At that time and place defendants negligently operated or maintained
the motor vehicle so that it collided with plaintiff's motor vehicle.
 4. As a result plaintiff suffered bodily injury and resulting pain and
suffering, disability, disfigurement, mental anguish, loss of capacity for
the enjoyment of life, expense of hospitalization, medical and nursing care
and treatment, loss of earnings, loss of ability to earn money, and
aggravation of a previously existing condition. The losses are either
permanent or continuing and plaintiff will suffer the losses in the future.
Plaintiff's automobile was damaged and he/she lost the use of it during the
period required for its repair or replacement.
 WHEREFORE plaintiff demands judgment for damages against defendants.
 NOTE: This form, except for paragraph 2B.b, is for use when owner and
driver are different persons. Use paragraph 2B.b when they are the same. If
paragraph 2B.b is used, "defendants" must be changed to "defendant"
wherever it appears.
 Committee Notes
 1980 Amendment. This form was changed to show that one of the alternatives
in paragraph 2 is used, but not both, and paragraph 4 has been changed to
paraphrase Standard Jury Instruction 6.2.
FORM 1.946. MOTOR VEHICLE NEGLIGENCE WHEN PLAINTIFF IS UNABLE TO DETERMINE
WHO IS RESPONSIBLE
 COMPLAINT
 Plaintiff, A.B., sues defendants, C.D., and E.F., and alleges:
 1. This is an action for damages that (insert jurisdictional amount).
 2. On or about ____________, 19__, defendant, C.D., or defendant, E.F., or
both defendants, owned and operated motor vehicles at ____________ in
________________, Florida.
 3. At that time and place defendants, or one of them, negligently operated
or maintained their motor vehicles so that one or both of them collided with
plaintiff's motor vehicle.
 4. As a result plaintiff suffered bodily injury and resulting pain and
suffering, disability, disfigurement, mental anguish, loss of capacity for
the enjoyment of life, expense of hospitalization, medical and nursing care
and treatment, loss of earnings, loss of ability to earn money, and
aggravation of a previously existing condition. The losses are either
permanent or continuing and plaintiff will suffer the losses in the future.
Plaintiff's automobile was damaged and he/she lost the use of it during the
period required for its repair or replacement.
 WHEREFORE plaintiff demands judgment for damages against defendants.
 NOTE: Allegations when owner and driver are different persons are omitted
from this form and must be added when proper.
 Committee Notes
 1980 Amendment. Paragraph 4 is changed to paraphrase Standard Jury
Instruction 6.2.
FORM 1.948. THIRD-PARTY COMPLAINT. GENERAL FORM
 THIRD-PARTY COMPLAINT
 Defendant, C.D., sues third-party defendant, E.F., and alleges:
 1. Plaintiff filed a complaint against defendant, C.D., a copy being
attached.
*1202
 2. (State the cause of action that C.D. has against E.F. for all or part
of what A.B. may recover from C.D. as in an original complaint.)
 WHEREFORE defendant, C.D., demands judgment against the third-party
defendant, E.F., for all damages that are adjudged against defendant, C.D.,
in favor of plaintiff.
 NOTE: A copy of the complaint from which the third-party complaint is
derived must be attached.
 Committee Notes
 1988 Amendment. This change was made The first sentence was changed to
eliminate the words "and third party plaintiff."
FORM 1.949. IMPLIED WARRANTY
 COMPLAINT
 Plaintiff, A.B., sues defendant, C.D., and alleges:
 1. This is an action for damages that (insert jurisdictional amount).
 2. Defendant manufactured a product known and described as (describe
product).
 3. Defendant warranted that the product was reasonably fit for its
intended use as (describe intended use).
 4. On _____________, 19__, at ____________ in __________________ County,
Florida, the product (describe the occurrence and defect that resulted in
injury) while being used for its intended purpose, causing injuries to
plaintiff who was then a user of the product.
 5. As a result plaintiff was injured in and about his/her body and
extremities, suffered pain therefrom, incurred medical expense in the
treatment of the injuries, and suffered physical handicap, and his/her
working ability was impaired; the injuries are either permanent or
continuing in their nature and plaintiff will suffer the losses and
impairment in the future.
 WHEREFORE plaintiff demands judgment for damages against defendant.
 Committee Notes
 1972 Amendment. This form is changed to require an allegation of the
defect in paragraph 4. Contentions were made in trial courts that the form
as presently authorized eliminated the substantive requirement that the
plaintiff prove a defect except under those circumstances when substantive
law eliminates the necessity of such proof. Paragraph 4 is amended to show
that no substantive law change was intended.
FORM 1.951. FALL-DOWN NEGLIGENCE COMPLAINT
 COMPLAINT
 Plaintiff, A.B., sues defendant, C.D., and alleges:
 1. This is an action for damages that (insert jurisdictional amount).
 2. On _____________, 19__, defendant was the owner and in possession of a
building at ______________ in ________________, Florida, that was used as a
(describe use).
 3. At that time and place plaintiff went on the property to (state
purpose).
 4. Defendant negligently maintained (describe item) on the property by
(describe negligence or dangerous condition) so that plaintiff fell on the
property.
 5. The negligent condition was known to defendant or had existed for a
sufficient length of time so that defendant should have known of it.
 6. As a result plaintiff was injured in and about his/her body and
extremities, suffered pain therefrom, incurred medical expense in the
treatment of the injuries, and suffered physical handicap, and his/her
working ability was impaired; the injuries are either permanent or
continuing in nature and plaintiff will suffer the losses and impairment in
the future.
 WHEREFORE plaintiff demands judgment for damages against defendant.
*1203
FORM 1.960. BOND. GENERAL FORM
 (TYPE OF BOND)
 WE, (Pplaintiff's name), as principal and (Ssurety's Nname), as Surety,
are bound to (Ddefendant's Nname) in the sum of $ _______ for the payment
of which we bind ourselves, our heirs, personal representatives, successors,
and assigns, jointly and severally.
 THE CONDITION OF THIS BOND is that if plaintiff shall (insert condition),
then this bond is void; otherwise it remains in force.
 SIGNED AND SEALED on ____________, 19__
Approved on ____________, 19__
 _______________________ (SEAL)
 As Principal
 (Surety's Nname)
 By ______________________________
 As Attorney in Fact
 As Surety
Approved on _______________, 19__
(Name of Clerk)
As Clerk of the Court
By _________________________
As Deputy Clerk
 Committee Notes
 1992 Amendment. The "Approved on ______________, 19__" line is moved to a
location immediately above the clerk's name.
FORM 1.961. VARIOUS BOND CONDITIONS
 The following conditions are to be inserted in the second paragraph of
Fform 1.960 in the blank provided for the condition of the bond. Other
proper conditions must be inserted for other types of bonds.
 (a) Attachment, Garnishment, and Distress.
 ... pay all costs and damages that defendant sustains in consequence of
plaintiff improperly suing out (type of writ) in this action ...
 NOTE: The condition of an attachment bond in aid of foreclosure when the
holder of the property is unknown is different from the foregoing condition.
See Ssection 76.12, Florida Statutes.
 (b) Costs.
 ... pay all costs and charges that are adjudged against plaintiff in
this action ...
 (c) Replevin.
 ... prosecute this action to effect and without delay, and if defendant
recovers judgment against plaintiff in this action, plaintiff shall return
the property replevied, if return of it is adjudged, and shall pay
defendant all money recovered against plaintiff by defendant in this action
...
FORM 1.965. DEFENSE. STATUTE OF LIMITATIONS
 Each cause of action, claim, and item of damages did not accrue within the
time prescribed by law for them before this action was brought.
FORM 1.968. DEFENSE. FAILURE OF CONSIDERATION
 The sole consideration for the execution and delivery of the promissory
note described in paragraph ______ of the complaint was plaintiff's promise
to loan lend defendant $1,000; plaintiff failed to loan lend the sum to
defendant.
 NOTE: This form is for failure to complete the loan evidenced by a
promissory note. The contract, consideration, and default of the plaintiff
must be varied to meet the facts of each case.
FORM 1.969. DEFENSE. STATUTE OF FRAUDS
 The agreement alleged in the complaint was not in writing and signed by
defendant or by some other person authorized by him defendant and was to
answer for the debt, default, or miscarriage of another person.
*1204
 NOTE: This form is for one of the cases covered by the Statute of Frauds.
 It must be varied to meet the facts of other cases falling
 within the statute.
FORM 1.971. DEFENSE. MOTOR VEHICLE CONTRIBUTORY NEGLIGENCE
 Plaintiff's negligence contributed to the accident and his/her injury and
damages because he/she negligently operated or maintained the motor vehicle
in which he/she was riding so that it collided with defendant's motor
vehicle.
FORM 1.972. DEFENSE. ASSUMPTION OF RISK
 Plaintiff knew of the existence of the danger complained of in the
complaint, realized and appreciated the possibility of injury as a result of
the danger, and, having a reasonable opportunity to avoid it,
voluntarily exposed himself/herself to the danger.
 Committee Notes
 1980 Amendment. This form is amended to show the substantive changes
caused by the substitution of the doctrine of comparative negligence for
contributory negligence. The form is paraphrased from Standard Jury
Instruction 3.8.
FORM 1.975. FINANCIAL STATEMENT FOR DISSOLUTION OF MARRIAGE (DIVORCE)
 IN THE CIRCUIT COURT OF THE
 ________ JUDICIAL CIRCUIT
 IN AND FOR _______________ COUNTY, FLORIDA
IN RE: The Marriage of:)
 )
 Husband, )
 ) Case No. _____________
and ) Division:
 )
 Wife. )
_______________________)
 FINANCIAL AFFIDAVIT
STATE OF FLORIDA
COUNTY OF ____________________
 BEFORE ME, this day personally appeared ____________, who being duly
sworn, deposes and says that the following information is true and correct
according to his/her best knowledge and belief:
ITEM 1: EMPLOYMENT AND INCOME
OCCUPATION: ____________________________________
EMPLOYED BY: ____________________________________
ADDRESS: ____________________________________
 ____________________________________
SOC. SEC. #: ____________________________________
PAY PERIOD: ____________________________________
RATE OF PAY: ____________________________________
AVERAGE GROSS MONTHLY INCOME FROM EMPLOYMENT $ _______
Bonuses, commissions, allowances, overtime, tips, and similar
 payments $ _______
Business income from sources such as self-employment, partnership, close
 corporations, and/or independent contracts (gross receipts minus ordinary
 and necessary expenses required to produce income) ________
Disability benefits ________
Workers' compensation ________
Unemployment compensation ________
Pension, retirement, or annuity payments ________
Social Security benefits ________
Spousal support received from previous marriage ________
Interest and dividends ________
Rental income (gross receipts minus ordinary and necessary expenses
 required to produce income) ________
Income from royalties, trusts, or estates ________
*1205
Reimbursed expenses and in kind payments to the extent that they reduce
 personal living expenses ________
Gains derived from dealing in property (not including non-recurring
 gains) ________
Itemize any other income of a recurring nature ________
TOTAL MONTHLY INCOME $ _______
LESS DEDUCTIONS:
Federal, state, and local income taxes (corrected for
 filing status and actual number of withholding
 allowances) $ ______
FICA or self-employment tax (annualized) _______
Mandatory union dues _______
Mandatory retirement _______
Health insurance payments _______
Court-ordered support payments for the children actually
 paid _______
TOTAL DEDUCTIONS $ _______
ITEM 2: AVERAGE MONTHLY EXPENSES
HOUSEHOLD:
Mtortgage. or rent payments _______
Property taxes & and insurance _______
Electricity _______
Water, garbage, & and sewer _______
Telephone _______
Fuel oil or natural gas _______
Repairs and maintenance _______
Lawn and pool care _______
Pest control _______
Misc. household _______
Food and grocery items _______
Meals outside home _______
Other: _______
_______________________________ _______
AUTOMOBILE:
Gasoline and oil _______
Repairs _______
Auto tags and license _______
Insurance _______
Other: _______
_______________________________ _______
_______________________________ _______
CHILDREN'S EXPENSES:
Nursery or babysitting _______
School tuition _______
School supplies _______
Lunch money _______
Allowance _______
Clothing _______
Medical, dental, prescription _______
Vitamins _______
Barber/beauty parlor _______
Cosmetics/toiletries _______
Gifts for special holidays _______
Other expenses: _______
_______________________________ _______
_______________________________ _______
INSURANCES:
Health _______
Life _______
*1206
Other insurance:
_______________________________ _______
_______________________________ _______
_______________________________ _______
OTHER EXPENSES NOT LISTED ABOVE:
Dry cleaning and laundry _______
Affiant's clothing _______
Affiant's medical, dental, prescription _______
Affiant's beauty parlor _______
Affiant's gifts (special holidays) _______
Pets:
 Grooming _______
 Veterinarian _______
Membership dues:
 Professional dues _______
 Social dues _______
Entertainment _______
Vacations _______
Publications _______
Religious organizations _______
Charities _______
Miscellaneous _______
OTHER EXPENSESther:
_______________________________ _______
_______________________________ _______
_______________________________ _______
_______________________________ _______
TOTAL ABOVE EXPENSES: _______
PAYMENTS TO CREDITORS:
TO WHOM: BALANCE DUE: MONTHLY PAYMENT:
________________ ___________ _______
________________ ___________ _______
________________ ___________ _______
________________ ___________ _______
________________ ___________ _______
________________ ___________ _______
________________ ___________ _______
________________ ___________ _______
 Total monthly payments to creditors: $ ______
 TOTAL MONTHLY EXPENSES: $ ______
FINANCIAL AFFIDAVIT
ITEM 3: ASSETS (Ownership: if joint, allocate equally)
Description Value Husband Wife
Cash (on hand or in banks) ________ _______ _______
Stocks/bonds/notes ________ _______ _______
Real estate:
 Home: ________ _______ _______
____________________________________ ________ _______ _______
____________________________________ ________ _______ _______
____________________________________ ________ _______ _______
Automobiles:
____________________________________ ________ _______ _______
____________________________________ ________ _______ _______
____________________________________ ________ _______ _______
Other personal property:
 Contents of home ________ _______ _______
*1207
 Jewelry ________ _______ _______
 Life ins./cash surrender value ________ _______ _______
Other assets:
____________________________________ ________ _______ _______
____________________________________ ________ _______ _______
____________________________________ ________ _______ _______
TOTAL ASSETS: $ _______ $ ______ $ ______
ITEM 4: LIABILITIES
Creditor Security Balance Husband Wife
____________________________________ ________ ________ _______
____________________________________ ________ ________ _______
____________________________________ ________ ________ _______
____________________________________ ________ ________ _______
____________________________________ ________ ________ _______
TOTAL LIABILITIES $ _______ $ _______ $ ______
 ___________________________
 Affiant
SWORN TO and subscribed AND SUBSCRIBED before me on ____________, 19__
 ___________________________
 NOTARY PUBLIC
 My Commission Expires:
 CERTIFICATE OF SERVICE
 I HEREBY CERTIFY that a true and correct copy of the above financial
affidavit has been furnished by U.S. Mmail this ______ day of __________,
19__, to:
___________________________
 ____________________________
FORM 1.976. STANDARD INTERROGATORIES
 The forms of Florida standard interrogatories approved by the Ssupreme
Ccourt shall be used in the actions to which they apply, subject to the
requirements of Rrule 1.340.
FORM 1.982. CONTEMPT NOTICE
 MOTION AND NOTICE OF HEARING
TO: (Nname of Aattorney for party, or party if not represented)
 YOU ARE NOTIFIED that plaintiff will apply to Tthe Honorable
_______________, Circuit Judge, on _____________, 19__, at _____
Mm., in the _____________ County Courthouse at _____________,
Florida, for an order adjudging (defendant's name) in contempt of court for
violation of the terms of the order or judgment entered by this court on
______________, 19__, by failing to pay the alimony awarded thereby to
(plaintiff's name) that was due on _______________, 19__, and I certify that
a copy hereof has been furnished to ___________________ by mail
on ______________, 19__
 NOTE: If the violation is of another nature, the particular violation
must be inserted instead of failure to pay alimony. A separate motion is
unnecessary.
FORM 1.983. PROSPECTIVE JUROR QUESTIONNAIRE
 QUESTIONNAIRE FOR PROSPECTIVE JURORS
 1. Name (Pprint) _________________________________________________________
 (Ffirst) (Mmiddle) (Llast)
 2. Residence address _____________________________________________________
 (Sstreet & and Nnumber)
 _______________________________________________________________________
 (Ccity) (Zzip)
 3. Date of Bbirth ________________________________________________________
 Sex _______________ Occupation ______________________________________
 4. Do you understand the English language?
 __________ _________
 (yes) (no)
*1208
 5. Do you read and write the English language?
 __________ _________
 (yes) (no)
 6. Have you ever been convicted of a crime and not restored to your civil
 rights?
 __________ _________
 (yes) (no)
 If "yes," state nature of crime, date of conviction, and name of court
in which convicted: ________________________________________________________
____________________________________________________________________________
 7. Are there any criminal charges pending against you of which you are
 aware?
 __________ _________
 (yes) (no)
 If "yes," state nature of charge and name of court in which the case is
pending: ___________________________________________________________________
____________________________________________________________________________
 8. Are you a bonded deputy sheriff?
 __________ _________
 (yes) (no)
 9. List any official executive office you now hold with the federal,
 state, or county government:
 __________________________________________________________________________
 10. Is your hearing good? __________ __________
 (yes) (no)
 Is your eyesight good? __________ __________
 (yes) (no)
 (The court may require a medical certificate.)
 11. Do you have any other physical or mental disability that would
 interfere with your service as a juror?
 ___________ _________
 (yes) (no)
 If "yes," state nature: ______________________________________________
 (The court may require a medical certificate.)
 12. Do you know of any reason why you cannot serve as a juror?
 ___________ _________
 (yes) (no)
 If "yes," state reason: ______________________________________________
 13. MOTHERS AND EXPECTANT MOTHERS ONLY: Florida law provides that
 expectant mothers and mothers with children under eighteen 18 years
 of age residing with them shall be exempt from jury duty upon their
 request. Do you want to be exempt under this provision?
 _________ _________
 (yes) (no)
 If "yes," what are the ages of your children?
 __________________________________________________________________________
 __________________________
 Signature
 This is not a summons for jury duty. If your name is later drawn for
jury service, you will be summoned by the sheriff by registered mail or in
person.
*1209
 NOTE: This form does not use a caption as shown in Fform 1.901. It may be
headed with the designation of the jury-selecting authority such as "Board
of County Commissioners of Leon County, Florida," or "Pinellas County Jury
Commission."
FORM 1.984. JUROR VOIR DIRE QUESTIONNAIRE
 JURY QUESTIONNAIRE
 Instructions to Jurors
 You have been selected as a prospective juror. It will aid the court and
help shorten the trial of cases if you will answer the questions on this
form and return it in the enclosed self-addressed stamped envelope within
the next two 2 days. Please complete the form in blue or black ink and
write as dark and legibly as you can.
 1. Name (print) ___________________________________________________________
 F(first) Second, (or initial) (middle) L(last)
 2. Home Residence Aaddress ________________________________________________
 3. Years of Rresidence: In Florida _________________
 In Tthis Ccounty ___________
 4. Former Rresidence ______________________________________________________
 5. Marital Sstatus: (Mmarried, Ssingle, Ddivorced, Wwidow, or Wwidower) ___
 6. Your Ooccupation and Eemployer _________________________________________
 7. If you are not now employed, give your last occupation and employer ____
 8. If married, name and occupation of husband or wife _____________________
 9. Have you served as a juror before? _____________________________________
10. Have you or any member of your immediate family been a party to any
lawsuit? ____________ If so, when and in what court? _______________________
11. Are you either a close friend of or related to any law enforcement
officer? ___________________________________________________________________
12. Has a claim for personal injuries ever been made against you or any
member of your family? _____________________________________________________
13. Have you or any member of your family ever made any claim for personal
injuries? __________________________________________________________________
 ____________________________
 Juror's Signature
 NOTE: This form does not have a caption as shown in Fform 1.901, but
should be headed with the name of the court summoning the juror.
FORM 1.985. STANDARD JURY INSTRUCTIONS
 The forms of Florida Standard Jury Instructions published by The Florida
Bar pursuant to authority of the Ssupreme Ccourt may be used by the trial
judges of this state in charging the jury in civil actions to the extent
that the forms are applicable, unless the trial judge determines that an
applicable form of instruction is erroneous or inadequate. In that event he
the trial judge shall modify the form or give such other instruction as he
the judge determines necessary to accurately and sufficiently instruct the
jury in the circumstances of the action. In that event the trial judge shall
state on the record or in a separate order the manner in which he the judge
finds the standard form erroneous or inadequate and the legal basis of his
that finding. Similarly, in all circumstances in which the notes
accompanying the Florida Standard Jury Instructions contain a recommendation
that a certain type of instruction not be given, the trial judge may follow
the recommendation unless he the judge determines that the giving of such
an instruction is necessary to accurately and sufficiently instruct the
jury, in which event he the judge shall give such instruction as he the
judge deems appropriate and necessary. In that event the trial judge shall
state on the record or on a separate order the legal basis of his the
determination that such instruction is necessary.
FORM 1.986. VERDICTS
 (a) For Plaintiff.: Damages.
 VERDICT
 WE, the jury, find for plaintiff and assess his/her damages at $ ________
 DATED on _______________, 19__
 ______________________
 as Foremanperson
*1210
 (b) For Defendant.: General Form.
 VERDICT
 WE, the jury, find for defendant.
 DATED on ______________, 19__
 ______________________
 as Foremanperson
FORM 1.988. JUDGMENT AFTER DEFAULT
 (a) General Form. This form is the general form for a judgment after
default, not including recovery for prejudgment interest and attorney's'
fees:
 FINAL JUDGMENT
 This action was heard after entry of default against defendant and
 IT IS ADJUDGED that plaintiff, ___________________, recover from
defendant, _______________, the sum of $ ________ with costs in the sum of
$ _______________, that shall bear interest at the rate of _____% a year for
which let execution issue.
 ORDERED in at _________________, Florida, on ________, 19__
 ______________________________
 Judge
 (b) Form with Interest and Fees. This form is for judgment after default
including prejudgment interest and attorney's' fees recovered:
 FINAL JUDGMENT
 This action was heard after entry of default against defendant and
 IT IS ADJUDGED that plaintiff, __________________, recover from defendant,
__________________, the sum of $ ________ on principal, $ ________ for
interest, $ ________ for attorney's' fees with costs in the sum of $ ______,
making a subtotal of $ ________, that shall bear interest at the rate of
_____% a year and in addition the plaintiff shall recover prejudgment
interest of $ _____, for which let execution issue.
 ORDERED in at ________________, Florida, on _________, 19__
 __________________________
 Judge
 Committee Notes
 1980 Adoption. This form is new.
FORM 1.989. JUDGMENT DISMISSING FOR LACK OF PROSECUTION
 (a) Judgment When Motion Filed Bby Aa Party.
 FINAL JUDGMENT OF DISMISSAL
 This action was heard on the motion to dismiss for lack of prosecution of
defendant, ________________ The court finds that it does not affirmatively
appear from filing of pleadings, order of court, or otherwise for a period
of one 1 year before serving the motion that the action is being prosecuted,
so
 IT IS ADJUDGED that this action is dismissed for lack of prosecution, that
plaintiff, _________________, takes nothing by this action and that
defendant, _________________, shall go hence without day.
 ORDERED at _____________, Florida, on ___________, 19__
 _________________________________
 Judge
 (b) Judgment Oon Court's Motion.
 MOTION, NOTICE, AND JUDGMENT OF DISMISSAL
 The court finds that it does not affirmatively appear from filing of
pleadings, order of court, or otherwise for a period of one 1 year that
this action is being prosecuted, so
 IT IS ADJUDGED as follows:
*1211
 1. Good cause shall be shown why the action should not be dismissed for
lack of prosecution at least five 5 days before the hearing set in
paragraph 3.
 2. The showing of good cause shall be in writing and filed in the action.
 3. If a showing of good cause is filed as provided in paragraph 2, a
hearing on the question shall be held on ____________, 19__, at ____________
before Tthe Honorable ________________, in his/her chambers at the _________
County Courthouse in ___________________, Florida.
 4. If no showing of good cause is filed within the time specified in
paragraph 1, this action shall stand dismissed for lack of prosecution
without further order of court on the date specified in paragraph 3 and
plaintiff, _____________, shall take nothing by this action and defendant,
__________________, shall go hence without day.
 ORDERED at ________________, Florida, on ______________, 19__
 ___________________________
 Judge
 NOTE: This form accommodates those courts that dismiss on their own
motion. It is optional and the court may follow the procedure of sending a
motion and notice of hearing that is not self-executing.
FORM 1.990. FINAL JUDGMENT FOR PLAINTIFF. JURY ACTION FOR DAMAGES
 FINAL JUDGMENT
 Pursuant to the verdict rendered in this action
 IT IS ADJUDGED that plaintiff, _________________, recover from defendant,
_______________, the sum of $ ______ with costs in the sum of $ _______,
making a total of $ ______, that shall bear interest at the rate of _____%
a year for which let execution issue.
 ORDERED in at _______________, Florida, on ____________, 19__
 ___________________________
 Judge
FORM 1.991. FINAL JUDGMENT FOR DEFENDANT. JURY ACTION FOR DAMAGES
 FINAL JUDGMENT
 Pursuant to the verdict rendered in this action
 IT IS ADJUDGED that plaintiff, _________________, take nothing by this
action and that defendant, _________________, shall go hence without day
and recover costs from plaintiff in the sum of $ ________ that shall bear
interest at the rate of _____% a year for which let execution issue.
 ORDERED in at ___________________, Florida, on ____________, 19__
 _____________________________
 Judge
1.994. FINAL JUDGMENT FOR DEFENDANT. GENERAL FORM. NON-JURY
 FINAL JUDGMENT
 This action was tried before the court. On the evidence presented
 IT IS ADJUDGED that plaintiff, _______________, take nothing by this
action and that defendant, ________________, shall go hence without day and
recover costs from plaintiff in the sum of $ _________ that shall bear
interest at the rate of ____% a year for which let execution issue.
 ORDERED in at _______________, Florida, on ____________, 19__
 ___________________________
 Judge
 NOTE: Findings of fact can be inserted after "presented" if desired.
*1212
FORM 1.995(a). FINAL JUDGMENT DISSOLVING MARRIAGE
 (a) General Form.
 FINAL JUDGMENT
 This action was heard before the court. On the evidence presented
 IT IS ADJUDGED that:
 1. The bonds of marriage between petitioner, A.B., and respondent, C.D.,
are dissolved.
 2. The separation agreement between the parties, introduced in evidence
and marked petitioner's exhibit 1, was executed voluntarily after full
disclosure, and is in the best interests of the parties, and is approved
and incorporated in this judgment by reference and the parties are ordered
to comply with it.
 3. Petitioner's former name is restored and she shall be known as
____________________ hereafter.
 4. The custody of the minor child of the parties, _____________, born on
_____________, 19__, is granted to petitioner. Respondent shall have the
right to visit the child __________________ at reasonable times and places
after reasonable notice to petitioner.
 5. Respondent shall pay $ ____ a week, beginning ____________, 19__, to
petitioner as alimony that shall terminate on the death or remarriage of
petitioner.
 6. Respondent shall pay $ ________ a week, beginning ___________, 19__, to
petitioner as child support, the sum being allocated equally between the
children, that shall terminate for each child when the child reaches 18
years of age, becomes self-supporting, marries, or dies.
 7. Petitioner's attorney's' fees are set at $ _____, which shall be paid
to _____________, and her court costs are taxed at $ _____, both of which
respondent shall pay within ______ days.
 ORDERED in at __________________, Florida, on ___________, 19__
 ___________________________
 Judge
 NOTE: Paragraphs 2, 3, 4, 5, 6, and 7 are various alternatives and should
be used as the circumstances require. Ordinarily, paragraph 2 or paragraphs
4, 5, 6, and 7 will be used, depending on the situation. The form is
designed as a judgment in favor of the petitioner wife and if the husband
is petitioner or the decision of the court is not in favor of the
petitioner wife, the form must be varied to meet these circumstances.
Paragraph 4 must be varied if the custody is split or visitation rights are
specifically adjudicated. Paragraphs 5 and 6 must be varied in accordance
with the factual situation. Material portions of any property settlement
should be included in the final judgment.
 Committee Notes
 1980 Amendment. The form is amended to substitute "former" for "maiden" in
paragraph 3, to add a provision for the birthdate of the minor child in
paragraph 4 and to separate alimony and child support provisions into
separate paragraphs with automatic termination provisions for each, to
specifically provide who is to receive the attorney's fee award, and to
make other editorial changes.
FORM 1.995(b). FINAL JUDGMENT DISSOLVING MARRIAGE UNDER SIMPLIFIED
DISSOLUTION PROCEDURE
 (b) Under Simplified Dissolution Procedure.
 FINAL JUDGMENT
 This action came before the Ccourt upon the petition of the parties for
dissolution of their marriage. Upon consideration thereof,
 IT IS ADJUDGED that the bonds of marriage between Husband, A.B., and Wife,
C.D., are dissolved.
 (If applicable) IT IS FURTHER ADJUDGED that the Wife's former name is
restored and she shall hereafter be known as ___________________
 (If applicable) IT IS FURTHER ADJUDGED that the property settlement
agreement filed in this proceeding as Exhibit ____ was executed voluntarily
after full disclosure and is approved and incorporated in this judgment by
reference, and the parties are ordered to comply with it.
*1213
 ORDERED at _______________, Florida, on this _____ day of __________, 19__
 ___________________________
 CIRCUIT JUDGE Circuit Judge
 (NOTE: This final judgment is subject to the provisions of Fla. Stat.
(1983) § 61.19 section 61.16, Florida Statutes (1983), which relates to a
required 20-day waiting period.)
 Committee Notes
 1980 Amendment. Form (a) is amended to substitute "former" for "maiden" in
paragraph 3, to add a provision for the birthdate of the minor child in
paragraph 4, to separate alimony and child support provisions into separate
paragraphs with automatic termination provisions for each, to specifically
provide who is to receive the attorneys' fee award, and to make other
editorial changes.
FORM 1.996. FINAL JUDGMENT OF FORECLOSURE
 FINAL JUDGMENT
 This action was tried before the court. On the evidence presented
 IT IS ADJUDGED THAT:
 1. Plaintiff, _________________, is due ____________ as principal,
$ ______ as interest to date of this judgment, $ _____ for title search
expense, $ ______ for taxes, $ _____ for insurance premiums, $ _____ for
attorney's' fees, with $ _____ for court
costs now taxed, less $ _____ for undisbursed escrow funds and less $ _____
for unearned insurance premiums, under the note and mortgage sued on in
this action, making a total sum of $ _____, that shall bear
interest at the rate of ____% a year.
 2. Plaintiff holds a lien for the total sum superior to any claim or
estate of defendant, _______________, on the following described property
in ______________ County, Florida:
 (describe property)
 3. If the total sum with interest at the rate described in paragraph 1
and all costs accrued subsequent to this judgment are not paid, the clerk
of this court shall sell the property at public sale on _______________,
19__, between 11:00 a.m. and 2:00 p.m. to the highest bidder for cash,
except as prescribed in paragraph 4, at the _______ door of the courthouse
in ___________________ County in __________________, Florida, in accordance
with section 45.031, Florida Statutes.
 4. Plaintiff shall advance all subsequent costs of this action and shall
be reimbursed for them by the clerk if plaintiff is not the purchaser of
the property for sale. If plaintiff is the purchaser, the clerk shall
credit plaintiff's bid with the total sum with interest and cost accruing
subsequent to this judgment, or such part of it, as is necessary to pay the
bid in full.
 5. On filing the certificate of title the clerk shall distribute the
proceeds of the sale, so far as they are sufficient, by paying: first, all
of plaintiff's costs; second, documentary stamps affixed to the certificate;
third, plaintiff's attorney's' fees; fourth, the total sum due to plaintiff,
less the items paid, plus interest at the rate prescribed in paragraph 1
from this date to the date of the sale; and by retaining any remaining
amount pending the further order of this court.
 6. On filing the certificate of title defendant and all persons claiming
under or against him defendant since the filing of the notice of lis
pendens shall be foreclosed of all estate or claim in the property and the
purchaser at the sale shall be let into possession of the property.
 7. Jurisdiction of this action is retained to enter further orders that
are proper including, without limitation, writs of possession and deficiency
judgment.
 ORDERED in at ____________________, Florida, on ______________, 19__
 _________________________
 Judge
 NOTE: Paragraph 1 must be varied in accordance with the items unpaid,
claimed, and proven. The form does not provide for an adjudication of
junior lienors' claims nor for redemption by the United States of America if
it is a defendant.
*1214
 Committee Notes
 1980 Amendment. The reference to writs of assistance in paragraph 7 is
changed to writs of possession to comply with the consolidation of the two
2 writs.

STANDARD INTERROGATORIES FORMS
FORM 1. GENERAL PERSONAL INJURY NEGLIGENCE  INTERROGATORIES TO PLAINTIFF
(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)
1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?
2. List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten 10 years.
3. List all former names and when you were known by those names. State all addresses where you have lived for the past ten 10 years, the dates you lived at each address, your sSocial sSecurity number, your date of birth, and, if you are or have ever been married, the name of your spouse or spouses.
4. Do you wear glasses, contact lenses, or hearing aids? If so, who prescribed them;, when were they prescribed;, when were your eyes or ears last examined;, and what is the name and address of the examiner?
5. Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction, the specific crime, and the date and the place of conviction.
6. Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?
7. Did you consume any alcoholic beverages or take any drugs or medications within twelve 12 hours before the time of the incident described in the complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.
8. Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.
9. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.
10. Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint? If so, what was the nature of the charge; what plea, or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding this charge, and, if so, what is the name and address of the person or entity that prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what was is the name and address of the person who recorded the testimony?
11. Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.
12. List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid *1215 or is owed, and the goods or services for which each was incurred.
13. Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.
14. Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.
15. List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.
16. List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past ten 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.
17. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.
18. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.
19. State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, video tape videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.
20. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.
21. Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.
22. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.
FORM 2. GENERAL PERSONAL INJURY NEGLIGENCE  INTERROGATORIES TO DEFENDANT
(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)
1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?
2. List all former names and when you were known by those names. State all addresses where you have lived for the past ten 10 years, the dates you lived at each address, your sSocial sSecurity number, and your date of birth.
*1216 3. Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction, the specific crime, and the date and the place of conviction.
4. Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies: the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.
5. Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.
6. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.
7. State the facts upon which you rely for each affirmative defense in your answer.
8. Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.
9. Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint? If so, what was the nature of the charge; what plea, or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what was is the name and address of the person who recorded the testimony?
10. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.
11. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.
12. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, video tape videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.
13. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.
14. Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.
15. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or *1217 defendant, the nature of the action, and the date and court in which such suit was filed.
FORM 3. MEDICAL MALPRACTICE  INTERROGATORIES TO PLAINTIFF
(These interrogatories should be used in conjunction with the General Personal Injury Negligence Interrogatories to Plaintiff.)
23. Do you contend that you have experienced any injury or illness as a result of any negligence of this defendant? If so, state the date that each such injury occurred, a description of how the injury was caused, and the exact nature of each such injury.
24. What condition, symptom, or illness caused you to obtain medical care and treatment from this defendant?
25. Do you claim this defendant neglected to inform or instruct or warn you of any risk relating to your condition, care, or treatment? If so, state of what, in your opinion, the defendant failed to inform, instruct, or warn you.
26. If you contend that you were not properly informed by this defendant regarding the risk of the treatment or the procedure performed, state what alternative treatment or procedure, if any, you would have undergone had you been properly informed.
27. State the date and place and a description of each complaint for which you contend the defendant refused to attend or treat you.
28. State the date you became aware of the injuries sued on in this action, and describe in detail the circumstances under which you became aware of each such injury; state the date you became aware that the injuries sued on in this action were caused or may have been caused by medical negligence; and describe in detail the circumstances under which you became aware of the cause of said injuries.
29. State the name and address of every person or organization to whom you have given notice of the occurrence sued on in this case because you, your agents, or your attorneys believe that person or organization may be liable in whole or in part to you.
FORM 4. MEDICAL MALPRACTICE  INTERROGATORIES TO DEFENDANT
(These interrogatories should be used in conjunction with the General Personal Injury Negligence Interrogatories to Defendant.)
NOTE: When the word "Plaintiff" is mentioned, these interrogatories are directed to be answered regarding (name of plaintiff/patient).
16. Please give us your entire educational background, starting with your college education and chronologically indicating by date and place each school, college, course of study, title of seminars, length of study, and honors received by you up to the present time, including internships, residencies, degrees received, licenses earned or revoked, medical specialty training, board memberships, authorship of any books, articles, or texts, including the names of those writings and their location in medical journals, awards or honors received, and continuing medical education.
17. Please give us your entire professional background up to the present time, including dates of employment or association, the names of all physicians with whom you have practiced, the form of employment or business relationship such as whether by partnership, corporation, or sole proprietorship, and the dates of the relationships, including hospital staff privileges and positions, and teaching experience.
18. With respect to your office library or usual place of work, give us the name, author, name of publisher, and date of publication of every medical book or article, journal, or medical text, to which you had access, which deals with the overall subject matter described in paragraph ([whatever paragraph number that concerns negligence)] of the complaint. (In lieu of answering this interrogatory you may allow plaintiff's counsel to inspect your library at a reasonable time.)
19. If you believe there was any risk to the treatment you rendered to the plaintiff, state the nature of all risks, including whether the risks were communicated to *1218 the plaintiff; when, where, and in what manner they were communicated; and whether any of the risks in fact occurred.
20. Tell us your experience in giving the kind of treatment or examination that you rendered to the plaintiff before it was given to the plaintiff, giving us such information as the approximate number of times you have given similar treatment or examinations, where the prior treatment or examinations took place, and the successful or unsuccessful nature of the outcome of that treatment or those examinations.
21. Please identify, with sufficient particularity to formulate the basis of a request to produce, all medical records of any kind of which you are aware which deal with the medical treatment or examinations furnished to the plaintiff at any time, whether by you or another person or persons.
22. Please state whether any claim for medical malpractice has ever been made against you alleging facts relating to the same or similar subject matter as this lawsuit, and, if so, state as to each such claim the names of the parties, the claim number, the date of the alleged incident, the ultimate disposition of the claim, and the name of your attorney, if any.
FORM 5. AUTOMOBILE NEGLIGENCE  INTERROGATORIES TO PLAINTIFF
(These interrogatories should be used in conjunction with the General Personal Injury Negligence Interrogatories to Plaintiff.)
23. At the time of the incident described in the complaint, were you wearing a seat belt? If not, please state why not; where you were seated in the vehicle; and whether the vehicle was equipped with a seat belt that was operational and available for your use.
24. Did any mechanical defect in the motor vehicle in which you were riding at the time of the incident described in the complaint contribute to the incident? If so, describe the nature of the defect and how it contributed to the incident.
FORM 6. AUTOMOBILE NEGLIGENCE  INTERROGATORIES TO DEFENDANT
(These interrogatories should be used in conjunction with the General Personal Injury Negligence Interrogatories to Defendant.)
16. Do you wear glasses, contact lenses, or hearing aids? If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?
17. Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?
18. Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.
19. Did any mechanical defect in the motor vehicle in which you were riding at the time of the incident described in the complaint contribute to the incident? If so, describe the nature of the defect and how it contributed to the incident.
20. List the name and address of all persons, corporations, or entities who were registered title owners or who had ownership interest in, or right to control, the motor vehicle that the defendant driver was driving at the time of the incident described in the complaint,; and describe both the nature of the ownership interest or right to control the vehicle, and the vehicle itself, including the make, model, year, and vehicle identification number.
21. At the time of the incident described in the complaint, did the driver of the vehicle described in your answer to the preceding interrogatory have permission to drive the vehicle? If so, state the names and addresses of all persons who have such permission.
*1219 22. At the time of the incident described in the complaint, was the defendant driver engaged in any mission or activity for any other person or entity, including any employer? If so, state the name and address of that person or entity and the nature of the mission or activity.
23. Was the motor vehicle that the defendant driver was driving at the time of the incident described in the complaint damaged in the incident, and, if so, what was the cost to repair the damage?
FORM 7. MARRIAGE DISSOLUTION  INTERROGATORIES TO PARTY
1. Employment.
a. State the names and addresses of your present employers for the past 5 years (indicating your present employer), and describe your position and duties for each position. (If you have not been employed in the last 5 years, answer paragraphs a, b, c, and d as per your last employer.)
b. State the commencement of your present employment your Social Security number and date of birth.
c. Describe your position or job. State whether you have been engaged in any business, commercial, or professional activity within the past 5 years, and if so, state the names and addresses of such activities (including active or passive investment activity). For each, list the names and addresses of all other individuals and entities having an interest in such business.
d. State the names and addresses of your employers for the past three years. Do you receive any benefits (perks) from your employment, including but not limited to: use of an automobile or automobile allowance; health, life, or other insurance; expense accounts; telephone expenses; reimbursement for travel, food, or lodging; or memberships in any clubs or associations? If so, list in detail the items that you receive and the approximate amounts paid to you or for your benefit for each of the last 5 years.
e. State all of your education after high school, including but not limited to vocational or specialized training, indicating the name of the educational institution and the dates of attendance or training and listing the degrees and certificates obtained. State further the work skills you presently possess.
2. Income. (For the purpose of these questions, the definition of income shall be that as contained in section 61.30, Florida Statutes.)
a. State your gross annual earned income, from all sources whether earned, passive, or investment income, for each of the last three 5 years. This total also should reflect any revenue or capital gains you have received from any sales. Identify the sources and amounts from each source.
b. State when how often and on what days you are paid and indicate, itemizing your gross salary and wages and all deductions for each pay period your gross salary and wages, itemize the deductions from your gross salary or wages and your net salary or wages.
c. Set forth any additional compensation, or expense reimbursement, including, but not limited to, overtime, bonuses, profit sharing, insurance, expense account, automobile, or automobile allowance, which that you have received or anticipate receiving from your employer or anticipate receiving.
d. State your total annual income in each of the past three years.
e. Itemize all other income or support payments received.
3. Assets.
a. Describe by legal description and addresses all real property which you own, or in which you have an interest, setting forth the percentage of your interest in each parcel. For each parcel, state date of purchase, purchase price and present market value.
b. List the names and addresses of all persons or entities which own an interest with you in the parcels of real property described in the foregoing sub-paragraph and describe such interest.
c. List all of the items of tangible personal property, including, but not limited to, motor vehicles, furniture, boats, jewelry *1220 or art objects which are owned by you or in which you have an interest. State your estimate of value for each item.
d. List the names and addresses of the persons who own an interest with you in the items of tangible personal property described in the foregoing sub-paragraphs and describe such interest.
e. List all accounts in which you have deposited money in your name or jointly with another person within the last 12 months.
f. As to the accounts set forth in the foregoing answer, set forth the account numbers, the cash balances and the persons and their addresses who are authorized to withdraw funds in said accounts.
g. List all intangible personal property, including but not limited to, stocks, bonds and mortgages owned by you or in which you have had an interest within the last two years. State percentage of your interest and the present value of such interest.
h. List the names and addresses of persons or entities indebted to you and the nature and amount of their obligations to you.
i. List all other assets which you own, having an interest in or the use and benefit of, setting forth your interest and value thereof.
j. Describe in detail, including the cash value, all insurance policies of which you are the owner or beneficiary, including, but not limited to, health, disability and life insurance. As to each policy, list the issuing insurance company and policy number.
a. State the location (street address and legal description) of any real property in which you have an interest or which you own, use, or hold under deed, lease, or contract. For each property state: the interest you hold; the names and addresses of any other persons or entities holding any interest therein; the date of your acquisition; the purchase price; the present market value; the market value on the date of separation; and the market value on the date of filing the petition for dissolution of marriage.
b. List all of the items of tangible personal property, including but not limited to motor vehicles, furniture, airplanes, boats, jewelry, collectibles, and art objects that are owned by you or in which you have any interest, and state your estimate of the value for each item. List the names and addresses of any person or entity who owns an interest with you in the items of tangible personal property described herein, and describe such interest.
c. List all intangible personal property owned by you or in which you have had an actual, vested, or contingent interest within the last 5 years, including but not limited to: partnership and business interests, good will, stocks, bonds, receivables, choses in action, and debts owed to you by another entity or person. As to each, state the percentage of your interest; the present value of such interest; the amounts you claim are owed in the choses in action and debts; and the names and addresses of the persons or entities who are indebted to you or against whom you are claiming a chose in action.
d. List all policies of insurance that you hold, own, or have any interest in, stating as to each policy: the name of the insurance company and the agent; the number of the policy; the type of insurance; the face value of the life insurance or annuity policy; the date of acquiring the policy; the beneficiary; the cash surrender value; the loan value; and the amount and nature of any loans outstanding against the policy. If the owner is someone other than yourself, state the name and address of such person or entity.
e. State whether you are the beneficiary of any estate, trust, insurance policy, or annuity. If so, describe the nature and amount of each of these benefits and the value of the interest, indicating whether that interest is vested or contingent.
f. State whether you have established a trust, and if so, provide the date the trust was established and state the names and addresses of the trustees, the beneficiaries, and the persons who possess the trust documents. List each asset that is held in the trust, stating its present fair market value.
*1221 4. Retirement or Deferred Income Plans.
a. Are you an owner, participant, or alternate payee in any pension, profit sharing, deferred compensation, or retirement plan? If so, please state the following:
(1) A description of the type of plan, whether profit sharing, defined benefit, defined contribution, IRA, Keogh, or other.
(2) The account balance of any money held for your benefit or to which you are entitled, and your accrued monthly benefit.
(3) The location and last valuation date of said asset, the amount currently vested, and the schedule of vesting.
(4) The precise name of the plan and the name and address of the plan administrator or trustee.
(5) An itemization of any loans that you have made against the plan during the last 5 years, the outstanding balance of the loans, and the amounts of the loans.
5. Financial Account Information.
a. List all accounts, including checking, money market, brokerage, or any other investments that you have had any legal or equitable interest in, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, within the last 5 years. Give the name and address of each institution, the name in which each account is or was maintained, the account numbers, and the names of each person authorized to make withdrawals from the accounts. State the present balance in each account, giving the largest balance during the last 12 months.
b. State whether, during the past 5 years, you have prepared any financial statements, loan applications, or lists of your assets and liabilities. If so, for each document state: the date of preparation; the purpose for which the document was prepared; the name and address of the person or firm who prepared the document; and the names and addresses of any persons or financial institutions to whom the statements, applications, or lists were presented.
c. State the names, addresses, and telephone numbers of your accountant and any other persons who possess your financial records, and as to each state which records they possess.
d. State the location of all safes, vaults, or other similar depositories in which you maintained property at any time during the period commencing 1 year before the initiation of the action pending before this court until the date of furnishing answers to this interrogatory. State the names and addresses of all banks or other depositories where you had a safe deposit box; where you were a signatory or co-signatory on a safe deposit box; where you have access to a safe deposit box; or where you maintained property in a safe deposit box at any time during the period commencing 1 year before the initiation of the action before this court until the date of your answering this interrogatory. Provide the name and address of each other person who has had access to any such depository during the same time period. List any items removed from any depository by you or your agent during that time, together with the present location and fair market value of each item.
46. Liabilities.
a. List all of your liabilities, debts, and other obligations, indicating for each: whether it is secured or unsecured, and, if secured, the nature of the security, setting forth the payment schedule as to each and the name and address of each creditor, the name and address of the creditor; the nature of the security, if any; the payment schedule; the current status of your payments; and the total amount of arrearage, if any.
b. List all credit cards issued to you. Give the balance owed and present minimum monthly payment owed to each of such credit card companies and the account number for each account. charge accounts and credit cards upon which you are a signatory, which you use, or which are issued to you. For each account listed give the account number, the current status of your payments, the balance presently owed, and the minimum monthly payments.
*1222 c. As to each creditor, set forth the current status of your payments and total amount of arrearage, if any.
57. Living Expenses.
a. Attach a completed Financial Statement, in accordance with Rule 1.611, Fla. R.Civ.P. See Form 1.975, Fla.R.Civ.P.
b. State the amount of money contributed monthly, directly or indirectly, for the support of your spouse or other dependents for the past year next preceding the answers to these interrogatories. Complete the attached financial affidavit and, if applicable, the attached child support worksheet.
68. Miscellaneous.
a. State your full name, current address, date of birth and social security number. List all other assets that you own, have an interest in, or have the use or benefit of, setting forth for each your interest in the asset and its value. For each, set forth the date of your acquisition, receipt, or inheritance, or the date of your first being given use or benefit; the party from whom it was received; the value on the date of your acquisition or use; the value on the date of marriage; the value on the date of the filing of the petition for dissolution of marriage; and the present value.
b. State the condition of your health and the name and address of all health care providers who have examined or treated you within the last 12 months. State the same information for each child, if any. If you are claiming a special equity in any assets, list the asset, the amount claimed as special equity, and all facts upon which you rely in your claim.
c. If the mental or physical condition of a spouse or child is an issue, identify the person and state the name and address of all health care providers involved in the treatment of that person.
NOTES
[1] We have jurisdiction pursuant to article V, section 2(a), Florida Constitution.
[1a] E.g., "Order Denying Plaintiff's Motion for Summary Judgment," "Defendant's Motion to Compel," "Order Denying Defendant's Motion to Dismiss," "Final Judgment for Plaintiff," etc.